1  CDF LABOR LAW LLP
 Dan M. Forman, State Bar No. 155811
2   dforman@cdflaborlaw.com
 Amy S. Williams, State Bar No. 228853
3   awilliams@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
4  Los Angeles, CA 90017
Telephone: (213) 612-6300
5
Attorneys for Plaintiff
6  PERRIN BERNARD SUPOWITZ, LLC, a
California LLC dba INDIVIDUAL
7  FOODSERVICE

8      **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA**

10

11  PERRIN BERNARD SUPOWITZ, LLC,
a California LLC dba INDIVIDUAL
12  FOODSERVICE,

13      Plaintiffs,
  v.
14
PABLO MORALES, an individual;
15  LEGACY WHOLESALE GROUP, LLC,
an Arizona Limited Liability Corporation;
16  SAVINO MORALES, an individual; and
SERGIO ESCAMILLA, an individual;
17  and DOES 1 through 20, inclusive,

18      Defendants.

19

20

21

22

23
_____
24

25

26

27

28

| Case No. 2:22-cv-02120 |
| **COMPLAINT FOR:** |
| **1) VIOLATION OF THE DEFEND TRADE SECRETS ACT;** |
| **2) VIOLATION OF THE CALIFORNIA UNIFORM TRADE SECRETS ACT;** |
| **3) BREACH OF CONTRACT;** |
| **4) TORTIOUS INDUCEMENT TO BREACH CONTRACT;** |
| **5) BREACH OF DUTY OF LOYALTY;** |
| **6) CONVERSION;** |
| **7) TORTIOUS INDUCEMENT TO BREACH DUTY OF LOYALTY;** |
| **8) TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS/CONTRACT, and** |
| **9) UNFAIR COMPETITION.** |
| **JURY TRIAL DEMANDED** |

CDF LABOR LAW LLP

Plaintiff Perrin Bernard Supowitz, LLC, a California LLC dba Individual FoodService ("IFS") brings the following action for (1) Violation of the Defend Trade Secrets Act, (2) Violation of the California Uniform Trade Secrets Act, (3) Breach of Contract, (4) Tortious Inducement to Breach Contract, (5) Breach Of Duty of Loyalty, (6) Conversion, (7) Tortious Inducement to Breach of Duty of Loyalty, (8) Tortious Interference With Business Relations/Contract and (9) Unfair Competition.

IFS seeks an injunction for the return of its stolen property, damages, restitution, and other relief against Defendant Pablo Morales ("Pablo"), Defendant Legacy Wholesale Group, an Arizona LLC ("LEGACY"), Defendant Savino Morales ("Savino"), Defendant Sergio Escamilla ("Escamilla"), (Pablo, LEGACY, Savino, Escamilla, collectively, "Defendants", and Pablo, Savino, and Escamilla, collectively, "Individual Defendants") and allege as follows:

## **PARTIES**

1.      IFS is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of California.  At all times relevant to this Complaint, IFS maintained offices and operations in Los Angeles County.

2.      IFS distributes, imports and sells a wide variety of food, paper, plastic, packaging, containers, janitorial, and smallwares ("Goods") to wholesale, institutional and retail businesses. IFS purchases from vendors and suppliers located in the United States and other countries and IFS distributes those Goods to its customers throughout the United States.

3.      LEGACY is an Arizona LLC that was established and registered with the Arizona Secretary of State in March 2021 and does business in Los Angeles County, including entering contracts with IFS in Los Angeles County.

4.      IFS is informed and believes and, based thereon, alleges that LEGACY is, and at all times mentioned herein was, established to sell Goods in competition

CDF Labor Law LLP

1960200.1

1  with IFS by the Individual Defendants.

2      5.      IFS is informed and believes and, based thereon, alleges that

3  LEGACY's business address is located at 7225 West Roosevelt Street, Suite 166,

4  Phoenix, Arizona 55043.

5      6.      IFS is informed and believes and, based thereon, alleges that Escamilla

6  is an individual who at all relevant times was an Arizona resident, was employed by

7  LEGACY and resides in Maricopa County and provided a personal guaranty to IFS

8  in Los Angeles County.

9      7.      IFS is informed and believes and, based thereon, alleges that Pablo is an

10  individual who at all relevant times was a California resident, was employed by IFS

11  and resides in Los Angeles County.

12      8.      IFS is informed and believes and, based thereon, alleges that Savino is

13  an individual who at all relevant times was a California resident, was employed by

14  IFS and resides in Los Angeles County.

15      9.      The true names and capacities, whether a corporation, agent, individual,

16  or otherwise, of Defendants Does 1 through 20, are unknown to Plaintiff who therefore

17  sues said Defendants by such fictitious names. Each Defendant designated herein as a

18  Doe is negligently or otherwise legally responsible in some manner for the events and

19  happenings referred to in this Complaint and thereby proximately caused injuries and

20  damages to Plaintiff as alleged. Plaintiff will seek leave of Court to amend this

21  Complaint to show their names and capacities when they have been ascertained.

22      10.      IFS is informed and believes and, based thereon, alleges, that each

23  Defendant was, at all relevant times hereto, the agent, employee, servant, partner,

24  joint venturer, successor, assign, aider, and/or abettor of each other with respect to

25  the actions herein alleged and is and was responsible and/or liable in some manner

26  for the damages or injuries sustained by IFS in Los Angeles County.

27                          **JURISDICTION AND VENUE**

28      11.      This Court has federal question subject matter jurisdiction over IFS'

IFS' COMPLAINT

1  claims under 18 U.S.C. section 1836 *et seq.* and as this matter arises from interstate
2  commerce.

3      12.    This Court has supplemental jurisdiction, pursuant to 28 U.S.C. section
4  1367, over IFS' claims arising under California law.

5      13.    This Court has personal jurisdiction over Pablo and Savino because each
6  of them resides in this state and in this district, and each has committed and/or
7  contributed, in this state and in this district, to the unlawful acts as alleged in this
8  complaint.

9      14.    This Court has personal jurisdiction over LEGACY and Escamilla
10  because each of them entered into a contract with IFS in the City of Bell in Los
11  Angeles County and has committed and/or contributed, in this state and in this
12  district, to the unlawful acts as alleged in this complaint.

13      15.    Venue is proper in this district under 28 U.S.C. section 1391(b) because
14  a substantial part of the acts complained of herein occurred in this district, half of
15  Defendants reside in this district, Defendants transact business in this district, and/or
16  the property that is the subject of this action is situated in this district.

17                 **GENERAL ALLEGATIONS**

18      **IFS HIRED PABLO AND SAVINO AND THEY AGREE TO**
19      **MAINTAIN IFS' TRADE SECRETS AND CONFIDENTIAL**
20      **INFORMATION AND PROTECT IT FROM CONFLICTS OF**
21      **INTEREST**

22      16.    As a condition of employment, Pablo agreed to the terms of IFS'
23  Employee Handbook including its Code of Ethics, Reporting Irregularities, Conflict
24  of Interest, reporting Potential Conflicts of Interest, Confidentiality Agreement,
25  Employee Proprietary Information and Non-Disclosure Addendum, and Removal of
26  Items and Property, each of which applied to him as an employee of IFS, as well as
27  having executed a stand-alone Confidentiality and Non-Disclosure Agreement on
28  April 1, 2004 (collectively "Pablo's Employment Agreement").

17.     As a condition of employment, Savino agreed to the terms of IFS' Employee Handbook including its Code of Ethics, Reporting Irregularities, Conflict of Interest, reporting Potential Conflicts of Interest, Confidentiality Agreement, Employee Proprietary Information and Non-Disclosure Addendum, and Removal of Items and Property, each of which applied to him as an employee of IFS, as well as having executed a stand-alone Confidentiality and Non-Disclosure Agreement, most recently on April 1, 2004 (collectively "Savino's Employment Agreement").

18.     As a condition of employment, an employee identified as E1 agreed to the terms of IFS' Employee Handbook including its Code of Ethics, Reporting Irregularities, Conflict of Interest, reporting Potential Conflicts of Interest, Confidentiality Agreement, Employee Proprietary Information and Non-Disclosure Addendum, and Removal of Items and Property, each of which applied to him as an employee of IFS, as well as having executed a stand-alone Confidentiality and Non-Disclosure Agreement on January 14, 2013 (collectively "E1's Employment Agreement").

19.     As a condition of employment, an employee identified as E2 agreed to the terms of IFS' Employee Handbook including its Code of Ethics, Reporting Irregularities, Conflict of Interest, reporting Potential Conflicts of Interest, Confidentiality Agreement, Employee Proprietary Information and Non-Disclosure Addendum, and Removal of Items and Property, each of which applied to him as an employee of IFS, as well as having executed a stand-alone Confidentiality and Non-Disclosure Agreement on July 7, 2015 (collectively "E2's Employment Agreement").

20.     Because of the confidential and proprietary nature of IFS' business and the profit margins on sales of its Goods, Pablo, Savino, E1 and E2's employment agreements contained confidentiality clauses that prohibited them from disclosing or otherwise using any of the company's confidential information for their own purposes.

CDF Labor Law LLP

1960200.1

21.     IFS, at great expense, developed, maintained and safeguarded the customer information, credit history, supplier information, product availability and quality, pricing, financing, sales volume, potential customer and venture partners, import volumes, personnel files and records, customer lists, proposed or contemplated investments, financial records, and other internally generated studies and reports, among other things, to protect its investments and trade secret information ("IFS' Trade Secrets").

22.     Pablo's Employment Agreement, Savino's Employment Agreement, E1's Employment Agreement and E2's Employment Agreement (collectively "Employment Agreements") required them to protect IFS' Trade Secrets and confidential information as follows:

a.     Only use IFS' confidential and proprietary information and trade secrets for legitimate business purposes of IFS;

b.     Safeguard IFS' confidential information, including "designs, pricing, costs, contracts, business plans, sales data, accounting information, strategic developments, ideas, know-how, research, products, services, customer lists, finances, processes, data, techniques, improvements, inventions (whether patentable or not), works of authorship, business and product development plans, the salaries and terms of compensation of other employees, customers, and other information concerning Individual FoodService's actual or anticipated business";

c.     Protect "All business-related information, including without limitation, documents, notes, files, records, oral information, computer files or similar materials (except in the ordinary course of performing duties on behalf of Individual FoodService) may not be removed from Individual FoodService's premises without permission from Individual FoodService. Additionally, the contents of Individual FoodService's records or information otherwise obtained in regard to business may not be disclosed to anyone, except where required for a business purpose. Employees must not disclose any confidential information, purposefully or

inadvertently through casual conversation, to any unauthorized person inside or outside the company. Employees who are unsure about the confidential nature of specific information must ask their supervisor for clarification."

        d.     Comply with IFS' policies with regard to computer system data created and stored for IFS and its customers; and

        e.     Return all of IFS' confidential information in their possession when their employment with IFS ceased; and

        f.     Disclose and obtain approval for engaging in business activities during the term of their employment that competed with IFS' business.

23.     Pablo and Savino agreed and understood that IFS provided them with trade secrets and confidential information in order to carry out their employment duties for IFS.

24.     Pablo and Savino agreed and understood that their confidentiality obligations to IFS survived the termination of their employment with IFS.

25.     IFS is informed and believes and, based thereon, alleges that Pablo and Savino understood that any breach of IFS' confidentiality would result in irreparable harm to IFS that is not compensable by monetary damages and that IFS would seek injunctive relief to enforce the terms of the Employment Agreements.

26.     IFS' Trade Secrets are not known or readily available to IFS competitors, and IFS competitors could derive economic value if IFS' Trade Secrets are disclosed.

27.     IFS is informed and believes and, based thereon, alleges that Pablo and Savino were trained that the information with which they worked on a daily basis in carrying out their duties for IFS' benefit, contained IFS' Trade Secrets, proprietary, and confidential information that was important to IFS' business. Pablo and Savino were trained that it was also important to maintain confidentiality of IFS' Trade Secrets, including specific customer contact information, including points of contact, cell phone information, email contact information and pertinent relationship

information, customer purchase information, credit worthiness and make every effort to protect the confidentiality of customer contact and purchase information, pricing, volume, source and sales information. Pablo and Savino were trained that it was also important to maintain confidentiality of IFS' specific vendor contact information, including points of contact, cell phone information, email contact information and pertinent relationship information and make every effort to protect the confidentiality of pricing, volume, source, product quality and availability, and purchase information.

28. IFS requested Pablo and Savino to return IFS' confidential, proprietary and trade secret information.  Pablo and Savino failed to return IFS' confidential, proprietary and trade secret information.

29. The Employment Agreements required Pablo, Savino, E1 and E2 to honor IFS' Code of Ethics, report irregularities, and avoid conflicts of interest and specifically:

a. "If any employee becomes aware of any violation of a legal or ethical obligation, or any unfair or improper treatment of a customer or employee, the employee must immediately report the matter to Individual FoodService management so that it can be investigated."

b. "to immediately report any and all irregularities indicating actual or suspected existence of a loss, fraud, embezzlement or similar impairment of Individual FoodService funds or property, or suspicious persons or activity."

c. not to "engage in any other employment, occupation, consulting or other business activity directly related to the business in which Individual FoodService is now involved in or becomes involved in. Additionally, employees will not engage in any other activities that conflict with their obligations to Individual FoodService."

d. Not to "engage in any conduct or activities that are inconsistent with Individual FoodService's best interests or that in any manner disrupts,

undermines, or impairs the Company's relationship with any customer or prospective customer or any outside organization, person or entity with which Individual FoodService has or proposes to enter into an arrangement, agreement, or contractual relationship of any kind."

e.     Not to "engage in any outside activity or accept work in any outside position that either interferes with their ability to devote their full and best efforts to Individual FoodService's interests or raises an actual or potential conflict of interest."

f.     To communicate with upper management prior to becoming employed or performing work as an outside consultant with a competitor or a business in a similar capacity or industry to alleviate any potential conflict of interest.

g.     And, to "promptly disclose actual or potential conflicts of interest, in writing, to their supervisor."

**THE INDIVIDUAL DEFENDANTS DECIDE TO SECRETLY COMPETE AGAINST IFS, FORM LEGACY AND HIRE IFS' EMPLOYEES**

30.    IFS is informed and believes and, based thereon, alleges that on or about, March 2021, the Individual Defendants worked together to form LEGACY to surreptitiously compete against IFS, use IFS' confidential and trade secret information to identify customers, vendors, purchase Goods at confidential pricing negotiated by IFS from IFS' vendors, and sell to IFS' customers at prices that were at or lower than IFS' confidential pricing all while Pablo and Savino continued to be employed by and work for IFS.

31.    Pablo and Savino did not seek authorization from IFS to work with, consult with, or own any interest in LEGACY.

32.   In August 2021, Pablo shepherded LEGACY's application for Master Service Agreement and credit with IFS for approval. Pablo did not disclose that he and Savino were owners of LEGACY.

33.   IFS is informed and believes that Pablo and Savino abused their authority at IFS to authorize sales of Goods to LEGACY at prices that were lower than what LEGACY should have been charged and with knowledge that LEGACY intended to sell the Goods to IFS' customers and others using IFS' pricing information to gain a competitive advantage for LEGACY.

34.   IFS is informed and believes and, based thereon, alleges that since March 2021, Pablo and Savino have conducted business for LEGACY while being paid compensation by IFS. In other words, Pablo and Savino used IFS' time and dime to build LEGACY and make LEGACY prosperous.

35.   IFS is informed and believes and, based thereon, alleges that since March 2021, Pablo and Savino used IFS' email, computers and other resources to conduct business for LEGACY.

36.   IFS is informed and believes and, based thereon, alleges that Pablo and/or Savino hired or promised to hire and/or provide equity to certain of IFS' employees, including E1 and E2, to join LEGACY. Pablo and/or Savino planned with the IFS employees, that they should remain at IFS and continue to earn compensation from IFS without disclosing their new loyalty to LEGACY. Pablo and/or Savino told E1 and/or E2 that they could earn extra money and would not have to worry about a conflict with IFS.

37.   IFS is informed and believes and, based thereon, alleges that while employed by IFS as a sales associate, Pablo spent IFS' worktime for the direct benefit of LEGACY.

38.   IFS is informed and believes and, based thereon, alleges that while employed by IFS as a sales associate, Savino spent IFS' worktime for the direct benefit of LEGACY.

IFS' COMPLAINT

CDF Labor Law LLP

1960200.1

39.     IFS is informed and believes and, based thereon, alleges that while employed by IFS as a sales associate, at Pablo and Savino's direction, E1 spent IFS' worktime for the direct benefit of LEGACY.

40.     IFS is informed and believes and, based thereon, alleges that while employed by IFS as a sales associate, at Pablo and Savino's direction, E2 spent IFS' worktime for the direct benefit of LEGACY.

41.     IFS is informed and believes and, based thereon, alleges that Pablo and Savino used pseudonyms, false names, to do business for LEGACY.  Pablo and Savino used the fake names to communicate, on behalf of LEGACY with IFS to hide their identities from IFS.

42.     IFS is informed and believes and, based thereon, alleges Pablo, Savino and Escamilla directed E1 and/or E2 to use fake names when doing business for LEGACY to hide their identities from IFS.

43.     On or about March 31, 2022, Pablo and Savino's employment with IFS ended.  IFS demanded the return of all of its property Pablo and Savino refused to return IFS' property to it.

## COUNT 1 - VIOLATION OF THE DEFEND TRADE SECRETS ACT

### (18 U.S.C. § 1836, *et seq.*)

### (Against Individual Defendants and LEGACY)

44.     IFS re-alleges and incorporates the allegations of paragraphs 1-7, 21-28 and 30 of this Complaint as if fully set forth herein.

45.     At all relevant times, IFS was in possession of confidential and proprietary trade secret information, including as defined by 18 U.S.C. section 1836 *et seq.* information contained in IFS' Trade Secrets.  IFS' Trade Secrets were developed by IFS over a long period of time at great investment and constitute proprietary business information that are trade secrets because IFS derives independent economic value from that information, such information is not generally known nor readily ascertainable by proper means by other persons who can obtain

10

economic value from its disclosure or use, and because the information is the subject of reasonable efforts to maintain its secrecy, including as described above. IFS' confidential and proprietary trade secret information described herein is not, and was not, generally known to IFS' competitors in the industry or the general public.  IFS acquired the trade secrets, including but not limited to business relationships, pricing information and sales production pertaining to products used in, or intended for use in, interstate or foreign commerce.

46.     IFS is informed and believes and, based thereon, alleges that Defendants have actually misappropriated, and threaten to continue to misappropriate, IFS' Trade Secrets without IFS' consent, in violation of the Defend Trade Secrets Act. 18 U.S.C. section 1836 *et seq.*

47.     IFS is informed and believes and, based thereon alleges that Defendants have, at the very least, retained unauthorized copies of IFS' Trade Secrets, which are confidential and proprietary trade secret information.  As a result, injunctive relief pursuant to 18 U.S.C. section 1836(b) is appropriate.

48.     IFS is informed and believes and, based thereon, alleges that Pablo and Savino have disclosed, and intend to continue to disclose, IFS' Trade Secrets and confidential and proprietary information to Escamilla and LEGACY in violation of the Defend Trade Secrets Act.

49.     IFS is informed and believes and, based thereon, alleges that Defendants utilized IFS' confidential, proprietary and trade secret information to solicit business relationships for the benefit of LEGACY.

50.     As a further proximate result of Defendants' wrongful conduct and threatened misappropriation, IFS has been irreparably injured and is threatened with additional and on-going injuries as a result of recurring daily lost business and disrupted client relationships that might never be made whole again as a result of Individual Defendants and LEGACY misappropriating IFS' Trade Secrets.  Because IFS remedy at law is inadequate, IFS seeks temporary, preliminary, and permanent

CDF Labor Law LLP

1960200.1

1  injunctive relief.  IFS is threatened with permanently losing goodwill, its clients,

2  competitive advantage, and trade secrets in amounts which may not be possible to

3  determine, unless Defendants are enjoined and restrained by order of this Court.

4       51.    Defendants have been and will continue to be unjustly enriched by the

5  misappropriation of IFS' Trade Secrets and confidential and proprietary information,

6  and, unless restrained, will continue to threaten to use, actually use, divulge, acquire

7  and/or otherwise misappropriate IFS' Trade Secrets and confidential and proprietary

8  information.

9       52.    IFS is therefore entitled to damages for actual loss, damages for any

10 unjust enrichment and any other monetary remedy allowable caused by the

11 misappropriation of any trade secrets that is not addressed in computing damages for

12 actual loss, pursuant to 18 U.S.C. section 1836, subsection (b)(3)(B).

13      53.    IFS is informed and believes and, based thereon, alleges that

14 Defendants' misappropriation and threatened misappropriation of IFS' Trade Secrets

15 has been willful and malicious.  Thus, IFS' Trade Secrets have been willfully and

16 maliciously misappropriated, and IFS is entitled to an award of exemplary damages

17 of two times the damages it would otherwise be entitled to, pursuant to 18 U.S.C.

18 section 1836, subsection (b)(3)(C), and its attorneys' fees in conjunction with this

19 action.

20 **COUNT 2 – VIOLATION OF THE CALIFORNIA UNIFORM TRADE**

21 **SECRETS ACT**

22 **(California Civil Code § 3426, *et seq*.)**

23 **(Against Individual Defendants and LEGACY )**

24      54.    IFS re-alleges and incorporates the allegations of paragraphs 1-7, 21-28

25 30, and 45-53 of this Complaint as if fully set forth herein.

26      55.    At all relevant times, IFS was in possession of confidential and trade

27 secret information, including as defined by the California Civil Code § 3426 *et seq.*

28 information contained in IFS' Trade Secrets.  IFS' Trade Secrets were developed by

IFS over a long period of time at great investment and constitute proprietary business information that are trade secrets because IFS derives independent economic value from that information, such information is not generally known nor readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and because the information is the subject of reasonable efforts to maintain its secrecy, including as described above.  IFS' Trade Secrets are not, and were not, generally known to IFS' competitors in the industry or the general public.

56.    IFS is informed and believes and, based thereon, alleges that Defendants have actually misappropriated, and threaten to continue to misappropriate, IFS' Trade Secrets without IFS' consent, in violation of the California Civil Code § 3426 *et seq.*

57.    IFS is informed and believes and, based thereon, alleges that Defendants have, at the very least, retained unauthorized copies of IFS' Trade Secrets, including but not limited to proprietary and confidential information regarding IFS' business relationships, pricing information and sales production.  As a result, injunctive relief is appropriate.

58.    IFS is informed and believes and, based thereon, alleges that Pablo and Savino have disclosed, and intend to continue to disclose, IFS' Trade Secrets and confidential information to Escamilla and LEGACY in violation of the California Uniform Trade Secrets Act.

59.    IFS is informed and believes and, based thereon, alleges that Defendants utilized IFS' confidential, proprietary and trade secret information to solicit business relationships for the benefit of LEGACY and themselves.

60.    As a proximate result of Defendants' misappropriation and threatened misappropriation of IFS' Trade Secrets, IFS has suffered, and will continue to suffer, damages in an amount to be proven at the time of trial.

61.    As a further proximate result of Defendants' wrongful conduct and threatened misappropriation, IFS has been irreparably injured and is threatened with

13

additional and on-going injuries as a result of recurring daily lost business and disrupted client relationships that might never be made whole again as a result of Individual Defendants and LEGACY misappropriating IFS' Trade Secrets. Because IFS' remedy at law is inadequate, IFS seeks temporary, preliminary, and permanent injunctive relief. IFS is threatened with permanently losing goodwill, customers and suppliers, its competitive advantage, and its trade secrets in amounts which may not be possible to determine, unless Defendants are enjoined and restrained by order of this Court.

62. IFS is informed and believes and, based thereon, alleges that Defendants have been and will continue to be unjustly enriched by the misappropriation of IFS' Trade Secrets, and, unless restrained, will continue to threaten to use, actually use, divulge, threaten to disclose, acquire and/or otherwise misappropriate IFS' Trade Secrets.

63. IFS is therefore entitled to damages for actual loss, damages for any unjust enrichment caused by the misappropriation of any trade secrets that is not addressed in computing damages for actual loss, and any other remedy allowable pursuant to the California Uniform Trade Secrets Act.

64. IFS is informed and believes and, based thereon alleges that Defendants' misappropriation and threatened misappropriation has been willful and malicious. Thus, IFS' Trade Secrets have been willfully and maliciously misappropriated, and IFS is entitled to an award of exemplary damages of two times the damages it would otherwise be entitled to and its attorneys' fees in conjunction with the action pursuant to the California Uniform Trade Secrets Act.

## COUNT 3 – BREACH OF CONTRACT

### (Against Pablo and Savino)

65. IFS re-alleges and incorporates the allegations of paragraphs 1-17, 21-24, and 27-43 of this Complaint as if fully set forth herein.

66. The Employment Agreements are valid and enforceable contracts. The

14

covenants and other provisions contained in the Employment Agreements are reasonably necessary to protect legitimate protectable interests in trade secrets, confidential and proprietary information, customer relationships, and goodwill.

67.   Additional covenants that Pablo and Savino agreed to undertake were to protect the integrity of IFS' business and business reputation.

68.   IFS fully performed all of its obligations under the agreements.

69.   Pablo and Savino have each individually breached and threaten to continue to breach their respective employment agreements in at least the following ways:

a.   Stealing IFS' confidential and proprietary trade secret information for their own competitive use and benefit against IFS;

b.   Disclosing or divulging IFS' confidential, proprietary and trade secret information; and

c.   Failing to return IFS' confidential, proprietary and trade secret information.

70.   The Employment Agreements required Pablo and Savino to disclose and seek permission from IFS before pursuit of economic opportunities in competition with IFS while employed by IFS.

71.   Neither Pablo and Savino advised IFS of a conflict of interest that arose when they accepted any offer of employment and/or equity in the business entity that came to be known as LEGACY, to compete against IFS, while they were employed at IFS.  IFS is further informed and believes and, based thereon, alleges that Pablo and Savino failed to return IFS' confidential, proprietary and trade secret information at termination.

72.   As a result of any one of these breaches of the Employment Agreements, IFS has been injured and has sustained irreparable injury.  IFS is threatened with losing the value of its confidential customer, supplier, pricing, sales and venture partner information, its competitive advantage, and its trade secrets in

15

amounts which are not possible to determine, given the numerous implications for current and future business, unless Defendants and each of them is enjoined and restrained by order of this Court.

73.   IFS has been, and will continue to be, damaged by each of Pablo and Savino's breach of contract and is entitled to all recoverable damages in an amount to be proven at the time of trial.

## COUNT 4 - TORTIOUS INDUCEMENT TO BREACH OF CONTRACT
### (Against Individual Defendants and LEGACY)

74.   IFS re-alleges and incorporates paragraphs 1-5, 18-20, 29, 21-33, and 36-42 as though fully set forth herein by this reference.

75.   There existed employment agreements by and between IFS and its employees.

76.   LEGACY, Pablo, Savino and Escamilla at all times knew of the existence of the terms of those contracts, employment agreements, and/or relationships (employee-employer).

77.   IFS is informed and believes and, based thereon, alleges that Pablo, Savino and Escamilla knowingly and intentionally induced E1, E2 and/or other IFS' employees to breach their contractual obligations to IFS in conjunction with maintaining their confidentiality obligations to IFS in order to develop, secure funding for and/or creating and building the competing business that became LEGACY.

78.   IFS is informed and believes and, based thereon, alleges that LEGACY, Pablo, Savino and Escamilla knowingly and intentionally induced other IFS' employees to breach their contractual obligations to IFS.

79.   IFS is informed and believes and, based thereon, alleges that LEGACY, Pablo, Savino and Escamilla knowingly and intentionally induced E1, E2 and/or other IFS' employees to breach contractual obligations to IFS to disclose and seek

CDF Labor Law LLP

1960200.1

permission from IFS before pursuit of economic opportunities in competition with IFS while employed by IFS.

80. Pablo, Savino and Escamilla told the employees that Pablo and Savino used fake names when conducting sales for LEGACY and told the employees recruited from IFS to Legacy to use false names for themselves when representing LEGACY. IFS is informed and believes and, based thereon, alleges that such conduct was intended to hide the IFS' employees' activities from IFS.

81. The conduct engaged in by LEGACY, Pablo, Savino and Escamilla to induce the foregoing breaches of contracts is not protected by any privilege.

82. As a result of LEGACY's, Pablo's, Savino's and Escamilla's conduct inducing breaches of contracts, IFS has been damaged in an amount to be proven at trial.

83. IFS is informed and believes and, based thereon, alleges that LEGACY, Pablo, Savino and Escamilla committed the acts alleged herein with knowledge of their wrongfulness, and with the intent to injure IFS' business in conscious disregard of their legal obligations to refrain from such acts. In committing such acts, LEGACY, Pablo, Savino and Escamilla are guilty of malice, fraud and oppression, entitling IFS to an award of exemplary and punitive damages in an amount appropriate to punish these Defendants and deter such conduct in the future.

## COUNT 5 - BREACH OF DUTY OF LOYALTY

### (Against Pablo and Savino)

84. IFS alleges and incorporates paragraphs 1-17, 29, 31-42 as though fully set forth herein by this reference.

85. Everything Pablo and Savino acquired by virtue of their employment with IFS, except the compensation that was due to them from IFS, belongs to IFS, whether acquired lawfully or unlawfully, or during or after the expiration of the term of their employment under California Labor Code section 2860.

17

86.     While employed by IFS, Pablo and Savino had the duty to IFS to give preference to IFS before transacting any business similar to that of IFS for their own account under California Labor Code section 2863.

87.     IFS is informed and believes and, based thereon, alleges that while employed by IFS, Pablo and Savino began to identify partners or investors for the entity that became LEGACY and did not disclose this plan to IFS and used IFS' business information for the benefit of LEGACY and their own account.

88.     IFS is informed and believes and, based thereon, alleges that while employed by IFS, Pablo and Savino commenced working for LEGACY, a competitor of IFS and did not disclose their employment with LEGACY to IFS and used IFS' business information for the benefit of LEGACY and their own account.

89.     IFS is informed and believes and, based thereon, alleges that Pablo and Savino used pseudonyms, false names, to do business for LEGACY.  Pablo and Savino used the fake names to communicate, on behalf of LEGACY with IFS to hide their identities from IFS.

90.     IFS is informed and believes and, based thereon, alleges that Pablo and Savino breached their duties of loyalty to IFS.

91.     Pablo and Savino accepted compensation from IFS for time when Pablo and Savino provided services to LEGACY.

92.     IFS is informed and believes and, based thereon, alleges that Pablo and Savino knowingly and willfully did the acts that are herein alleged.

93.     IFS is informed and believes and, based thereon, alleges that as a direct and proximate result of the aforesaid acts of Pablo and Savino against IFS, IFS has been damaged and will continue to be damaged.  These breaches of duty of loyalty have damaged and will continue to damage IFS in an amount to be proven at trial.

94.     IFS is informed and believes and, based thereon, alleges that Pablo and Savino committed the acts alleged herein with knowledge of their wrongfulness, and with the intent to injure IFS' business in conscious disregard of their legal

obligations to refrain from such acts.  In committing such acts, Pablo and Savino are guilty of malice, fraud and oppression, entitling IFS to an award of exemplary and punitive damages in an amount appropriate to punish these Defendants and deter such conduct in the future.

## COUNT 6 – CONVERSION

### (Against Pablo and Savino)

95.    IFS re-alleges and incorporates paragraphs 1-17, 28, 29, 32-35, 37-38 and 43 as though fully set forth herein by this reference.

96.    On March 31, 2022, Pablo and Savino's employment at IFS separated and IFS demanded the return of its property from each of Pablo and Savino.

97.    IFS is informed and believes and, based thereon, alleges Defendants Pablo and Savino improperly took maintained, and converted IFS' property for their own use and benefit.  IFS' property includes, but is not limited to, documents, electronic files, cash and funds collected from IFS' customers that was not turned over to IFS.

98.    Pablo and Savino asserted that certain goods had not been delivered to customers so that internal records reflected a reduced sales price and charged customers the full price while Defendants converted the differential, and non-confidential information of which Defendants obtained possession and control as a result of employment.  Defendants have failed to return IFS' property.

99.    Pablo and Savino accepted compensation from IFS for time when Pablo and Savino provided services to LEGACY.

100.    Defendants and/or their agents and representatives continue to be in possession, custody or control of IFS' property.

101.    Defendants rejected IFS' demand and refuse to return IFS' property.

102.    As a direct and proximate result of the conversion, IFS suffered actual damages in the amount to be proven at trial.

CDF Labor Law LLP

1960200.1

103.   Based upon the conduct described herein, Defendants are guilty of oppression, fraud, and/or malice.  Accordingly, IFS is entitled to exemplary damages, in addition to the actual damages set forth above, in order to punish Defendants and to set an example of Defendants so that this type of despicable conduct does not occur again.  IFS seeks punitive damages in an amount to be proven at trial.

## COUNT 7 - TORTIOUS INDUCEMENT TO BREACH DUTY OF LOYALTY
### (Against Individual Defendants and LEGACY)

104.   IFS re-alleges and incorporates paragraphs 1-15, 18-20, 22, 29, 32-36, 39, 40 and 42 as though fully set forth herein by this reference.

105.   At all times relevant to this Complaint there existed a duty of loyalty by and between IFS and its employees.

106.   IFS is informed and believes and, based thereon, alleges that LEGACY, Pablo, Savino and Escamilla at all times knew, or should have known, of the existence of those duties.

107.   IFS is informed and believes and, based thereon, alleges that LEGACY, Pablo, Savino and Escamilla knowingly and intentionally induced other IFS' employees' to breach their respective duty of loyalty owed to IFS.

108.   IFS is informed and believes and, based thereon, alleges Pablo, Savino and Escamilla told the employees that Pablo and Savino used fake names when conducting sales for LEGACY and told employees recruited from IFS, including E1 and/or E2, to LEGACY to use false names for themselves when representing LEGACY.  IFS is informed and believes and, based thereon, alleges that such conduct was intended to hide the IFS' employees' activities from IFS in violation of their duty of loyalty to IFS.

109.   The conduct engaged in by LEGACY, Pablo, Savino and Escamilla to induce the foregoing breaches is not protected by any privilege.

110.   As a result of LEGACY's, Pablo's, Savino's and Escamilla's conduct inducing breach of duty of loyalty, IFS has been damaged in an amount to be proven at trial.

111.   IFS is informed and believes and, based thereon, alleges that LEGACY, Pablo, Savino and Escamilla committed the acts alleged herein with knowledge of their wrongfulness, and with the intent to injure IFS' business in conscious disregard of their legal obligations to refrain from such acts.  In committing such acts, LEGACY, Pablo, Savino and Escamilla are guilty of malice, fraud and oppression, entitling IFS to an award of exemplary and punitive damages in an amount appropriate to punish these Defendants and deter such conduct in the future.

## COUNT 8 - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS/CONTRACT

### (Against All Defendants)

112.   IFS re-alleges and incorporates paragraphs 1-15 and 31-33 as though fully set forth herein by this reference.

113.   At all times relevant to this Complaint, IFS had business relationships with various entities and individuals that are or were IFS' customers, suppliers, business venture partners and/or with reasonable certainty, prospective customers and/or business venture partners.  IFS relationships with such individuals and entities promised a continuing probability of future economic benefit to IFS.

114.   IFS is informed and believes and, based thereon, alleges that Defendants knew or should have known that such business relationships, actual and prospective, existed between IFS and its customers, suppliers and business venture partners.

115.   IFS is informed and believes and, based thereon, alleges that Defendants engaged in negligent or, alternatively, intentional conduct designed to disrupt the business relationships between IFS and its customers, vendors, suppliers and business venture partners by diverting existing or probable customers, suppliers and business venture partners to LEGACY.

21

116.   As a direct result of Defendants' conduct, IFS' business relationships with its customers have been negatively impacted.

117.   IFS is informed and believes and, based thereon, alleges that the aforesaid acts of Defendants have caused IFS damage in an amount according to proof at trial.

118.   IFS is informed and believes and, based thereon, alleges that Defendants committed the acts alleged herein with knowledge of their wrongfulness, and with the intent to injure IFS' business in conscious disregard of their legal obligations to refrain from such acts.  In committing such acts, Defendants are guilty of malice, fraud and oppression, entitling IFS to an award of exemplary and punitive damages in an amount appropriate to punish these Defendants and deter such conduct in the future.

## COUNT 9 – UNFAIR COMPETITION

### (California Business & Professions Code section 17200 *et seq.*)

### (Against all Defendants)

119.   IFS re-alleges and incorporates the allegations of paragraphs 1-15, 28, 29, 31-42, 75-83, 96-103, 105-111, and 113-118 of this Complaint as if fully set forth herein.

120.   The conduct alleged herein by each and every Defendant constitutes unfair and unlawful business practices in violation of California Business & Professions Code section 17200 *et seq*. IFS is informed and believes and, based thereon, alleges that each of the actions attributed to each Defendant in this Complaint demonstrated that each Defendant engaged in unfair business practices in violation of California law, including in violation of California Civil Code sections 3426 *et seq*. and the Defend Trade Secrets Act. IFS is informed and believes and, based thereon, alleges that Defendants have used, and continue to act and use IFS' property unfairly and unlawfully, in violation of their responsibilities and obligations to IFS, as well as basic principles of fair competition.

CDF Labor Law LLP

1960200.1

121.   As a direct result of these concerted actions, IFS has suffered monetary, competitive, and irreparable harm and IFS should be awarded restitution of all profits received by Defendants, in the past and future, as a result of having engaged in the wrongful conduct that has and will harm IFS.

## **PRAYER FOR RELIEF**

WHEREFORE, IFS prays for judgment against all Defendants, and each of them, as follows:

1.   Temporary, preliminary, and permanent injunctive relief to prevent the Defendants from destroying the value of IFS' confidential and proprietary trade secret information, compelling the return of IFS' confidential and proprietary trade secret information, preventing Defendants from improperly using or disclosing IFS' trade secret or proprietary or confidential information in any way and compelling Defendants to undertake all efforts consistent with returning IFS' relationships with customers, suppliers and potential venture partners to the status quo prior to the misappropriation;

2.   Compensatory damages, plus interest and prejudgment interest in an amount to be determined at trial;

3.   Other economic and consequential damages in an amount to be determined at trial;

4.   Exemplary damages in an amount two times damages on the First and Second Counts;

5.   Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants on the Fourth, Fifth, Sixth, Seventh and Eighth Counts;

6.   Restitution of all profits received by Defendants, in the past and future, as a result of having engaged in the wrongful conduct that has and will harm IFS on the Ninth Count;

7.   Attorneys' fees, witness fees, and costs of litigation incurred by IFS

1   under the First, and Second Counts and as otherwise authorized by law;

2       8.    Costs of the suit incurred herein; and

3       9.    For such other and further relief as the Court deems just and proper.

6   Dated:  March 31, 2022       CDF LABOR LAW LLP
                       Amy S. Williams

8                  By: _____/s/ Dan M. Forman_____

9                       Dan M. Forman
              Attorneys for Plaintiff

10                 PERRIN BERNARD SUPOWITZ, LLC, a

11                 California LLC dba INDIVIDUAL FOODSERVICE

24

CDF Labor Law LLP

1

## **DEMAND FOR JURY TRIAL**

2  IFS hereby demands a trial by jury for all actions and/or claims to which it is

3  so entitled.

4

5  Dated:  March 31, 2022                    CDF LABOR LAW LLP
                                                    Amy S. Williams
6

7                                                  By: _____
                                                              /s/ Dan M. Forman
8                                                            Dan M. Forman
                                              Attorneys for Plaintiff
9                                             PERRIN BERNARD SUPOWITZ, LLC, a
                                              California LLC dba INDIVIDUAL FOODSERVICE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IFS' COMPLAINT

CDF Labor Law LLP

1960200.1