| | |
|---|---|
| 1 | CDF LABOR LAW LLP |
| 2 | Dan M. Forman, State Bar No. 155811<br>dforman@cdflaborlaw.com |
| 3 | Amy S. Williams, State Bar No. 228853<br>awilliams@cdflaborlaw.com |
| 4 | 707 Wilshire Boulevard, Suite 5150<br>Los Angeles, CA 90017 |
| 5 | Telephone: (213) 612-6300 |
| 6 | Attorneys for Plaintiff<br>PERRIN BERNARD SUPOWITZ, LLC, a |
| 7 | California LLC dba INDIVIDUAL<br>FOODSERVICE |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE,<br><br>Plaintiffs,<br>v.<br><br>PABLO MORALES, an individual; LEGACY WHOLESALE GROUP, LLC, an Arizona Limited Liability Corporation; SAVINO MORALES, an individual; and SERGIO ESCAMILLA, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:22-cv-02120-MRW<br><br>Judge: Michael R. Wilner<br>Loc.:  Roybal Federal Building, Courtroom 550<br><br>**INDIVIDUAL FOODSERVICE'S NOTICE OF EX PARTE APPLICATION FOR:**<br><br>**(1)    TEMPORARY RESTRAINING ORDER and SCHEDULING HEARING ON PRELIMINARY INJUNCTION;**<br>**(2)    PRESERVATION OF EVIDENCE; AND**<br>**(3)    EXPEDITED DISCOVERY**<br><br>Filed concurrently with:<br>1) Memorandum of Points and Authorities;<br>2) Declaration of Dan M. Forman;<br>3) Declaration of Nigel Kershaw; and<br>4) Proposed Order<br><br>Date:   April 13, 2022<br>Time:   9:30 a.m.<br>Ctrm:   550 |

TO THE HONORABLE MICHAEL R. WILNER, ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE ("IFS") hereby applies for and does move this court on an *ex parte* basis for immediate relief, hearing on April 13, 2022 or such other time as the Court may schedule hearing for Order or Orders (1) granting IFS' application for a temporary restraining order, (2) scheduling a hearing on preliminary injunction, (3) preservation of evidence, and (4) expedited discovery with respect to Defendants PABLO MORALES ("Pablo"), LEGACY WHOLESALE GROUP, LLC ("Legacy), SAVINO MORALES ("Savino"), and SERGIO ESCAMILLA ("Escamilla") (collectively "Defendants").

Ex parte relief is needed under Federal Rules of Civil Procedure 65(b) and Central District Local Rule 65 as Defendants' theft of IFS' confidential, proprietary and trade secret information has disrupted IFS' customer and employee relationships and is causing ongoing daily irreparable harm to such degree that IFS might never be made whole again. The Defend Trade Secrets Act (DTSA) provides for injunctive relief pursuant to 18 USC section 1836(b)(3)(A)(i) and (ii) to prevent actual or threatened misappropriation of trade secrets and additional irreparable harm associated with the theft of trade secrets. IFS learned that Pablo, Savino and Escamilla collaborated together to surreptitiously gather, and unlawfully used IFS' confidential, proprietary and trade secret information in order to create the entity that came to be known as Legacy. Moreover, Pablo and Savino refused to return IFS' laptops, phone and data storage device for over one week after employment was terminated and continue to possess IFS' confidential, proprietary and trade secret information that they refuse to return.

On April 6, 2022, Counsel to IFS gave Defendants notice of Plaintiff's intent to file its ex parte application, the relief requested and made good faith efforts to contact them and/or their counsel in compliance with Local Rule 7-19.1.

(Declaration of Dan M. Forman, Ex. 3.)  On April 4, 2022, Jeffery Johnson, Esq. affirmed to Mr. Forman that he was counsel to Defendants Pablo Morales, Savino Morales and Sergio Escamilla.  Mr. Johnson's email is jjohnson@johnsonrawi.com and his phone number is 626-239-3630.  *Id.* On April 7, 2022, Mr. Johnson's office caused two laptops, a phone and a data storage device to be turned over to IFS.  However, no other of IFS' property, including confidential and trade secret lists and information were returned, Mr. Johnson did not agree that summons may be served on his office nor any of the other relief that IFS requested of Defendants. (Forman Decl., ¶¶ 7 & 9.)

      Pablo, Savino, Escamilla and Legacy used IFS' confidential, proprietary and trade secret information to unfairly compete with IFS for customers, obtain vendor discounts and to cherry-pick IFS' employees for Legacy.  In the scant year since Legacy opened its doors, Pablo, Savino, Escamilla and Legacy siphoned IFS' business and employees to form the backbone of Legacy's operation.  At all relevant times, Pablo and Savino were employed by IFS, owed a duty of loyalty to IFS and agreed to protect IFS' confidential, proprietary and trade secret information, including names, contact information and other identifying information related to IFS' suppliers and customers, and sales and marketing information, and employees. No undertaking is required as Defendants are not entitled to possession of IFS' confidential, proprietary and trade secret information, including contact information of IFS' clients, vendors, suppliers, prospective clients, IFS' financial information, IFS' confidential personnel information, or possessing any information derived from these sources or other obligations imposed by any orders herein.

      To better guard against future loss of evidence, preservation orders, too, are appropriate here, too, given that nothing suggests that Defendants nor any persons with whom they are acting in concert, will preserve evidence of their wrongdoing. And, expedited discovery should be awarded so that IFS may promptly file and fully support a Preliminary Injunction.

**The Ex Parte Application for a Temporary Restraining Order specifically requests:**

(1) An order that Defendants Pablo, LEGACY, Savino, and Escamilla, their representatives, agents, employees and any other person acting in concert with Defendants or at Defendants' direction are:

    (a) precluded from possessing IFS' confidential, proprietary and trade secret information, including contact information of IFS' clients, vendors, supplies, prospective clients, IFS' financial information, IFS' confidential personnel information, cash flow and other analyses, and from possessing any information derived from these sources;

    (b) precluded from accessing, using, or disclosing any of IFS' confidential, proprietary or trade secret information, and from accessing, using or disclosing information derived therefrom; and

    (c) required to return all confidential, proprietary and trade secret information and other property that Defendants took from IFS without maintaining copies thereof; including IFS' laptops, cell phones, data storage devices and any documents and information derived from IFS' confidential, proprietary and trade secret information that have not been returned;

(2) an OSC to issue as to why IFS should not be granted a Preliminary Injunction for the restraints requested during the pendency of this case to be determined by hearing and a briefing schedule:

    (a) Defendants' Opposition papers shall be filed and served on or before seven days before the hearing on Preliminary Injunction.

    (b) IFS' Reply papers shall be filed and served on or before three days before the hearing on Preliminary Injunction.

(3) No undertaking be required as Defendants are not entitled to possession of IFS' confidential, proprietary and trade secret information, including contact information of IFS' clients, vendors, suppliers, prospective clients, IFS' financial

information, IFS' confidential personnel information, cash flow and other analyses and from possessing any information derived from these sources.

**The Ex Parte Application for a Preservation of Evidence Order specifically requests that:**

(1) Defendants Pablo, LEGACY, Savino, And escamilla, their representatives, agents, employees and any other person acting in concert with Defendants or at Defendants' direction must:

(a) preserve all copies of IFS' confidential, proprietary and trade secret information, including but not limited to, customer and prospective customer contact information, vendor information, all proposals, business plans and business models prepared to solicit investment or the establishment of any business, including the business that became Legacy, plans to employ persons for Legacy, as well as all copies of documents and information derived from these sources;

(b) preserve any communication(s) related to the use of IFS' confidential, proprietary and trade secret information;

(c) preserve any communications with prospective or actual investors, lenders, applications for credit, applications for any licensing, bond, insurance or workers' compensation insurance for the creation of the business to compete against IFS, or Legacy;

(d) preserve each electronic device (computer, laptop, tablet, phone, data storage device, email accounts, and all associated passwords collectively "Devices") taken from IFS, and/or used for the formation of Legacy and/or the business of Legacy,

(e) preserve any communications with IFS' clients or former clients; and

(f) preserve any communications from Pablo, Savino, Escamilla or any other representative of Legacy to recruit or attempt to recruit IFS' employees to

work for Legacy.

**The Ex Parte Application for an Expedited Discovery Order specially requests that:**

(1) Each Defendant shall produce, by delivery to Plaintiff's counsel, any and all documents and communications that are in its possession, custody or control and that originated at IFS within 7 days of this Order, or such other date to which IFS' counsel agrees;

(2) Each Defendant shall produce, by delivery to Plaintiff's counsel, any and all documents and communications reflecting efforts to seek investments or partners to develop an entity to compete with IFS or for the entity that became Legacy, including any business plans, financial models, prospective customer lists, prospective vendor lists, prospective employee lists, and applications for any licensing, credit, bond, insurance or workers' compensation insurance within 7 days of this Order, or such other date to which IFS' counsel agrees;

(3) Each Defendant shall produce, by delivery to Plaintiff's counsel, any documents and communications reflecting Defendants' communications and negotiations relating to the business that became Legacy, including its Cash Spreadsheet, Quickbooks OnLine Plus, customer accounts and corporate records, including records of ownership of any equity of Legacy within 7 days of this Order, or such other date to which IFS' counsel agrees;

(4) Each Defendant shall produce, by delivery to Plaintiff's counsel, any documents and communications reflecting Defendants' communications to IFS' employees about prospective employment at Legacy, within 7 days of this Order, or such other date to which IFS' counsel agrees;

(5) Each Defendant shall produce, by delivery to Plaintiff's counsel, all employment, consulting or independent contractor agreements between Legacy and any of IFS' employees or former employees within 7 days of this Order, or such

other date to which IFS' counsel agrees;

      (6)    Each Defendant shall produce, by delivery to Plaintiff's counsel, all documents and communications reflecting any negotiations between Legacy and any of IFS' employees or former employees within 7 days of this Order, or such other date to which IFS' counsel agrees;

      (7)    Each Defendant shall produce, by delivery to Plaintiff's counsel, all ownership information about Legacy, including any offers of equity or profit sharing made to any of IFS' employees or former employees within 7 days of this Order, or such other date to which IFS' counsel agrees;

      (8)    Each Defendant shall produce, by delivery to Plaintiff's counsel, any documents that Pablo, Savino or Escamilla provided to Legacy's investors, backers, prospective investors, or lenders, including identifying, prospective clients, business relationships, prospective employees, contact information, projected sales, suppliers, profitability and expenses, within 7 days of this Order, or such other date to which IFS' counsel agrees;

      (9)    Each Defendant shall produce, by delivery to Plaintiff's counsel, the Devices utilized in conjunction with the formation of Legacy and/or the business of Legacy within 7 days of this Order, or such other date to which IFS' counsel agrees, to allow IFS' counsel to image and inspect the Devices; and

      (10)    Pablo, Savino and Escamilla shall each appear for deposition at CDF Labor Law's Los Angeles offices for a deposition of no more than a three hour duration within 30 days of the date of this Order or such other date to which counsel agree, without prejudice to Plaintiff taking a full seven hour deposition of each of Pablo, Savino and Escamilla later in the case.

      IFS' Application is based on this Notice of Ex Parte Application for Temporary Restraining Order and Scheduling Hearing on Preliminary Injunction; Preservation of Evidence; and Expedited Discovery; the concurrently filed

Memorandum of Points and Authorities in Support of Ex Parte Application for Temporary Restraining Order; Preservation of Evidence; and Expedited Discovery; the Declaration of Dan M. Forman; the Declaration of Nigel Kershaw; the Complaint, and related documents on file herein; and such further evidence as may be properly presented on or before any hearing, should there be a hearing, on this Application.  Further, IFS requests that oral argument or hearing, and such briefing as may be warranted, be scheduled as promptly as possible given the gravity of Defendants' offenses and the irreparable harm confronting IFS.

Dated:  April 7, 2022         CDF LABOR LAW LLP
                              Amy S. Williams


                        By:  _____/s/ *Dan M. Forman*_____
                              Dan M. Forman
                              Attorneys for Plaintiff
                              PERRIN BERNARD SUPOWITZ, LLC, a
                              California LLC dba INDIVIDUAL FOODSERVICE