# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE,<br><br>  Plaintiffs,<br>v.<br><br>PABLO MORALES, an individual; LEGACY WHOLESALE GROUP, LLC, an Arizona Limited Liability Corporation; SAVINO MORALES, an individual; and SERGIO ESCAMILLA, an individual; and DOES 1 through 20, inclusive,<br><br>  Defendants. | Case No. 2:22-cv-02120-MRW<br><br>Judge: Michael R. Wilner<br>Loc.:  Roybal Federal Building, Courtroom 550<br><br>**[PROPOSED] ORDER GRANTING IFS' EX PARTE APPLICATION FOR:**<br><br>**(1) TEMPORARY RESTRAINING ORDER and SCHEDULING HEARING ON PRELIMINARY INJUNCTION;**<br>**(2) PRESERVATION OF EVIDENCE; AND**<br>**(3) EXPEDITED DISCOVERY** |

[PROPOSED] ORDER GRANTING IFS' EX PARTE APPLICATION

CDF Labor Law LLP

Having considered Plaintiff PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE's ("IFS") *Ex Parte* Application and finding that notice was sufficiently provided to Defendants Pablo Morales ("Pablo"), LEGACY WHOLSALE GROUP, LLC ("LEGACY"), Savino Morales ("Savino"), Sergio Escamilla ("Escamilla"), (collectively, the "Defendants") and

The Declarations of Nigel Kershaw and Dan M. Forman demonstrate that Defendants have taken, possess and refuse to return IFS' property and possessed two laptop computers, and a cell phone and a data storage device for over one week before offering to return them and IFS is at risk that other data that includes IFS' confidential and trade secret information remains in the possession of the Defendants and therefore IFS is confronted with irreparable injury and has an immediate need for the requested relief for which good cause exists therefore,

**IT IS HEREBY ORDERED** that the *Ex Parte* Application for a Temporary Restraining Order and Scheduling Hearing on Preliminary Injunction, Preservation of Evidence Order and Order for Expedited Discovery is GRANTED as follows:

(1) Defendants Pablo, Legacy, Savino, and Escamilla, their representatives, agents, employees and any other person acting in concert with Defendants or at Defendants' direction are:

(a) precluded from possessing IFS' confidential, proprietary and trade secret information, including contact information of IFS' clients, vendors, supplies, prospective clients, IFS' financial information, IFS' confidential personnel information, cash flow and other analyses, and from possessing any information derived from these sources;

(b) precluded from accessing, using, or disclosing any of IFS' confidential, proprietary or trade secret information, and from accessing, using or disclosing information derived therefrom; and

(c) required to return all confidential, proprietary and trade secret information and other property that Defendants took from IFS without maintaining copies thereof; including any laptops, phones or documents and information derived from IFS' confidential, proprietary and trade secret information that have not been returned;

(2) an OSC shall issue as to why IFS should not be granted a Preliminary Injunction for the restraints requested during the pendency of this case to be determined by hearing to be set for _____ ___, 2022 in this Courtroom before Magistrate Judge Michael R. Wilner, located at the Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA, 90012, Courtroom 550, 5th Floor, at _____ ___.m.

(a) Defendants' Opposition papers shall be filed and served on or before seven days before the hearing on Preliminary Injunction.

(b) IFS' Reply papers shall be filed and served on or before three days before the hearing on Preliminary Injunction.

(3) No undertaking is required as Defendants are not entitled to possession of IFS' confidential, proprietary and trade secret information, including contact information of IFS' clients, vendors, suppliers, prospective clients, IFS' financial information, IFS' confidential personnel information, cash flow and other analyses and from possessing any information derived from these sources or other obligations of this ORDER.

**IT IS FURTHER ORDERED that preservation of evidence is required**:

(1) Defendants Pablo, Legacy, Savino, and Escamilla, their representatives, agents, employees and any other person acting in concert with Defendants or at Defendants' direction must:

(a) preserve all copies of IFS' confidential, proprietary and trade secret information, including but not limited to, customer and prospective customer

contact information, vendor information, all proposals, business plans and business models prepared to solicit investment or the establishment of any business, including the business that became Legacy, plans to employ persons for Legacy, as well as all copies of documents and information derived from these sources;

  (b) preserve any communication(s) related to the use of IFS' confidential, proprietary and trade secret information;

  (c) preserve any communications with prospective or actual investors, lenders, applications for credit, applications for any licensing, bond, insurance or workers' compensation insurance for the creation of the business to compete against IFS, or Legacy;

  (d) preserve each electronic device (computer, laptop, tablet, phone, data storage device, email accounts, and all associated passwords collectively "Devices") taken from IFS, and/or used for the formation of Legacy and/or the business of Legacy,

  (e) preserve any communications with IFS' clients or former clients: and

  (f) preserve any communications from Pablo, Savino, Escamilla or any other representative of Legacy to recruit or attempt to recruit IFS' employees to work for Legacy.

**IT IS FURTHER ORDERED** that, IFS shall be entitled to relief from Rule 26's stay on discovery and shall be entitled to undertake the following expedited discovery:

  (1) Each Defendant shall produce, by delivery to Plaintiff's counsel, any and all documents and communications that are in its possession, custody or control and that originated at IFS within 7 days of this Order, or such other date to which IFS' counsel agrees;

  (2) Each Defendant shall produce, by delivery to Plaintiff's counsel, any

and all documents and communications reflecting efforts to seek investments or partners to develop an entity to compete with IFS or for the entity that became Legacy, including any business plans, financial models, prospective customer lists, prospective vendor lists, prospective employee lists, and applications for any licensing, credit, bond, insurance or workers' compensation insurance, records within 7 days of this Order, or such other date to which IFS' counsel agrees;

      (3)    Each Defendant shall produce, by delivery to Plaintiff's counsel, any documents and communications reflecting Defendants' communications and negotiations relating to the business that became Legacy, including its Cash Spreadsheet, Quickbooks OnLine Plus, customer accounts and corporate records, including records of ownership of any equity of Legacy within 7 days of this Order, or such other date to which IFS' counsel agrees;

      (4)    Each Defendant shall produce, by delivery to Plaintiff's counsel, any documents and communications reflecting Defendants' communications to IFS' employees about prospective employment at Legacy, within 7 days of this Order, or such other date to which IFS' counsel agrees;

      (5)    Each Defendant shall produce, by delivery to Plaintiff's counsel, all employment, consulting or independent contractor agreements between Legacy and any of IFS' employees or former employees within 7 days of this Order, or such other date to which IFS' counsel agrees;

      (6)    Each Defendant shall produce, by delivery to Plaintiff's counsel, all documents and communications reflecting any negotiations between Legacy and any of IFS' employees or former employees within 7 days of this Order, or such other date to which IFS' counsel agrees;

      (7)    Each Defendant shall produce, by delivery to Plaintiff's counsel, all ownership information about Legacy, including any offers of equity or profit sharing made to any of IFS' employees or former employees within 7 days of this Order, or such other date to which IFS' counsel agrees;

(8) Each Defendant shall produce, by delivery to Plaintiff's counsel, any documents that Pablo and Savino provided to Legacy's investors, backers, prospective investors, or lenders, including identifying, prospective clients, business relationships, prospective employees, contact information, projected sales, suppliers, profitability and expenses, within 7 days of this Order, or such other date to which IFS' counsel agrees;

(9) Each Defendant shall produce, by delivery to Plaintiff's counsel, each of the Devices utilized in conjunction with the formation of Legacy and/or the business of Legacy within 7 days of this Order, or such other date to which IFS' counsel agrees, to allow IFS' counsel to image and inspect the Devices; and

(10) Pablo, Savino and Escamilla shall each appear for deposition at CDF Labor Law's Los Angeles offices for a deposition of no more than a three hour duration within 10 days of the date of this Order or such other date to which counsel agree, without prejudice to Plaintiff taking a full seven hour deposition of each of Pablo, Savino and Escamilla later in the case.

IT IS SO ORDERED.

Dated: _____

_____
Michael R. Wilner
Magistrate Judge, United States District Court