1  CDF LABOR LAW LLP
       Dan M. Forman, State Bar No. 155811
2      dforman@cdflaborlaw.com
       Amy S. Williams, State Bar No. 228853
3      awilliams@cdflaborlaw.com
   707 Wilshire Boulevard, Suite 5150
4  Los Angeles, CA 90017
   Telephone: (213) 612-6300
5
   Attorneys for Plaintiff
6  PERRIN BERNARD SUPOWITZ, LLC, a
   California LLC dba INDIVIDUAL
7  FOODSERVICE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE,<br><br>          Plaintiffs,<br>    v.<br><br>PABLO MORALES, an individual; LEGACY WHOLESALE GROUP, LLC, an Arizona Limited Liability Corporation; SAVINO MORALES, an individual; and SERGIO ESCAMILLA, an individual; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No. 2:22-cv-02120-ODW-JEM<br><br>Judge: Otis D. Wright, II<br>Ctrm: 5D<br><br>**PLAINTIFF PERRIN BERNARD SUPOWITZ, LLC D/B/A INDIVIDUAL FOODSERVICE'S *EX PARTE* APPLICATION TO CONTINUE HEARING AND BRIEFING SCHEDULE ON MOTION FOR PRELIMINARY INJUNCTION -- Unopposed** |

## I. *EX PARTE* APPLICATION

Plaintiff PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE ("IFS" or "Plaintiff") submits this **unopposed** *ex parte* application to continue the briefing schedule and hearing on its motion for preliminary injunction by two weeks that this Court scheduled on April 13, 2022. (ECF No. 22.) Pursuant to that Order, IFS is to file its motion for a preliminary injunction on Monday, April 25, 2022 with hearing on May 16, 2022.

## II. GOOD CAUSE EXISTS FOR EMERGENCY RELIEF

This emergency relief is necessary because IFS learned that the laptops and cell phones ("Devices") that Defendants Sabino Morales and Pablo Morales had used while working for IFS, were sent by CDF's consultant, Mr. Balot of OnLine Security (the computer forensic consultant that had possession of Devices) to one of its consultants by UPS Overnight on April 15, 2022 for imaging and analysis and that the Devices have not been delivered and were lost within UPS' system. (Forman Decl. ¶ 2.) No analysis has been undertaken.

IFS is informed that Mr. Balot has worked with UPS throughout the week, and is continuing to work with UPS, to attempt to locate and regain possession of the Devices. (Forman Decl. ¶ 3.)

Good cause exists to grant the *ex parte* relief due to this unforeseen event out of the control of IFS or its counsel in this an action for Violation of the Defend Trade Secrets Act, Violation of the California Uniform Trade Secrets Act and other claims. Absent the requested relief, IFS will not be able to provide the Court with any relevant analysis that might be forthcoming if the Devices are located.

IFS requests a brief two-week extension of the briefing schedule and hearing to allow UPS to exhaust its efforts in locating the Devices and allow for the forensic analysis to be completed so that any relevant information derived from the analysis may be included in its moving papers. Such *ex parte* relief will not prejudice Defendants, and will allow for the orderly, as opposed to piecemeal, presentation of

evidence.

### III. COMMUNICATIONS WITH COUNSEL RE *EX PARTE* APPLICATION AND ATTEMPT TO OBTAIN STIPULATION OR NON-OPPOSITION

The names, addresses, telephone numbers and e-mail addresses of counsel to Defendants Pablo Morales, Savino Morales, Sergio Escamilla, and Legacy Wholesale Group, LLC are as follows:

LESOWITZ GEBELIN LLP
Scott M. Lesowitz
scott@lawbylg.com
Steven T. Gebelin
steven@lawbylg.com
8383 Wilshire Boulevard, Suite 800,
Beverly Hills, CA 90211
Telephone: (310) 341-3072

JOHNSON & RAWI PC
Jeffery W. Johnson
jjohnson@johnsonrawi.com
99 South Lake Avenue, Suite 208,
Pasadena, California 91101
Telephone: (626) 585-5663

On April 22, 2022, when the devices still had not been located, Dan Forman, counsel to IFS, called counsel to Defendants to seek an agreement that would allow UPS to exhaust its efforts and allow for the analysis to be completed so that any relevant information could be included in the moving papers that are due on April 25, 2022 pursuant to this Court's Order. (Forman Decl. ¶ 4.) Mr. Forman left a voicemail message and followed it with an email summarizing his request and the issue. (Forman Decl. ¶ 4, Ex. 1.)

At 11:23, Mr. Forman had not received any telephonic or written response from Counsel to Defendants and sent a follow up email to determine whether Defendants had any opposition to an ex parte request for the new briefing and

hearing schedule. (Forman Decl. ¶ 5, Ex. 2.)

At 1:09 p.m. counsel to Defendants replied, asked to see the proposed ex parte papers and stated that "I expect that we won't file an opposition…." At 2:09 p.m., Counsel to Defendants provided a copy of its draft ex parte Application to counsel to Defendants. At 2:28 p.m., Counsel to Defendants advised that they would "leave it to the Court to decide whether to grant the application", did not oppose the request and asked that their email be attached. (Forman Decl. ¶ 6, Ex. 3.)

## IV. CONCLUSION

IFS requests that the Court continued the briefing schedule and hearing on its motion for preliminary injunction by two weeks as follows:

Moving Papers: From April 25, 2022 to May 9, 2022

Opposition: From May 2, 2022 to May 16, 2022

Reply: From May 9, 2022 to May 23, 2022

Hearing: From May 16, 2022 at 2:30 p.m. to June 6, 2022 at 2:30 p.m.

Dated: April 22, 2022

CDF LABOR LAW LLP
Amy S. Williams

By: _____/s/ *Dan M. Forman*_____
Dan M. Forman
Attorneys for Plaintiff
PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE