**LESOWITZ GEBELIN LLP**
Scott M. Lesowitz (SBN 261759)
        scott@lawbylg.com
Steven T. Gebelin (SBN 261507)
        steven@lawbylg.com
8383 Wilshire Boulevard, Suite 800, Beverly Hills, CA 90211
Telephone: (310) 341-3072; Facsimile:  (310) 341-3070

**JOHNSON & RAWI PC**
Jeffery W. Johnson (SBN 133467)
        jjohnson@johnsonrawi.com
99 South Lake Avenue, Suite 208, Pasadena, California 91101
Telephone: (626) 585-5663; Facsimile:  (626) 239-3630

*Attorneys for Defendants* Pablo Morales,
Savino Morales, Sergio Escamilla, and
*Defendant and Counter-Complainant* Legacy
Wholesale Group, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, dba INDIVIDUAL FOODSERVICE,<br><br>Plaintiff,<br><br>V.<br><br>PABLO MORALES, LEGACY WHOLESALE GROUP, LLC, SAVINO MORALES, SERGIO ESCAMILLA, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:22-cv-02120 ODW(JEMx)<br>[Assigned to the<br>*Honorable Otis D. Wright, II*]<br><br>**DEFENDANTS PABLO MORALES, SAVINO MORALES, SERGIO ESCAMILLA, AND LEGACY WHOLESALE GROUP, LLC's ANSWER TO PLAINTIFF PERRIN BERNARD SUPOWITZ, LLC, dba INDIVIDUAL FOODSERVICE'S COMPLAINT AND COUNTERCLAIM OF LEGACY WHOLESALE GROUP, LLC FOR (1) UNFAIR BUSINESS PRACTICES (LOSS LEADER ANTI-COMPETITIVE CONDUCT); and (2) UNFAIR COMPETITION** |

## ANSWER OF DEFENDANTS PABLO MORALES, SAVINO MORALES, SERGIO ESCAMILLA, AND LEGACY WHOLESALE GROUP, LLC

Defendants Pablo Morales ("Pablo"), Savino Morales ("Savino"), Sergio Escamilla ("Escamilla") and Legacy Wholesale Group, LLC ("Legacy") (collectively, "Defendants") hereby answer the ("Complaint") filed by Plaintiff Perrin Bernard Supowitz, LLC, dba Individual FoodService ("IFS") as follows. Defendants deny all allegations in the Complaint except where expressly admitted herein.

### PARTIES[1]

1.      Defendants admit that IFS is a limited liability company currently organized and existing under the laws of the State of California, and that it currently maintains offices and operations in Los Angeles County.  Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 1, on that basis deny them.

2.      Defendants admit that IFS distributes, imports and sells a wide variety of food, paper, plastic, packaging, containers, janitorial, and smallwares ("Goods") to wholesale, institutional and retail businesses and that IFS purchases from vendors and suppliers located in the United States and Mexico, and distributes its Goods to customers in California and other states in the USA.  Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 2, and on that basis deny them.

3.      Defendants admit the allegations of Paragraph 3.

4.      Defendants deny the allegations of Paragraph 4.

5.      Defendants admit the allegations of Paragraph 5, except that Legacy's business address is in Phoenix, Arizona 85043 (and not zip code 55043).

6.      Defendants admit the allegations of Paragraph 6.

7.      Defendants admit the allegations of Paragraph 7.

---

[1] Headings from the Complaint are included for convenience, but are not allegations to which a response is required or being provided.

8.      Defendants admit the allegations of Paragraph 8.

9.      Defendants neither admit nor deny the allegations contained in Paragraph 9 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 9 may be deemed allegations of fact, the Defendants deny them.

10.     Defendants neither admit nor deny the allegations contained in Paragraph 10 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 10 may be deemed allegations of fact, the Defendants admit that Savino, Pablo, and Escamilla are employees or agents of Legacy but otherwise deny the allegations of Paragraph 10.

## JURISDICTION AND VENUE

11.     Defendants neither admit nor deny the allegations contained in Paragraph 11 to the extent those allegations are conclusions of law to which no response is required; to the extent that any of the allegations of the Paragraph 11 may be deemed allegations of fact Defendants admit that IFS' claims as plead arise at least in part from interstate commerce.

12.     Defendants neither admit nor deny the allegations contained in Paragraph 12 as those allegations are conclusions of law to which no response is required.

13.     Defendants neither admit nor deny the allegations contained in Paragraph 13 to the extent those allegations are conclusions of law to which no response is required; to the extent that any of the allegations of the Paragraph 13 may be deemed allegations of fact Defendants admit that Pablo and Savino are residents of California and this judicial district, but deny the remainder of the allegations of Paragraph 13.

14.     Defendants neither admit nor deny the allegations contained in Paragraph 13 to the extent those allegations are conclusions of law to which no

response is required; to the extent that any of the allegations of the Paragraph 13 may be deemed allegations of fact Defendants admit that Legacy and Escamilla entered into a contract with IFS, which is located in the city of Bell in Los Angeles County, but deny the remainder of the allegations of Paragraph 14.

15.     Defendants neither admit nor deny the allegations contained in Paragraph 15 to the extent those allegations are conclusions of law to which no response is required; to the extent that any of the allegations of the Paragraph 15 may be deemed allegations of fact Defendants admit that they transact business in the district and that Savino and Pablo reside within the district.  Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 15, and on that basis deny them.

## GENERAL ALLEGATIONS

16.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16, and on that basis deny them.

17.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17, and on that basis deny them.

18.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18, and on that basis deny them.

19.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19, and on that basis deny them.

20.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20, and on that basis deny them.

21.     Defendants deny the allegations of Paragraph 21.

*IFS  v. Morales, et al.*
USDC, Case No. 2:22-cv-02120 ODW(JEMx)                3        **Defendants' Answer and
Counterclaim of Legacy Wholesale**

22.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22, and on that basis deny them.

23.     Defendants deny the allegations of Paragraph 23.

24.     Defendants admit that Pablo and Savino agreed that IFS maintains that certain purported confidentiality obligations would survive the termination of their employment with IFS, but deny the remainder of the allegations of Paragraph 24.

25.     Defendants deny the allegations of Paragraph 25.

26.     Defendants deny the allegations of Paragraph 26.

27.     Defendants deny the allegations of Paragraph 27.

28.     Defendants admit that IFS requested that Pablo and Savino return IFS property upon IFS' termination of their employment.  Defendants deny the remainder of the allegations of Paragraph 28.

29.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29, and on that basis deny them.

30.     Defendants admit that on or about, March 2021, Pablo, Savino, and Escamilla (collectively the "Individual Defendants") worked together to form Legacy and that Defendants intended Legacy would commence operations while Pablo and Savino continued to be employed by and work for IFS.  Defendants deny the remainder to the allegations of Paragraph 30.

31.     Defendants deny the allegations of Paragraph 31.

32.     Defendants admit that in August 2021, Pablo shepherded Legacy's application for Master Service Agreement and credit with IFS for approval and that Pablo did not disclose that he and Savino were partial owners of LEGACY.

33.     Defendants deny the allegations of Paragraph 33.

*IFS  v. Morales, et al.*
USDC, Case No. 2:22-cv-02120 ODW(JEMx)                4          **Defendants' Answer and
Counterclaim of Legacy Wholesale**

34.     Defendants admit that since March 2021, Pablo and Savino have conducted business for Legacy while being paid compensation by IFS for their work for IFS.  Defendants deny the remainder of the allegations of Paragraph 34.

35.     Defendants deny the allegations of Paragraph 35.

36.     Defendants admit that Pablo and/or Savino hired certain other IFS employees to work in their spare time as sales persons for Legacy.  Defendants deny the remainder of the allegations of Paragraph 36.

37.     Defendants deny the allegations of Paragraph 37.

38.     Defendants deny the allegations of Paragraph 38.

39.     Defendants deny instructing any IFS employee to use scheduled IFS worktime for the direct benefit of Legacy.  Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 39, and on that basis deny them.

40.     Defendants deny instructing any IFS employee to use scheduled IFS worktime for the direct benefit of Legacy.  Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 40, and on that basis deny them.

41.     Defendants admit that Pablo and Savino used pseudonyms to do business for Legacy, and that such pseudonyms may have been used in communications on behalf of Legacy with IFS.  Defendants deny the remainder of the allegations of Paragraph 41.

42.     Defendants deny that Pablo, Savino and Escamilla directed E1 and/or E2 to use fake names when doing business for LEGACY to hide their identities from IFS.

43.     Defendants admit that on or about March 31, 2022, Pablo and Savino's employment with IFS was terminated by IFS and that IFS demanded the return of all of its property.  Defendants deny the remainder of the allegations of Paragraph 43.

**COUNT 1 - VIOLATION OF THE DEFEND TRADE SECRETS ACT**

**(18 U.S.C. § 1836, et seq.)**

**(Against Individual Defendants and LEGACY)**

44.    Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 43 above as if fully set forth herein.

45.    Defendants deny the allegations of Paragraph 45.

46.    Defendants deny the allegations of Paragraph 46.

47.    Defendants deny the allegations of Paragraph 47.

48.    Defendants deny the allegations of Paragraph 48.

49.    Defendants deny the allegations of Paragraph 49.

50.    Defendants neither admit nor deny the allegations contained in Paragraph 50 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 50 may be deemed allegations of fact, the Defendants deny them.

51.    Defendants neither admit nor deny the allegations contained in Paragraph 51 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 51 may be deemed allegations of fact, the Defendants deny them.

52.    Defendants neither admit nor deny the allegations contained in Paragraph 52 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 52 may be deemed allegations of fact, the Defendants deny them.

53.    Defendants neither admit nor deny the allegations contained in Paragraph 53 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 53 may be deemed allegations of fact, the Defendants deny them.

**COUNT 2 – VIOLATION OF THE CALIFORNIA UNIFORM TRADE SECRETS ACT**

**(California Civil Code § 3426, et seq.)**

1    **(Against Individual Defendants and LEGACY )**

2    54.    Defendants repeat and reassert their responses to the allegations of

3    Paragraphs 1 through 53 above as if fully set forth herein.

4    55.    Defendants deny the allegations of Paragraph 55.

5    56.    Defendants deny the allegations of Paragraph 56.

6    57.    Defendants deny the allegations of Paragraph 57.

7    58.    Defendants deny the allegations of Paragraph 58.

8    59.    Defendants deny the allegations of Paragraph 59.

9    60.    Defendants neither admit nor deny the allegations contained in

10   Paragraph 60 to the extent those allegations are conclusions of law to which no

11   response is required; to the extent any of the allegations of the Paragraph 60 may be

12   deemed allegations of fact, the Defendants deny them.

13   61.    Defendants neither admit nor deny the allegations contained in

14   Paragraph 61 to the extent those allegations are conclusions of law to which no

15   response is required; to the extent any of the allegations of the Paragraph 61 may be

16   deemed allegations of fact, the Defendants deny them.

17   62.    Defendants neither admit nor deny the allegations contained in

18   Paragraph 62 to the extent those allegations are conclusions of law to which no

19   response is required; to the extent any of the allegations of the Paragraph 62 may be

20   deemed allegations of fact, the Defendants deny them.

21   63.    Defendants neither admit nor deny the allegations contained in

22   Paragraph 63 to the extent those allegations are conclusions of law to which no

23   response is required; to the extent any of the allegations of the Paragraph 63 may be

24   deemed allegations of fact, the Defendants deny them.

25   64.    Defendants neither admit nor deny the allegations contained in

26   Paragraph 64 to the extent those allegations are conclusions of law to which no

27   response is required; to the extent any of the allegations of the Paragraph 64 may be

28   deemed allegations of fact, the Defendants deny them.

## COUNT 3 – BREACH OF CONTRACT

### (Against Pablo and Savino)

65. Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 43 above as if fully set forth herein.

66. Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 66, and on that basis deny them.

67. Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67, and on that basis deny them.

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

70. Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70, and on that basis deny them.

71. Defendants admit that prior to March 2022, neither Pablo nor Savino advised IFS of their employment with and/or ownership interest in the entity that became Legacy. Defendants deny the remainder of the allegations of Paragraph 71.

72. Defendants neither admit nor deny the allegations contained in Paragraph 72 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 72 may be deemed allegations of fact, the Defendants deny them.

73. Defendants neither admit nor deny the allegations contained in Paragraph 73 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 73 may be deemed allegations of fact, the Defendants deny them.

## COUNT 4 - TORTIOUS INDUCEMENT TO BREACH OF CONTRACT

### (Against Individual Defendants and LEGACY)

74.     Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 43 above as if fully set forth herein.

75.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 75, and on that basis deny them.

76.     Defendants admit that they were aware certain employee-employer relationships between IFS and certain of its employees, including Pablo and Savino. Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 76, and on that basis deny them.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny the allegations of Paragraph 78.

79.     Defendants deny the allegations of Paragraph 79.

80.     Defendants admit that Pablo and Savino used pseudonyms in conducting business for Legacy.  Defendants deny the remainder of the allegations of Paragraph 80.

81.     Defendants neither admit nor deny the allegations contained in Paragraph 81 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 81 may be deemed allegations of fact, the Defendants deny them.

82.     Defendants neither admit nor deny the allegations contained in Paragraph 82 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 82 may be deemed allegations of fact, the Defendants deny them.

83.     Defendants neither admit nor deny the allegations contained in Paragraph 83 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 83 may be deemed allegations of fact, the Defendants deny them.

## COUNT 5 - BREACH OF DUTY OF LOYALTY

### (Against Pablo and Savino)

84.     Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 43 above as if fully set forth herein.

85.     Defendants neither admit nor deny the allegations contained in Paragraph 85 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 85 may be deemed allegations of fact, the Defendants deny them.

86.     Defendants neither admit nor deny the allegations contained in Paragraph 86 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 86 may be deemed allegations of fact, the Defendants deny them.

87.     Defendants admit that while employed by IFS, Pablo and Savino began to identify partners or investors for the entity that became Legacy and did not disclose this plan to IFS.  Defendants deny the remainder of the allegations of paragraph 87.

88.     Defendants admit that while employed by IFS, Pablo and Savino commenced working for Legacy, and did not disclose their employment with Legacy to IFS until March 2022.  Defendants deny the remainder of the allegations of paragraph 88.

89.     Defendants admit that Pablo and Savino used pseudonyms to do business for Legacy, and that such pseudonyms may have been used in communications on behalf of Legacy with IFS.  Defendants deny the remainder of the allegations of Paragraph 89.

90.     Defendants neither admit nor deny the allegations contained in Paragraph 90 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 90 may be deemed allegations of fact, the Defendants deny them.

*IFS  v. Morales, et al.*
USDC, Case No. 2:22-cv-02120 ODW(JEMx)                    10       **Defendants' Answer and
Counterclaim of Legacy Wholesale**

91.    Defendants deny the allegations of Paragraph 91.

92.    Defendants neither admit nor deny the allegations contained in Paragraph 92 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 92 may be deemed allegations of fact, the Defendants deny them.

93.    Defendants neither admit nor deny the allegations contained in Paragraph 93 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 93 may be deemed allegations of fact, the Defendants deny them.

94.    Defendants neither admit nor deny the allegations contained in Paragraph 94 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 94 may be deemed allegations of fact, the Defendants deny them.

## COUNT 6 – CONVERSION

### (Against Pablo and Savino)

95.    Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 43 above as if fully set forth herein.

96.    Defendants admit that IFS terminated its employment of Pablo and Savino on March 31, 2022 and that IFS demanded the return of its property from each of Pablo and Savino.  Defendants deny the remainder of the allegations of Paragraph 96.

97.    Defendants deny the allegations of Paragraph 97.

98.    Defendants deny the allegations of Paragraph 98.

99.    Defendants deny the allegations of Paragraph 99.

100.    Defendants deny the allegations of Paragraph 100.

101.    Defendants deny the allegations of Paragraph 101.

102.    Defendants neither admit nor deny the allegations contained in Paragraph 102 to the extent those allegations are conclusions of law to which no

1  response is required; to the extent any of the allegations of the Paragraph 102 may

2  be deemed allegations of fact, the Defendants deny them.

3      103.   Defendants neither admit nor deny the allegations contained in

4  Paragraph 103 to the extent those allegations are conclusions of law to which no

5  response is required; to the extent any of the allegations of the Paragraph 103 may

6  be deemed allegations of fact, the Defendants deny them.

7  **COUNT 7 - TORTIOUS INDUCEMENT TO BREACH DUTY OF LOYALTY**

8  **(Against Individual Defendants and LEGACY)**

9      104.   Defendants repeat and reassert their responses to the allegations of

10  Paragraphs 1 through 43 above as if fully set forth herein.

11      105.   Defendants neither admit nor deny the allegations contained in

12  Paragraph 105 to the extent those allegations are conclusions of law to which no

13  response is required; to the extent any of the allegations of the Paragraph 105 may

14  be deemed allegations of fact, Defendants presently lack knowledge or information

15  sufficient to form a belief about the truth of the remainder of the allegations of

16  Paragraph 105, and on that basis deny them.

17      106.   Defendants neither admit nor deny the allegations contained in

18  Paragraph 105 to the extent those allegations are conclusions of law to which no

19  response is required; to the extent any of the allegations of the Paragraph 105 may

20  be deemed allegations of fact, Defendants presently lack knowledge or information

21  sufficient to form a belief about the truth of the remainder of the allegations of

22  Paragraph 106, and on that basis deny them.

23      107.   Defendants deny the allegations of Paragraph 107.

24      108.   Defendants deny the allegations of Paragraph 108.

25      109.   Defendants neither admit nor deny the allegations contained in

26  Paragraph 109 to the extent those allegations are conclusions of law to which no

27  response is required; to the extent any of the allegations of the Paragraph 109 may

28  be deemed allegations of fact, the Defendants deny them.

1    110.    Defendants deny the allegations of Paragraph 110.

2    111.    Defendants deny the allegations of Paragraph 111.

3    **COUNT 8 - TORTIOUS INTERFERENCE WITH BUSINESS**

4    **RELATIONS/CONTRACT**

5    **(Against All Defendants)**

6    112.    Defendants repeat and reassert their responses to the allegations of

7    Paragraphs 1 through 43 above as if fully set forth herein.

8    113.    Defendants admit that IFS had business relationships with various

9    entities and/or individuals that are or were IFS' customers and/or suppliers.

10   Defendants presently lack knowledge or information sufficient to form a belief

11   about the truth of the remainder of the allegations of Paragraph 113, and on that

12   basis deny them.

13   114.    Defendants deny the allegations of Paragraph 114.

14   115.    Defendants deny the allegations of Paragraph 115.

15   116.    Defendants deny the allegations of Paragraph 116.

16   117.    Defendants deny the allegations of Paragraph 117.

17   118.    Defendants deny the allegations of Paragraph 118.

18   **COUNT 9 – UNFAIR COMPETITION**

19   **(California Business & Professions Code section 17200 et seq.)**

20   **(Against all Defendants)**

21   119.    Defendants repeat and reassert their responses to the allegations of

22   Paragraphs 1 through 43, , 75-83, 96-103, 105-111, and 113-118 above as if fully set

23   forth herein.

24   120.    Defendants neither admit nor deny the allegations contained in

25   Paragraph 120 to the extent those allegations are conclusions of law to which no

26   response is required; to the extent any of the allegations of the Paragraph 120 may

27   be deemed allegations of fact, the Defendants deny them.

28   121.    Defendants deny the allegations of Paragraph 121.

## PLAINTIFFS' PRAYER FOR RELIEF

The Defendants deny that Plaintiff is entitled to any relief whatsoever in this action, including without limitation any of the specific relief alleged in Paragraphs 1 through 9 of the Prayer for Relief in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendants have any burden of proof on Plaintiff's claims, Defendants hereby assert the following affirmative defenses. These affirmative defenses are asserted in the alternative, and in no way constitute any admission on the part of Defendants.

## FIRST AFFIRMATIVE DEFENSE

### (Voluntary Disclosure)

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, on the ground that Plaintiff disclosed its purported trade secrets to the public and/or persons not under any obligation to maintain their secrecy.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Secrecy)

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, on the ground that Plaintiff failed to maintain reasonable efforts to maintain the secrecy of its purported trade secrets.

## THIRD AFFIRMATIVE DEFENSE

### (Obvious or Readily Ascertainable Information)

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, on the ground that Plaintiff's purported trade secrets are obvious based on existing public information and/or readily ascertainable by proper means by others in the industry.

## FOURTH AFFIRMATIVE DEFENSE

### (No Improper Means)

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, on the ground that Plaintiff's purported trade secrets were learned by Defendants through proper means, such as independent derivation, public displays by Plaintiff, and/or carelessness by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to State Claim)

The Complaint, and each purported claim or cause of action contained therein, does not state facts sufficient to constitute a claim upon which relief may be granted against Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, on the ground that Plaintiff expressly and/or impliedly consented to, ratified and/or acquiesced in the alleged acts or omissions, if any, including but not limited to its acts in wholesaling its products to Defendants, and is therefore barred from any relief as prayed for in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims, and each of them in the Complaint are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Setoff / Recoupment)

Without conceding that any act of Defendants caused damage to the plaintiff or any other person in any respect, Defendants allege they are entitled to offset and recoup against any judgment that may be entered against them all obligations of the plaintiff owing to the Defendants, including but not limited to those arising from

1  Legacy's Counter-Claims as set forth below.

## NINTH AFFIRMATIVE DEFENSE

### (Preemption)

The Complaint, and each purported claim or cause of action contained therein other than the claims for trade secret violations, is preempted by the United States Defend Trade Secrets Act and/or California Uniform Trade Secrets Act.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's recovery against these answering Defendants, if any, is barred by Plaintiff's failure to mitigate the damages alleged in Plaintiff's Complaint, if such damages exist.  If not completely barred, Plaintiff's recovery against these answering Defendants must be reduced to the extent that Plaintiff's damages, if any, were caused by Plaintiff's failure to mitigate their damages properly.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Plaintiff's claims are barred, in whole or in part, because Plaintiff is prosecuting its claims in bad faith and for an improper purpose.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Cause)

Any harm to Plaintiff was caused not by Defendants but by the independent acts of third parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Harm)

Defendants are informed and believe, and on that basis allege that the Complaint is barred, in whole or in part, because Plaintiff has not suffered any losses, damages or detriments, in any sum or amount whatever, as a result of Defendants' activities

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants acted in good faith for proper business purposes in taking the actions alleged.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Business Justification)

Defendants allege upon information and belief, that their activities undertaken with respect to Plaintiff, if any, were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were neither arbitrary, capricious, nor unlawful.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Competitor's Privilege)

Defendants allege upon information and belief, that defendant was privileged and justified in acting as Defendants did and in taking any acts to advance their own business interests in competition (if any) with Plaintiff as alleged in the Complaint. Accordingly, Defendants cannot be liable for Plaintiff's damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Wrongful or Unlawful Intent)

Defendants allege that Plaintiff's claims are barred because any and all alleged wrongful or unlawful conduct attributed to Defendants was not unlawful, intentional or willful.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Novation)

On information and belief, Defendants allege that Plaintiff's causes of action based on an alleged breach of contract is barred and fails to state a cause of action by reason of the provisions of §§ 1530 et seq. of the Civil Code concerning novation. Following the novation, this defendant has performed all obligations fully to the extent not prevented by Plaintiff and Plaintiff has not performed the

1  obligations resting on plaintiff. Accordingly, the alleged contract cannot form a

2  basis for liability.

3  ### NINETEENTH AFFIRMATIVE DEFENSE

4  ### (Modification of contract)

5  On information and belief, Defendants allege that Plaintiff's causes of action

6  based on an alleged breach of contract are barred by reason of the provisions of §

7  1698 of the Civil Code governing the modification of contracts and the law relevant

8  thereto. The contracts described in the complaint has been the subject of oral and

9  written modifications agreed to by the parties, following which Defendants have

10  performed fully to the extent not prevented by Plaintiff. Accordingly, the original

11  contract cannot form a basis for liability and the modified contract cannot support

12  any liability on the part of Defendants.

13  ### TWENTIETH AFFIRMATIVE DEFENSE

14  ### (No Punitive Damages)

15  No punitive or exemplary damages can be awarded against the Defendants

16  arising out of the Plaintiff's claims because an award of punitive or exemplary

17  damages would be unconstitutional.

18  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

19  ### (No Attorneys' Fees and Costs)

20  Defendants allege that Plaintiff has failed to state or establish facts sufficient

21  to entitle it to a recovery of attorneys' fees and costs pursuant to any statute, rule, or

22  regulation under California or Federal law.

23  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

24  ### (Adequacy of Remedy at Law)

25  The alleged injury or damage suffered by Plaintiff, if any, and if proven, could

26  be adequately compensated by damages. Accordingly, Plaintiff has a complete and

27  adequate remedy at law and is not entitled to seek equitable relief.

28

1
2

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

3    The Complaint, and/or each purported claim contained therein, is barred, in
4 whole or in part, because such recovery would result in unjust enrichment to Plaintiff.

5

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

6

### (Frivolous Claims)

7    The Complaint, and/or each purported claim contained therein, is barred, in
8 whole or in part, on the ground that it is frivolous, unreasonable, not brought in good
9 faith and groundless.  Accordingly, Defendants are entitled to recover all costs and
10 attorneys' fees incurred herein.

11

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

12

### (No Waiver of Additional Affirmative Defenses)

13    Defendants reserve the right to assert additional affirmative defenses.

14

15

## LEGACY'S COUNTERCLAIMS AGAINST PLAINTIFF IFS

16    Defendant and Counter-Complainant Legacy Wholesale Group, LLC
17 ("Legacy") brings these counterclaims against Plaintiff and Counter-Defendant
18 Perrin Bernard Supowitz, LLC, dba Individual FoodService ("IFS") as follows:

19

## NATURE OF ACTION

20    1.    Legacy brings these counterclaims against IFS based on its anti-competitive
21 and improper actions in using unfair business practices to compete against Legacy.

22    2.    Legacy is a smaller competitor to IFS in the food services wholesale
23 industry, formed in part by former employees of IFS.  As a smaller supplier, Legacy
24 previously was a customer of IFS and would supply goods to smaller customers in
25 the food service industry.  On information and belief, upon learning of the
26 involvement of its former employees Pablo Morales ("Pablo") and Savino Morales
27 ("Savino") in Legacy's business, IFS has used "loss-leaders" to try and take
28 customers away from Legacy and to punish Pablo and Savino.  Legacy therefore

1  seeks monetary compensation and injunctive relief to prevent IFS from its unlawful

2  and unfair competition.

3  **PARTIES**

4  3.    Counter-Complainant Legacy Wholesale Group, LLC ("Legacy") is now,

5  and at all times mentioned in this complaint was, a corporation organized and

6  existing under the laws of the State of Arizona, with its principal place of business

7  in Maricopa County, Arizona. At all times mentioned in this complaint, plaintiff was

8  and is engaged in the business of selling supplies to food service businesses and

9  marketing paper, foam, and dry goods to customers within California.

10  4.    Counter-Defendant Perrin Bernard Supowitz, LLC, dba Individual

11  FoodService ("IFS") is now, and at all times mentioned in this complaint was, a

12  corporation organized and existing under the laws of the State of California, with its

13  principal place of business in Los Angeles County, California. At all times

14  mentioned in this complaint, defendant was and is engaged in the business of selling

15  goods to food service businesses, and competes with Legacy in the marketing of

16  paper, foam, and dry goods within California.

17  **JURISDICTION AND VENUE**

18  5.    Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity

19  jurisdiction) and/or 28 U.S.C. §1331 (controversy arising under United States law).

20  Supplemental jurisdiction to adjudicate issues pertaining to California state law is

21  proper in this Court under 28 U.S.C. §1367.

22  6.    Venue is proper in this Court under 28 U.S.C. § 1391 because IFS does

23  business within this district and the events that gave rise to Legacy's claims took

24  place in part or whole within this district.

25  **GENERAL ALLEGATIONS**

26  7.    In a declaration submitted in this action on May 9, 2022, IFS' Executive

27  Vice President and Chief Merchandising Officer Jeremy Shapiro has admitted under

28

1  oath that IFS would sell products as "loss leaders" in order to gain business from
2  specific customers.

3      8.   On information and belief, starting in or about April 2022, IFS offered for
4  sale foam food service products and began to sell the products as loss leaders to gain
5  business from specific customers and unfairly compete against Legacy.  For
6  example: IFS sold Reyma X9 plates at a price substantially lower than its cost. This
7  item was sold as a loss leader for the purpose of inducing the purchase of other
8  merchandise, with the effect of tending to mislead purchasers, and/or with the result
9  of diverting trade from competitors such as Legacy.

10     9.   On information and belief, IFS sold the loss leaders to customers across
11 California from its primary place of business in Bell, California.

12     10.  On information and belief, the loss leader products sold by IFS as described
13 above were limited to a quantity less than the entire supply of such articles owned
14 by IFS that defendant was otherwise authorized to sell at the place of sale, and the
15 price at which they were sold was in fact below the lower of invoice cost and/or
16 replacement cost.

17     11.  In selling the loss leaders as set forth above, IFS acted with the intent and
18 purpose to injure Legacy and to destroy the competition furnished by Legacy in that:
19 IFS selling such product(s) below cost caused injury to Legacy in lost sales and
20 injury to its reputation in the market, which constitutes presumptive evidence of
21 intent to violate Unfair Practices Act pursuant to Bus. & Prof. Code, §§ 17071.

22                              **<u>COUNT 1</u>**

23 **Violations of Unfair Practices Act (UPA), California Business & Professions**
24     **Code sections 17000- 17044 (Loss Leader Anticompetitive Conduct)**

25     12.  Legacy incorporates all preceding paragraphs 1 through 11 of this counter-
26 complaint as though fully set forth herein.

27     13.  IFS' acts were, and are, unlawful in that they constitute violations of the
28 California Unfair Practices Act, Bus. & Prof. Code, sections 17000 to 17210.  On

1  information and belief, none of the exceptions of the Act were, or are, applicable to

2  IFS' acts in selling items as a loss leader, as the goods sold were not damaged, were

3  not sold pursuant to a closeout sale or judicial sale, and they were not sold in a good

4  faith endeavor to meet the legal prices of any competitor.

5      14. Legacy has no adequate remedy at law in that IFS' acts have diverted trade

6  from Legacy in an anticompetitive and unfair manner, and are continuing to so

7  divert trade from plaintiff, resulting in a loss of Legacy's business, income,

8  customers, and goodwill, all of which will result in driving plaintiff out of business

9  if the acts of defendant are not enjoined.

10     15. Legacy is informed and believes and on that information and belief alleges

11  that the acts of IFS described above, done in violation of the California Unfair

12  Practices Act, have caused Legacy damages estimated to be in excess of

13  $250,000.00, and any further similar acts done by IFS will, unless restrained, cause

14  irreparable injury and damage to Legacy, the exact nature, amount, and extent of

15  those damages being impossible to ascertain. Pursuant to California Business and

16  Professions Code section 17082, Legacy is entitled to recover damages set as three

17  times the amount of the actual damages sustained by Legacy as a result of IFS'

18  unfair business practices described herein.

19     16. Legacy is entitled to an award of reasonable attorney's fees, together with

20  costs of suit, pursuant to Business and Professions Code section 17082.

21  **<u>COUNT 2</u>**

22  **Violation of Business & Profession Code §§ 17200-17208 for Engaging in**

23  **Unlawful, Unfair and Deceptive Business Acts and/or Practices**

24     17. Legacy incorporates all preceding paragraphs 1 through 16 of this counter-

25  complaint as though fully set forth herein.

26     18. The conduct alleged herein by IFS constitutes unfair and unlawful business

27  practices in violation of California Business & Professions Code section 17200 *et*

28  *seq*. Legacy is informed and believes and, based thereon, alleges that each of the

1 actions attributed to IFS in this Counter-Complaint demonstrated that IFS engaged

2 in unfair business practices in violation of California law, including in violation of

3 the California Unfair Practices Act, Bus. & Prof. Code, §§ 17000 to 17210.  Legacy

4 is informed and believes and, based thereon, alleges that IFS has used, and continue

5 to act and use unfair business practices in an unlawful manner in violation of its

6 responsibilities and obligations under the law, as well as basic principles of fair

7 competition.

8     19.  As a direct result of these concerted actions, Legacy has suffered monetary,

9 competitive, and irreparable harm and Legacy should be awarded restitution of all

10 profits received by Legacy, in the past and future, as a result of having engaged in

11 the wrongful conduct that has and will harm Legacy.

12

13 ## **PRAYER FOR RELIEF**

14 **WHEREFORE**, Defendants Pablo Morales, Savino Morales, Sergio Escamilla, and

15 Legacy Wholesale Group, LLC prays for judgment against Plaintiff Perrin Bernard

16 Supowitz, LLC, dba Individual FoodService on its Complaint as follows

17     a.     That Plaintiff takes nothing by way of its Complaint; and that judgment

18 be entered in favor of Defendants on all of Plaintiff's claims in its Complaint;

19     b.     That Defendants be awarded their costs of suit incurred in defense of

20 this action and reasonable attorney's fees as provided by law and/or applicable

21 contractual provisions;

22     c.     For an order determining that Plaintiff has no trade secret rights in any

23 information held by Defendants;

24     d.     To the extent that Plaintiff does have any trade secrets and rights

25 therein, that Defendants have not misappropriated any;

26     e.     That any injunctive relief granted against Defendants be supported by

27 sufficient bond;

28

1      f.      That any injunctive relief granted against Defendants be limited in

2  duration and/or as appropriate; and

3      g.      For such other and further relief as the Court deems proper.

4

5  Defendant and Counter-Complainant Legacy Wholesale Group, LLC further prays

6  for judgment on its Counter-Complaint against Plaintiff and Counter-Defendant

7  Perrin Bernard Supowitz, LLC, dba Individual FoodService as follows:

8      a.      A permanent injunction restraining and enjoining defendant from

9  continuing its loss leader business practices;

10      b.      During the pendency of this action, a preliminary injunction to enjoin

11  and restrain defendant from the acts and conduct set forth above;

12      c.      Damages set as three times the amount of the actual damages sustained

13  by Legacy as a result of IFS' unfair business practices, in accordance with the

14  provisions of Business and Professions Code section 17082;

15      d.      Reasonable attorney's fees, in accordance with the provisions of

16  Business and Professions Code section 17082;

17      e.      Costs of suit; and

18      f.      Any further relief that the court may deem just and equitable to deter

19  IFS from, and ensure against, the commission of a future violation of the Unfair

20  Practices Act.

21  Dated: June 7, 2022          **LESOWITZ GEBELIN LLP**

22                              By:   */s/ Steven T. Gebelin*

23                                    Steven T. Gebelin

24                                    Scott M. Lesowitz

25                                    *Attorneys for Defendants Pablo Morales, Savino*

26                                    *Morales, Sergio Escamilla, and Defendant and*

27                                    *Counter-Complaint Legacy Wholesale Group, LLC*

28

1

## DEMAND FOR JURY TRIAL

2     Defendants Pablo Morales, Savino Morales, Sergio Escamilla, and Defendant

3  and Counter-Complaint Legacy Wholesale Group, LLC hereby demands a trial by

4  jury on all issues so triable pursuant to Federal Rules of Civil Procedure, Rule 38,

5  and Central District of California Local Rules, Rule 38-1.

6

7    Dated: June 7, 2022        **LESOWITZ GEBELIN LLP**

8                                    By:    */s/ Steven T. Gebelin*

9                                            Steven T. Gebelin

10                                           Scott M. Lesowitz

11                                           *Attorneys for Defendants Pablo Morales, Savino*

12                                           *Morales, Sergio Escamilla, and Defendant and*

13                                           *Counter-Complaint Legacy Wholesale Group, LLC*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28