O

# United States District Court
# Central District of California

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PABLO MORALES, et al.,<br><br>    Defendants. | Case № 2:22-cv-02120-ODW (JEMx)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND [88] AND DENYING AS MOOT MOTION FOR PRELIMINARY INJUNCTION [28] AND MOTION FOR PARTIAL SUMMARY JUDGMENT [60]** |

## I.  INTRODUCTION

Plaintiff Perrin Bernard Supowitz LLC ("Perrin") brings suit against Pablo Morales; Legacy Wholesale Group, LLC; Savino Morales; and Sergio Escamilla for damages arising from Pablo's,[1] Savino's, and Escamilla's alleged diversion of Perrin's clients and sales to their own company, Legacy.  Having deposed Pablo, Perrin now seeks leave to amend the Complaint by adding a tenth claim for fraud against Pablo and Legacy.  (Mot. Leave Amend ("Motion" or "Mot."), ECF No. 88.)  Having carefully considered the papers filed in connection with the Motion, the Court finds the matter appropriate for decision without oral argument and accordingly **VACATES**

---

[1] First names of the Savinos are used for clarity and efficiency.  No disrespect is intended.

the hearing on the Motion. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons that follow, the Court **GRANTS** Perrin's Motion.

## II. BACKGROUND

Perrin does business as Individual Foodservice and is in the business of selling food service products. (Compl. ¶ 2, ECF No. 1.) Pablo Morales and Savino Morales are ex-employees of Perrin, and Perrin alleges that they and Escamilla, through their company Legacy: competed against Perrin; used Perrin's confidential and trade secret information to identify customers and vendors; purchased goods from Perrin's vendors at confidential pricing negotiated by Perrin; and sold goods to Perrin's customers at prices that were at or lower than Perrin's confidential pricing, all while Pablo and Savino still worked for Perrin. (*Id.* ¶ 30.)

On March 31, 2022, Perrin filed its Complaint, setting forth claims for (1) violation of the Defend Trade Secrets Act; (2) violation of the California Uniform Trade Secrets Act; (3) breach of contract; (4) tortious inducement to breach of contract; (5) breach of duty of loyalty; (6) conversion; (7) tortious inducement to breach duty of loyalty; (8) tortious interference with business relations; and (9) unfair competition. On April 25, 2022, Perrin moved for a temporary restraining order, and rather than granting immediate relief, the Court set Perrin's request as a formally noticed Motion for Preliminary Injunction. (Mot. Prelim. Inj., ECF No. 28.) That motion is fully briefed and remains pending. (Opp'n Prelim. Inj., ECF No. 38; Reply Prelim. Inj., ECF No. 43.)

Thereafter, on May 23, 2022, Defendants moved for partial summary judgment. (Mot. Partial Summ. J., ECF No. 60.) Upon Perrin's ex parte application, the Court found the summary judgment motion to be premature and continued the hearing to September 26, 2022. (Mins., ECF No. 74.) Defendants' summary judgment motion remains pending and is not yet fully briefed.

Perrin's Motion for Leave to Amend is now fully briefed and is ripe for determination. (Opp'n, ECF No. 96; Reply, ECF No. 97.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). The decision whether to grant leave to amend rests in the sound discretion of the district court. *California ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004). Courts should freely grant leave to amend absent special circumstances, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing the amendment bears the burden of showing why leave to amend should be denied. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987).

### IV. DISCUSSION

As a preliminary matter, under Central District of California Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Defendants dispute whether Perrin fulfilled this requirement before filing its Motion. (Opp'n 1.) Having reviewed the email correspondence of counsel submitted in connection with Perrin's Motion, the Court finds that Perrin satisfied this obligation and proceeds to the merits of the Motion.

Leave to amend is appropriate. Perrin's request is timely under the Scheduling and Case Management Order governing this case, (Scheduling & Case Management Order 24, ECF No. 80), and Defendants present no argument to carry their burden of showing that leave to amend is inappropriate, *DCD Programs*, 833 F.2d at 186–87. In particular, Defendants argue that Perrin has always been in possession of the two emails it now avers are the basis for amendment, that Perrin unduly delayed in moving

for leave to amend, and that Perrin's Motion should therefore be denied. (Opp'n 1.) But Perrin does not argue that the two emails alone provide a basis for amendment; it argues that the two emails, in combination with Pablo's newly acquired deposition testimony, provide a basis for amendment. (Mem. ISO Mot. 2, ECF No. 89.) This is a colorable argument that Defendants fail to rebut.

Otherwise, Defendants argue that Perrin's fraud claim cannot support a claim for damages, (Opp'n 1), but this is an argument better suited for a pleading attack or a dispositive motion, not a motion for leave to amend. The Court declines to deny leave to amend based on the assertion of futility.

For these reasons, Perrin's Motion is **GRANTED**.

Defendants' Motion for Partial Summary Judgment was based on the original Complaint, which is rendered inoperative by this Order. A summary judgment motion directed toward an inoperative pleading is moot. *See, e.g.*, *Green v. Bishop*, No. C10-5206BHS, 2010 WL 4690884, at *2 (W.D. Wash. Nov. 10, 2010) ([Defendant] elected to file its motion for summary judgment prior to the allotted due date for filing amended pleadings. Therefore, [defendant] is not prejudiced—it can renew its motion for summary judgment after the amended complaint is filed." (citation omitted)). Defendants' Motion for Partial Summary Judgment is therefore **DENIED AS MOOT**. (ECF No. 60.)

Perrin's Motion for Preliminary Injunction was also based on the now-inoperative Complaint. One of the principal inquiries raised by motions for preliminary injunctions is whether the moving party is likely to be successful on the merits of the action. This inquiry necessarily involves reference to the movant's claims, their sufficiency, and the evidence submitted in support thereof. Adding new allegations and claims significantly alters the preliminary injunction analysis and therefore moots the movant's request. *See, e.g.*, *Kifle v. YouTube LLC*, No. 21-cv-01752-CRB, 2021 WL 1530942, at *1 (N.D. Cal. Apr. 19, 2021). Perrin's Motion for Preliminary Injunction is accordingly **DENIED AS MOOT**. (ECF No. 28.)

## V. CONCLUSION

For these reasons, the Court **VACATES** the August 29, 2022 hearing on Perrin's Motion for Leave to Amend Complaint and **GRANTS** the Motion. (ECF No. 88.) Within <u>three (3) Court days</u> of the date of this Order, Perrin shall file a clean, separate copy of the First Amended Complaint as proposed. The parties are directed toward Central District of California Local Rule 15-3 regarding the date of service of the First Amended Complaint. Perrin's Motion for Preliminary Injunction and Defendants' Motion for Partial Summary Judgment are each **DENIED AS MOOT**. (ECF Nos. 28, 60.)

**IT IS SO ORDERED.**

August 25, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**