**LESOWITZ GEBELIN LLP**
Scott M. Lesowitz (SBN 261759)
      scott@lawbylg.com
Steven T. Gebelin (SBN 261507)
      steven@lawbylg.com
8383 Wilshire Boulevard, Suite 800, Beverly Hills, CA 90211
Telephone: (310) 341-3072; Facsimile: (310) 341-3070

**JOHNSON & RAWI PC**
Jeffery W. Johnson (SBN 133467)
      jjohnson@johnsonrawi.com
99 South Lake Avenue, Suite 208, Pasadena, California 91101
Telephone: (626) 585-5663; Facsimile: (626) 239-3630

*Attorneys for Defendants* Pablo Morales,
Savino Morales, Sergio Escamilla, and
*Defendant and Cross-Complainant* Legacy
Wholesale Group, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, dba INDIVIDUAL FOODSERVICE,<br><br>Plaintiff,<br><br>v.<br><br>PABLO MORALES, LEGACY WHOLESALE GROUP, LLC, SAVINO MORALES, SERGIO ESCAMILLA, and DOES 1 through 20, inclusive,<br><br>Defendants.<br><br>And Counterclaim | Case No. 2:22-cv-02120 ODW(JEMx)<br>[Assigned to the<br>*Honorable Otis D. Wright, II*]<br><br>**DEFENDANTS PABLO MORALES, SAVINO MORALES, SERGIO ESCAMILLA, AND LEGACY WHOLESALE GROUP, LLC's ANSWER TO PLAINTIFF PERRIN BERNARD SUPOWITZ, LLC, dba INDIVIDUAL FOODSERVICE'S FIRST AMENDED COMPLAINT** |

**ANSWER OF DEFENDANTS PABLO MORALES, SAVINO MORALES, SERGIO ESCAMILLA, AND LEGACY WHOLESALE GROUP, LLC**

Defendants Pablo Morales ("Pablo"), Savino Morales ("Savino"), Sergio Escamilla ("Escamilla") and Legacy Wholesale Group, LLC ("Legacy") (collectively, "Defendants") hereby answer the First Amended Complaint ("Complaint") filed by Plaintiff Perrin Bernard Supowitz, LLC, dba Individual FoodService ("IFS") as follows. Defendants deny all allegations in the Complaint except where expressly admitted herein.

**PARTIES[1]**

1.     Defendants admit that IFS is a limited liability company currently organized and existing under the laws of the State of California, and that it currently maintains offices and operations in Los Angeles County. Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 1, on that basis deny them.

2.     Defendants admit that IFS distributes, imports and sells a wide variety of food, paper, plastic, packaging, containers, janitorial, and smallwares ("Goods") to wholesale, institutional and retail businesses and that IFS purchases from vendors and suppliers located in the United States and Mexico, and distributes its Goods to customers in California and other states in the USA. Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 2, and on that basis deny them.

3.     Defendants admit the allegations of Paragraph 3.

4.     Defendants deny the allegations of Paragraph 4.

5.  Defendants admit the allegations of Paragraph 5, except that Legacy's business address is in Phoenix, Arizona 85043 (and not zip code 55043).

6.     Defendants admit the allegations of Paragraph 6.

---

[1] Headings from the Complaint are included for convenience, but are not allegations to which a response is required or being provided.

7.      Defendants admit the allegations of Paragraph 7.

8.      Defendants admit the allegations of Paragraph 8.

9.      Defendants neither admit nor deny the allegations contained in Paragraph 9 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 9 may be deemed allegations of fact, the Defendants deny them.

10.      Defendants neither admit nor deny the allegations contained in Paragraph 10 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 10 may be deemed allegations of fact, the Defendants admit that Savino, Pablo, and Escamilla are employees or agents of Legacy but otherwise deny the allegations of Paragraph 10.

## JURISDICTION AND VENUE

11.      Defendants neither admit nor deny the allegations contained in Paragraph 11 to the extent those allegations are conclusions of law to which no response is required; to the extent that any of the allegations of the Paragraph 11 may be deemed allegations of fact Defendants admit that IFS' claims as plead arise at least in part from interstate commerce.

12.      Defendants neither admit nor deny the allegations contained in Paragraph 12 as those allegations are conclusions of law to which no response is required.

13.      Defendants neither admit nor deny the allegations contained in Paragraph 13 to the extent those allegations are conclusions of law to which no response is required; to the extent that any of the allegations of the Paragraph 13 may be deemed allegations of fact Defendants admit that Pablo and Savino are residents of California and this judicial district, but deny the remainder of the allegations of Paragraph 13.

14.     Defendants neither admit nor deny the allegations contained in Paragraph 13 to the extent those allegations are conclusions of law to which no response is required; to the extent that any of the allegations of the Paragraph 13 may be deemed allegations of fact Defendants admit that Legacy and Escamilla entered into a contract with IFS, which is located in the city of Bell in Los Angeles County, but deny the remainder of the allegations of Paragraph 14.

15.     Defendants neither admit nor deny the allegations contained in Paragraph 15 to the extent those allegations are conclusions of law to which no response is required; to the extent that any of the allegations of the Paragraph 15 may be deemed allegations of fact Defendants admit that they transact business in the district and that Savino and Pablo reside within the district.  Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 15, and on that basis deny them.

## **GENERAL ALLEGATIONS**

16.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16, and on that basis deny them.

17.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17, and on that basis deny them.

18.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18, and on that basis deny them.

19.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19, and on that basis deny them.

20.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20, and on that basis deny them.

21.     Defendants deny the allegations of Paragraph 21.

22.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22, and on that basis deny them.

23.     Defendants deny the allegations of Paragraph 23.

24.     Defendants admit that Pablo and Savino agreed that IFS maintains that certain purported confidentiality obligations would survive the termination of their employment with IFS, but deny the remainder of the allegations of Paragraph 24.

25.     Defendants deny the allegations of Paragraph 25.

26.     Defendants deny the allegations of Paragraph 26.

27.     Defendants deny the allegations of Paragraph 27.

28.     Defendants admit that IFS requested that Pablo and Savino return IFS property upon IFS' termination of their employment.  Defendants deny the remainder of the allegations of Paragraph 28.

29.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29, and on that basis deny them.

30.     Defendants admit that on or about, March 2021, Pablo, Savino, and Escamilla (collectively the "Individual Defendants") worked together to form Legacy and that Defendants intended Legacy would commence operations while Pablo and Savino continued to be employed by and work for IFS.  Defendants deny the remainder to the allegations of Paragraph 30.

31.     Defendants deny the allegations of Paragraph 31.

1      32.    Defendants admit that in August 2021, Pablo shepherded Legacy's

2 application for Master Service Agreement and credit with IFS for approval and that

3 Pablo did not disclose that he and Savino were partial owners of LEGACY.

4      33.    Defendants deny the allegations of Paragraph 33.

5      34.    Defendants admit that since March 2021, Pablo and Savino have

6 conducted business for Legacy while being paid compensation by IFS for their work

7 for IFS.  Defendants deny the remainder of the allegations of Paragraph 34.

8      35.    Defendants deny the allegations of Paragraph 35.

9      36.    Defendants admit that Pablo and/or Savino hired certain other IFS

10 employees to work in their spare time as sales persons for Legacy.  Defendants deny

11 the remainder of the allegations of Paragraph 36.

12      37.    Defendants deny the allegations of Paragraph 37.

13      38.    Defendants deny the allegations of Paragraph 38.

14      39.    Defendants deny instructing any IFS employee to use scheduled IFS

15 worktime for the direct benefit of Legacy.  Defendants presently lack knowledge or

16 information sufficient to form a belief about the truth of the remainder of the

17 allegations of Paragraph 39, and on that basis deny them.

18      40.    Defendants deny instructing any IFS employee to use scheduled IFS

19 worktime for the direct benefit of Legacy.  Defendants presently lack knowledge or

20 information sufficient to form a belief about the truth of the remainder of the

21 allegations of Paragraph 40, and on that basis deny them.

22      41.    Defendants admit that Pablo and Savino used pseudonyms to do

23 business for Legacy, and that such pseudonyms may have been used in

24 communications on behalf of Legacy with IFS.  Defendants deny the remainder of

25 the allegations of Paragraph 41.

26      42.    Defendants deny that Pablo, Savino and Escamilla directed E1 and/or

27 E2 to use fake names when doing business for LEGACY to hide their identities

28 from IFS.

43.     Defendants admit that on or about March 31, 2022, Pablo and Savino's employment with IFS was terminated by IFS and that IFS demanded the return of all of its property.  Defendants deny the remainder of the allegations of Paragraph 43.

**COUNT 1 - VIOLATION OF THE DEFEND TRADE SECRETS ACT**

**(18 U.S.C. § 1836, et seq.)**

**(Against Individual Defendants and LEGACY)**

44.     Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 43 above as if fully set forth herein.

45.     Defendants deny the allegations of Paragraph 45.

46.     Defendants deny the allegations of Paragraph 46.

47.     Defendants deny the allegations of Paragraph 47.

48.     Defendants deny the allegations of Paragraph 48.

49.     Defendants deny the allegations of Paragraph 49.

50.     Defendants neither admit nor deny the allegations contained in Paragraph 50 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 50 may be deemed allegations of fact, the Defendants deny them.

51.     Defendants neither admit nor deny the allegations contained in Paragraph 51 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 51 may be deemed allegations of fact, the Defendants deny them.

52.     Defendants neither admit nor deny the allegations contained in Paragraph 52 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 52 may be deemed allegations of fact, the Defendants deny them.

53.     Defendants neither admit nor deny the allegations contained in Paragraph 53 to the extent those allegations are conclusions of law to which no

1  response is required; to the extent any of the allegations of the Paragraph 53 may be
2  deemed allegations of fact, the Defendants deny them.

3  **COUNT 2 – VIOLATION OF THE CALIFORNIA UNIFORM TRADE**
4  **SECRETS ACT**
5  **(California Civil Code § 3426, et seq.)**
6  **(Against Individual Defendants and LEGACY )**

7  54.   Defendants repeat and reassert their responses to the allegations of
8  Paragraphs 1 through 53 above as if fully set forth herein.

9  55.   Defendants deny the allegations of Paragraph 55.

10  56.   Defendants deny the allegations of Paragraph 56.

11  57.   Defendants deny the allegations of Paragraph 57.

12  58.   Defendants deny the allegations of Paragraph 58.

13  59.   Defendants deny the allegations of Paragraph 59.

14  60.   Defendants neither admit nor deny the allegations contained in
15  Paragraph 60 to the extent those allegations are conclusions of law to which no
16  response is required; to the extent any of the allegations of the Paragraph 60 may be
17  deemed allegations of fact, the Defendants deny them.

18  61.   Defendants neither admit nor deny the allegations contained in
19  Paragraph 61 to the extent those allegations are conclusions of law to which no
20  response is required; to the extent any of the allegations of the Paragraph 61 may be
21  deemed allegations of fact, the Defendants deny them.

22  62.   Defendants neither admit nor deny the allegations contained in
23  Paragraph 62 to the extent those allegations are conclusions of law to which no
24  response is required; to the extent any of the allegations of the Paragraph 62 may be
25  deemed allegations of fact, the Defendants deny them.

26  63.   Defendants neither admit nor deny the allegations contained in
27  Paragraph 63 to the extent those allegations are conclusions of law to which no

28

response is required; to the extent any of the allegations of the Paragraph 63 may be deemed allegations of fact, the Defendants deny them.

64.     Defendants neither admit nor deny the allegations contained in Paragraph 64 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 64 may be deemed allegations of fact, the Defendants deny them.

## COUNT 3 – BREACH OF CONTRACT

### (Against Pablo and Savino)

65.     Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 43 above as if fully set forth herein.

66.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 66, and on that basis deny them.

67.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67, and on that basis deny them.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70, and on that basis deny them.

71.     Defendants admit that prior to March 2022, neither Pablo nor Savino advised IFS of their employment with and/or ownership interest in the entity that became Legacy.  Defendants deny the remainder of the allegations of Paragraph 71.

72.     Defendants neither admit nor deny the allegations contained in Paragraph 72 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 72 may be deemed allegations of fact, the Defendants deny them.

73.     Defendants neither admit nor deny the allegations contained in Paragraph 73 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 73 may be deemed allegations of fact, the Defendants deny them.

## COUNT 4 - TORTIOUS INDUCEMENT TO BREACH OF CONTRACT
### (Against Individual Defendants and LEGACY)

74.     Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 43 above as if fully set forth herein.

75.     Defendants presently lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 75, and on that basis deny them.

76.     Defendants admit that they were aware certain employee-employer relationships between IFS and certain of its employees, including Pablo and Savino. Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 76, and on that basis deny them.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny the allegations of Paragraph 78.

79.     Defendants deny the allegations of Paragraph 79.

80.     Defendants admit that Pablo and Savino used pseudonyms in conducting business for Legacy.  Defendants deny the remainder of the allegations of Paragraph 80.

81.     Defendants neither admit nor deny the allegations contained in Paragraph 81 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 81 may be deemed allegations of fact, the Defendants deny them.

82.     Defendants neither admit nor deny the allegations contained in Paragraph 82 to the extent those allegations are conclusions of law to which no

*IFS  v. Morales, et al.*
USDC, Case No. 2:22-cv-02120 ODW(JEMx)                9                    **Defendants' Answer to the First Amended
Complaint**

1  response is required; to the extent any of the allegations of the Paragraph 82 may be
2  deemed allegations of fact, the Defendants deny them.

3       83.    Defendants neither admit nor deny the allegations contained in
4  Paragraph 83 to the extent those allegations are conclusions of law to which no
5  response is required; to the extent any of the allegations of the Paragraph 83 may be
6  deemed allegations of fact, the Defendants deny them.

7  ## COUNT 5 - BREACH OF DUTY OF LOYALTY
8  ### (Against Pablo and Savino)

9       84.    Defendants repeat and reassert their responses to the allegations of
10  Paragraphs 1 through 43 above as if fully set forth herein.

11       85.    Defendants neither admit nor deny the allegations contained in
12  Paragraph 85 to the extent those allegations are conclusions of law to which no
13  response is required; to the extent any of the allegations of the Paragraph 85 may be
14  deemed allegations of fact, the Defendants deny them.

15       86.    Defendants neither admit nor deny the allegations contained in
16  Paragraph 86 to the extent those allegations are conclusions of law to which no
17  response is required; to the extent any of the allegations of the Paragraph 86 may be
18  deemed allegations of fact, the Defendants deny them.

19       87.    Defendants admit that while employed by IFS, Pablo and Savino began
20  to identify partners or investors for the entity that became Legacy and did not
21  disclose this plan to IFS.  Defendants deny the remainder of the allegations of
22  paragraph 87.

23       88.    Defendants admit that while employed by IFS, Pablo and Savino
24  commenced working for Legacy, and did not disclose their employment with
25  Legacy to IFS until March 2022.  Defendants deny the remainder of the allegations
26  of paragraph 88.

27       89.    Defendants admit that Pablo and Savino used pseudonyms to do
28  business for Legacy, and that such pseudonyms may have been used in

*IFS  v. Morales, et al.*
USDC, Case No. 2:22-cv-02120 ODW(JEMx)
10
**Defendants' Answer to the First Amended Complaint**

communications on behalf of Legacy with IFS.  Defendants deny the remainder of the allegations of Paragraph 89.

90.    Defendants neither admit nor deny the allegations contained in Paragraph 90 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 90 may be deemed allegations of fact, the Defendants deny them.

91.    Defendants deny the allegations of Paragraph 91.

92.    Defendants neither admit nor deny the allegations contained in Paragraph 92 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 92 may be deemed allegations of fact, the Defendants deny them.

93.    Defendants neither admit nor deny the allegations contained in Paragraph 93 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 93 may be deemed allegations of fact, the Defendants deny them.

94.    Defendants neither admit nor deny the allegations contained in Paragraph 94 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 94 may be deemed allegations of fact, the Defendants deny them.

**COUNT 6 – CONVERSION**

**(Against Pablo and Savino)**

95.    Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 43 above as if fully set forth herein.

96.    Defendants admit that IFS terminated its employment of Pablo and Savino on March 31, 2022 and that IFS demanded the return of its property from each of Pablo and Savino.  Defendants deny the remainder of the allegations of Paragraph 96.

97.    Defendants deny the allegations of Paragraph 97.

98.   Defendants deny the allegations of Paragraph 98.

99.   Defendants deny the allegations of Paragraph 99.

100.   Defendants deny the allegations of Paragraph 100.

101.   Defendants deny the allegations of Paragraph 101.

102.   Defendants neither admit nor deny the allegations contained in Paragraph 102 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 102 may be deemed allegations of fact, the Defendants deny them.

103.   Defendants neither admit nor deny the allegations contained in Paragraph 103 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 103 may be deemed allegations of fact, the Defendants deny them.

**COUNT 7 - TORTIOUS INDUCEMENT TO BREACH DUTY OF LOYALTY**

**(Against Individual Defendants and LEGACY)**

104.   Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 43 above as if fully set forth herein.

105.   Defendants neither admit nor deny the allegations contained in Paragraph 105 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 105 may be deemed allegations of fact, Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 105, and on that basis deny them.

106.   Defendants neither admit nor deny the allegations contained in Paragraph 105 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 105 may be deemed allegations of fact, Defendants presently lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations of Paragraph 106, and on that basis deny them.

1    107.   Defendants deny the allegations of Paragraph 107.

2    108.   Defendants deny the allegations of Paragraph 108.

3    109.   Defendants neither admit nor deny the allegations contained in

4  Paragraph 109 to the extent those allegations are conclusions of law to which no

5  response is required; to the extent any of the allegations of the Paragraph 109 may

6  be deemed allegations of fact, the Defendants deny them.

7    110.   Defendants deny the allegations of Paragraph 110.

8    111.   Defendants deny the allegations of Paragraph 111.

9           **COUNT 8 - TORTIOUS INTERFERENCE WITH BUSINESS**

10                              **RELATIONS/CONTRACT**

11                             **(Against All Defendants)**

12    112.   Defendants repeat and reassert their responses to the allegations of

13  Paragraphs 1 through 43 above as if fully set forth herein.

14    113.   Defendants admit that IFS had business relationships with various

15  entities and/or individuals that are or were IFS' customers and/or suppliers.

16  Defendants presently lack knowledge or information sufficient to form a belief

17  about the truth of the remainder of the allegations of Paragraph 113, and on that

18  basis deny them.

19    114.   Defendants deny the allegations of Paragraph 114.

20    115.   Defendants deny the allegations of Paragraph 115.

21    116.   Defendants deny the allegations of Paragraph 116.

22    117.   Defendants deny the allegations of Paragraph 117.

23    118.   Defendants deny the allegations of Paragraph 118.

24                 **COUNT 9 – UNFAIR COMPETITION**

25   **(California Business & Professions Code section 17200 et seq.)**

26                        **(Against all Defendants)**

27

28

---

119.   Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 43, 75-83, 96-103, 105-111, and 113-118 above as if fully set forth herein.

120.   Defendants neither admit nor deny the allegations contained in Paragraph 120 to the extent those allegations are conclusions of law to which no response is required; to the extent any of the allegations of the Paragraph 120 may be deemed allegations of fact, the Defendants deny them.

121.   Defendants deny the allegations of Paragraph 121.

**COUNT 10 – FRAUD**

**(California Civil Code §§ 1709; 1710(1) and (3))**

**(Against Defendants Pablo and Legacy)**

122.   Defendants repeat and reassert their responses to the allegations of Paragraphs 1 through 32, 66-73, 85-94, and 120-121 above as if fully set forth herein.

123.   Defendants object that Paragraph 123 is vague and ambiguous. Defendants deny the allegations of Paragraph 123.

124.   Defendants admit IFS' possession of a document with such text but deny the allegations of Paragraph 124.

125.   The contents of the document speak for themselves. Otherwise, Defendants deny the allegations of Paragraph 125, which are conclusory commentary.

126.   Defendants deny the allegations of Paragraph 126.

127.   Defendants deny the allegations of Paragraph 127.

128.   Defendants deny the allegations of Paragraph 128.

129.   Defendants deny the allegations of Paragraph 129.

## **PLAINTIFFS' PRAYER FOR RELIEF**

The Defendants deny that Plaintiff is entitled to any relief whatsoever in this action, including without limitation any of the specific relief alleged in Paragraphs 1 through 9 of the Prayer for Relief in Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendants have any burden of proof on Plaintiff's claims, Defendants hereby assert the following affirmative defenses. These affirmative defenses are asserted in the alternative, and in no way constitute any admission on the part of Defendants.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Voluntary Disclosure)**

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, on the ground that Plaintiff disclosed its purported trade secrets to the public and/or persons not under any obligation to maintain their secrecy.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Lack of Secrecy)**

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, on the ground that Plaintiff failed to maintain reasonable efforts to maintain the secrecy of its purported trade secrets.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Obvious or Readily Ascertainable Information)**

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, on the ground that Plaintiff's purported trade secrets are obvious based on existing public information and/or readily ascertainable by proper means by others in the industry.

## FOURTH AFFIRMATIVE DEFENSE

### (No Improper Means)

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, on the ground that Plaintiff's purported trade secrets were learned by Defendants through proper means, such as independent derivation, public displays by Plaintiff, and/or carelessness by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to State Claim)

The Complaint, and each purported claim or cause of action contained therein, does not state facts sufficient to constitute a claim upon which relief may be granted against Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, on the ground that Plaintiff expressly and/or impliedly consented to, ratified and/or acquiesced in the alleged acts or omissions, if any, including but not limited to its acts in wholesaling its products to Defendants, and is therefore barred from any relief as prayed for in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims, and each of them in the Complaint are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

The Complaint, and each purported claim or cause of action contained therein, other than the claims for trade secret violations, is preempted by the United States Defend Trade Secrets Act and/or California Uniform Trade Secrets Act.

## NINTH AFFIRMATIVE DEFENSE

IFS  v. Morales, et al.
USDC, Case No. 2:22-cv-02120 ODW(JEMx)

16

Defendants' Answer to the First Amended Complaint

**(Failure to Mitigate)**

Plaintiff's recovery against these answering Defendants, if any, is barred by Plaintiff's failure to mitigate the damages alleged in Plaintiff's Complaint, if such damages exist.  If not completely barred, Plaintiff's recovery against these answering Defendants must be reduced to the extent that Plaintiff's damages, if any, were caused by Plaintiff's failure to mitigate their damages properly.

**TENTH AFFIRMATIVE DEFENSE**

**(Bad Faith)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is prosecuting its claims in bad faith and for an improper purpose.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Intervening Cause)**

Any harm to Plaintiff was caused not by Defendants but by the independent acts of third parties.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Lack of Harm)**

Defendants are informed and believe, and on that basis allege that the Complaint is barred, in whole or in part, because Plaintiff has not suffered any losses, damages or detriments, in any sum or amount whatever, as a result of Defendants' activities

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendants acted in good faith for proper business purposes in taking the actions alleged.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Business Justification)**

Defendants allege upon information and belief, that their activities undertaken with respect to Plaintiff, if any, were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were

1  neither arbitrary, capricious, nor unlawful.

2  <u>**FIFTEENTH AFFIRMATIVE DEFENSE**</u>

3  **(Competitor's Privilege)**

4  Defendants allege upon information and belief, that defendant was privileged

5  and justified in acting as Defendants did and in taking any acts to advance their own

6  business interests in competition (if any) with Plaintiff as alleged in the Complaint.

7  Accordingly, Defendants cannot be liable for Plaintiff's damages, if any.

8  <u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

9  **(No Wrongful or Unlawful Intent)**

10  Defendants allege that Plaintiff's claims are barred because any and all

11  alleged wrongful or unlawful conduct attributed to Defendants was not unlawful,

12  intentional or willful.

13  <u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

14  **(Novation)**

15  On information and belief, Defendants allege that Plaintiff's causes of action

16  based on an alleged breach of contract is barred and fails to state a cause of action

17  by reason of the provisions of §§ 1530 et seq. of the Civil Code concerning

18  novation. Following the novation, this defendant has performed all obligations fully

19  to the extent not prevented by Plaintiff and Plaintiff has not performed the

20  obligations resting on plaintiff. Accordingly, the alleged contract cannot form a

21  basis for liability.

22  <u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

23  **(Modification of contract)**

24  On information and belief, Defendants allege that Plaintiff's causes of action

25  based on an alleged breach of contract are barred by reason of the provisions of §

26  1698 of the Civil Code governing the modification of contracts and the law relevant

27  thereto. The contracts described in the complaint has been the subject of oral and

28  written modifications agreed to by the parties, following which Defendants have

*IFS v. Morales, et al.*
USDC, Case No. 2:22-cv-02120 ODW(JEMx)
18
**Defendants' Answer to the First Amended Complaint**

1  performed fully to the extent not prevented by Plaintiff. Accordingly, the original

2  contract cannot form a basis for liability and the modified contract cannot support

3  any liability on the part of Defendants.

4  **NINETEENTH AFFIRMATIVE DEFENSE**

5  **(No Punitive Damages)**

6  No punitive or exemplary damages can be awarded against the Defendants

7  arising out of the Plaintiff's claims because an award of punitive or exemplary

8  damages would be unconstitutional.

9  **TWENTIETH AFFIRMATIVE DEFENSE**

10  **(No Attorneys' Fees and Costs)**

11  Defendants allege that Plaintiff has failed to state or establish facts sufficient

12  to entitle it to a recovery of attorneys' fees and costs pursuant to any statute, rule, or

13  regulation under California or Federal law.

14  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

15  **(Adequacy of Remedy at Law)**

16  The alleged injury or damage suffered by Plaintiff, if any, and if proven, could

17  be adequately compensated by damages. Accordingly, Plaintiff has a complete and

18  adequate remedy at law and is not entitled to seek equitable relief.

19  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

20  **(Unjust Enrichment)**

21  The Complaint, and/or each purported claim contained therein, is barred, in

22  whole or in part, because such recovery would result in unjust enrichment to Plaintiff.

23  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

24  **(Frivolous Claims)**

25  The Complaint, and/or each purported claim contained therein, is barred, in

26  whole or in part, on the ground that it is frivolous, unreasonable, not brought in good

27  faith and groundless.  Accordingly, Defendants are entitled to recover all costs and

28  attorneys' fees incurred herein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No Waiver of Additional Affirmative Defenses)

Defendants reserve the right to assert additional affirmative defenses.

eged in the Complaint.

## PRAYER FOR RELIEF

Wherefore Defendants prays for judgment as follows:

a.      That Plaintiff takes nothing by way of its Complaint; and that judgment be entered in favor of Defendants on all of Plaintiff's claims in its Complaint;

b.      That Defendants be awarded their costs of suit incurred in defense of this action and reasonable attorney's fees as provided by law,;

c.      For an order determining that Plaintiff has no trade secret rights in any information held by Defendants;

d.      To the extent that Plaintiff does have any trade secrets and rights therein, that Defendants have not misappropriated any;

e.      That any injunctive relief granted against Defendants be supported by sufficient bond;

f.      That any injunctive relief granted against Defendants be limited in duration and/or as appropriate; and

## DEMAND FOR JURY

Defendants demand their full rights to a jury trial as to all causes of action and all claims.

Respectfully submitted.

Dated: September 6, 2022          LESOWITZ GEBELIN
                                 /s/ *Scott M. Lesowitz*
                                 Attorney and Partner
                                 For Lesowitz Gebelin LLP, Counsel for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28