CDF LABOR LAW LLP
 Dan M. Forman, State Bar No. 155811
  dforman@cdflaborlaw.com
 Amy S. Williams, State Bar No. 228853
  awilliams@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone: (213) 612-6300

Attorneys for Plaintiff/Counter-Defendant
PERRIN BERNARD SUPOWITZ, LLC, a
California LLC dba INDIVIDUAL
FOODSERVICE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE,<br><br>  Plaintiff,<br> v.<br>PABLO MORALES, an individual; LEGACY WHOLESALE GROUP, LLC, an Arizona Limited Liability Corporation; SAVINO MORALES, an individual; and SERGIO ESCAMILLA, an individual; and DOES 1 through 20, inclusive,<br><br>  Defendants.<br><br>LEGACY WHOLESALE GROUP, LLC,<br><br>  Counter-Plaintiff,<br> v.<br>PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE,<br><br>  Counter-Defendant. | Case No. 2:22-cv-02120-ODW-JEM<br><br>Mag. Judge: John E. McDermott<br>Ctrm: 640<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OF RECORDS FROM M & E; REQUEST FOR SANCTIONS**<br><br>Date: November 8, 2022<br>Time: 10:00 a.m.<br>Ctrm: 640<br><br>Discovery Cut-off: December 19, 2022<br>Pretrial Conference: March 27, 2023<br>Trial Date: April 18, 2023 |

# I. INTRODUCTION

Plaintiff Perrin Bernard Supowitz, LLC dba Individual FoodService ("Plaintiff" or "IFS") is a distribution business that purchases goods from manufacturers and large suppliers and sells those goods to restaurants, convenience stores, grocery stores, schools, hospitals and other businesses that use and resell food, beverages, storage containers, disposable utensils, food preparation equipment, cleaning and janitorial supplies.

Defendants Pablo Morales ("Pablo") and Savino Morales ("Savino") worked for IFS as outside salespersons for more than 20 years. In March 2021 Pablo and Savino, along with their friend and attorney, Defendant Sergio Escamilla ("Sergio"), created fake names and used IFS' trade secret and confidential information to form a competing business, Defendant Legacy Wholesale Group, LLC ("Legacy"). In August 2021, Pablo fraudulently induced IFS to authorize the sale of goods to Legacy without disclosing his or Savino's ownership of Legacy, and caused IFS to sell goods to Legacy at prices that were lower than what Legacy should have been charged and with knowledge that Legacy intended to sell the goods to IFS' customers and others using IFS' pricing information. Defendants used IFS' trade secret and confidential information to identify customers, give credit to customers based on IFS' credit information, and sold goods to IFS' customers at prices that were at or lower than IFS' confidential pricing -- all while Pablo and Savino still worked for IFS. Further, Defendants encouraged other of IFS' accomplished salespersons to breach their agreements with IFS to hire those employees to secretly work for Legacy under pseudonyms and use IFS' equipment, confidential information and trade secrets to sell products for Legacy to IFS' customers.

Within approximately six months, Defendants diverted sales from at least 17

IFS customers[1]. M & E is one such customer. Savino and Pablo testified that each IFS customer that they converted to a Legacy customer arose from a meeting or phone call that had been scheduled in their role as an IFS salesperson with the use of IFS's devices to discuss the customer purchasing from IFS. IFS ultimately discovered Defendants' scheme and terminated Pablo and Savino's employment on March 31, 2022.

IFS sued the Defendants for claims arising from trade secret theft, breach of contact, breach of duty of loyalty, fraud and related claims. ECF 99.

IFS seeks information from M & E, a third party witness, to support its case against the Defendants and to uncover the coverup of Defendants' use of IFS' trade secrets and confidential information.

Defendants confirmed that they approached the IFS customers that they serviced while working for IFS business and then offered to sell products from Legacy. (Declaration of Dan M. Forman ("Forman Decl.") ¶¶ 6-7, Exs. D & E (Savino, 348:14-349:5) and (Pablo, 428:6-429:6, 423:5-11)). M & E is one such customer. (*Id.*)

Compelling the production of documents from M & E will help prove when and how Defendants unlawfully converted M & E to a Legacy customer, and the volume of sales that transpired from M & E's relationship with Legacy. Such documents will help pierce the cover up that Legacy created by establishing pseudonyms for Pablo and Savino.

## II. STATEMENT OF FACTS

On August 26, 2022, Plaintiff served M & E a Subpoena to Produce Documents, Information, or Objects (the "Subpoena") in relation to the above entitled matter. Forman Decl., ¶ 2, Ex. A. On September 9, 2022, M & E caused to

---

[1] During the course of discovery, IFS identified at least three additional IFS customers from whom Defendants diverted IFS' business to Legacy.

be served objections to the Subpoena and did not produce any documents. Forman Decl., ¶ 3, Ex. B.

On September 13, 2022, counsel to IFS sent a detailed meet and confer letter to M & E in an attempt to resolve the deficiencies in Luna's discovery objections. Forman Decl., ¶ 4, Ex. C. Plaintiff provided basis for the Subpoena and included legal authorities supporting its position that the subpoenaed documents must be produced and requested that Luna participate in a conference pursuant to C.D. Local Rule 37-1 by September 30, 2022. *Id.* Counsel to IFS provided M & E with a copy of the Protective Order in this matter to allow M & E to designate purportedly private or confidential documents as confidential or AEO under that Order. *Id.*

M & E failed to participate in a Local Rule 37-1 conference and failed to respond to IFS' letter. Forman Decl., ¶ 5. M & E's objections should be overruled, it should be ordered to immediately produce the requested documents and sanctioned.

## III. MERITLESS BOILERPLATE OBJECTIONS SHOULD BE STRICKEN and M & E SHOULD BE ORDERED TO PRODUCE DOCUMENTS AND SANCTIONED

### A. Statutory Authority for Motion.

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26 (b)(1). Thus, "[a] command in a subpoena to produce documents [or] electronically stored information … requires the responding person to permit inspection [or] copying … of the materials." Fed. R. Civ. P. 45 (a)(l)(D). "At any time, on notice to the commanded person, the serving party may move the court … for an order compelling production or inspection," and the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45 (d)(2)(B)(i); Fed. R. Civ. P. 45(g).

### B. M & E's Objections Lack Merit And Do Not Warrant Refusal To

**Produce Records.**

Plaintiff's six requests and M & E's boilerplate objections are reprinted below (Forman Decl., ¶¶ 2 & 3, Exs. A & B):

**REQUEST FOR PRODUCTION NO. 1:**

All communications with PABLO MORALES, including records of cash payments made to PABLO MORALES to pay INDIVIDUAL FOODSERVICE (IFS) invoices, from January 1, 2020 to Present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

M & E objects on, the ground that the Request places undue burden and expense on a non-party. M & E objects that the requested documents would be in the possession of Defendants and Plaintiff, and a non-party should not be burdened with producing the documents. M & E objects on the grounds of its right to privacy and protection of its commercial interests. M & E objects on the grounds that the Request seeks documents that are not relevant and will not reasonably lead to the discovery of admissible evidence. M & E objects that the Request lacks the required proportionality. M & E objects that the Request is overbroad.

**REQUEST FOR PRODUCTION NO. 2:**

Records of cash payments made to IFS from January 1, 2020 to Present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

M & E objects on, the ground that the Request places undue burden and expense on a non-party. M & E objects that the requested documents would be in the possession of Defendants and Plaintiff, and a non-party should not be burdened with producing the documents. M & E objects on the grounds of its right to privacy and protection of its commercial interests. M & E objects on the grounds that the Request seeks documents that are not relevant and will not reasonably lead to the discovery of admissible evidence. M & E objects that the Request lacks the required proportionality. M & E objects that the Request is overbroad.

**REQUEST FOR PRODUCTION NO. 3:**

Records of cash payments made to PABLO MORALES to pay LEGACY WHOLESALE GROUP ("LEGACY") from January 1, 2020 to Present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

M & E objects on, the ground that the Request places undue burden and expense on a non-party. M & E objects that the requested documents would be in the possession of Defendants and Plaintiff, and a non-party should not be burdened with producing the documents. M & E objects on the grounds of its right to privacy and protection of its commercial interests. M & E objects on the grounds that the Request seeks documents that are not relevant and will not reasonably lead to the discovery of admissible evidence. M & E objects that the Request lacks the required proportionality. M & E objects that the Request is overbroad.

**REQUEST FOR PRODUCTION NO. 4:**

All communications with SAVINO MORALES, including records of cash payments made to SAVINO MORALES to pay IFS' invoices, from January 1, 2020 to Present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

M & E objects on, the ground that the Request places undue burden and expense on a non-party. M & E objects that the requested documents would be in the possession of Defendants and Plaintiff, and a non-party should not be burdened with producing the documents. M & E objects on the grounds of its right to privacy and protection of its commercial interests. M & E objects on the grounds that the Request seeks documents that are not relevant and will not reasonably lead to the discovery of admissible evidence. M & E objects that the Request lacks the required proportionality. M & E objects that the Request is overbroad.

**REQUEST FOR PRODUCTION NO. 5:**

Records of cash payments made to SAVINO MORALES to pay LEGACY from January 1, 2020 to Present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

M & E objects on, the ground that the Request places undue burden and expense on a non-party. M & E objects that the requested documents would be in the possession of Defendants, and a non-party should not be burdened with producing the documents. M & E objects on the grounds of its right to privacy and protection of its commercial interests. M & E objects on the grounds that the Request seeks documents that are not relevant and will not reasonably lead to the discovery of admissible evidence. M & E objects that the Request lacks the required proportionality. M & E objects that the Request is overbroad.

**REQUEST FOR PRODUCTION NO. 6:**

All communications with LEGACY, including all applications for credit, orders, purchase orders to LEGACY, invoices from LEGACY, sales to LEGACY and records of all payments made to or received LEGACY from January 1, 2020 to Present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

M & E objects on, the ground that the Request places undue burden and expense on a non-party. M & E objects that the requested documents would be in the possession of Defendants, and a non-party should not be burdened with producing the documents. M & E objects on the grounds of its right to privacy and protection of its commercial interests. M & E objects on the grounds that the Request seeks documents that are not relevant and will not reasonably lead to the discovery of admissible evidence. M & E objects that the Request lacks the required proportionality. M & E objects that the Request is overbroad.

(Forman Decl., ¶ 3, Ex. B.)

### 1. M & E's Meritless Boilerplate Objections Should Be Stricken.

M & E asserts boilerplate objections of burden, relevance and proportionality. "A recitation that the discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *Fosselman v. Caropreso*,

2011 WL 999549, at *4 (N.D. Cal. Mar. 18, 2011) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). The party objecting to a request for production must show specifically that the request is not relevant, overly broad, burdensome, or oppressive. *Fosselman*, 2011 WL 999549, at *4 (citing *Josephs*, 677 F.2d at 992). The Advisory Committee Notes explain that "[r]estoring the proportionality calculation to Rule 26(b)(1)...does not place on the party seeking discovery the burden of addressing all proportionality considerations. Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." FRCP 26 advisory committee notes (2015 amendments). Here, Luna failed to describe any actual burden of locating and producing the subpoenaed records, and as stated above, the records sought are relevant to Plaintiff's claims and are for a very limited period of time.

IFS seeks a very limited number of records, for a limited period of less then three years, from January 1, 2020 to the present. M & E failed to specify any actual burden or cost associated with producing such records.

Certainly, IFS should be permitted to discover the extent to which Defendants have benefited from using IFS' trade secret and confidential information to expand Legacy's business with Luna, the benefit that Legacy obtained and the damage to IFS.

### 2. M & E's Privacy Objections Lack Merit Because Any Private Information May Be Protected Under the Stipulated Protective Order.

M & E's objection based on privacy and protection of commercial interests lacks merit, because even if the request did implicate "private" information, the stipulated protective order in place resolves any privacy concerns. The stipulated protective order includes attorneys' eyes only terms in addition to confidential designation terms. ECF 37. IFS raised this to M & E's attention in an attempt to resolve the dispute without a motion. M & E ignored IFS' effort. Thus, the privacy

objections lack merit and cannot serve as basis for refusing to produce any documents.

**C.     There Is No Alternative Means to Obtain the Subpoenaed Records.**

The most efficient way to obtain records reflecting transactions between Luna Supple and Defendants is through M & E. Rule 45 specifically provides for such discovery method. *See* Fed. R. Civ. P. 45. The Parties are engaged in ongoing discovery disputes as Defendants failed to produce many relevant business records, including business records pertaining to shared customers of Plaintiff and Legacy. (Forman Decl., ¶ 8.) As such, the only method to obtain relevant records with regard to M & E is to do so directly through M & E.

**D.     M & E Ignored Plaintiff's Meet and Confer Efforts.**

On August 26, 2022, Plaintiff served M & E the Subpoena. On September 9, 2022, M & E caused to be served objections to the Subpoena and did not produce any documents.

On September 13, 2022, Plaintiff attempted to meet and confer with M & E in an attempt to resolve the deficiencies in M & E's discovery objections. Plaintiff provided basis for the Subpoena and included legal authorities supporting its position that the subpoenaed documents must be produced and requested that Luna participate in a conference pursuant to Local Rule 37-1 by September 30, 2022.

Luna failed to participate in a Local Rule 37-1 conference and failed to respond to IFS' letter.

**E.     M & E Should Be Sanctioned For Its Bad Faith Conduct.**

Pursuant to Fed. R. Civ. P. 45(g), Plaintiff asks that M & E to be held in contempt as a sanction.[2]

M & E failed to seek the Court's protection from a valid subpoena, failed to

---

[2] The Court may also, pursuant to Fed. R Civ. P 11(c)(3), issue an OSC why sanctions should not be issued for violating Rule 11(b).

8 — MEMO OF Ps AND As ISO PLTF'S MTN TO COMPEL COMPLIANCE WITH SUBPOENA OF RECORDS FROM M & E

2059816.1

engage in any meet and confer to unnecessarily cause Plaintiff to incur attorneys' fees and costs. Therefore, this Court should sanction M & E for its frivolous behavior as IFS has suffered harm from M & E's actions by holding it in contempt. (*See* Forman Decl., ¶ 8.)

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests the Court to enforce Plaintiff's Subpoena to M & E, overrule all objections and compel the production of sought-after business records, and find M & E in contempt as a sanction.

Dated: October 11, 2022        CDF LABOR LAW LLP
                               Amy S. Williams


                        By: _____/s/ *Dan M. Forman*_____
                               Dan M. Forman
                               Attorneys for Plaintiff/Counter-Defendant
                               PERRIN BERNARD SUPOWITZ, LLC, a
                               California LLC dba INDIVIDUAL FOODSERVICE