1  CDF LABOR LAW LLP
     Dan M. Forman, State Bar No. 155811
2     dforman@cdflaborlaw.com
     Amy S. Williams, State Bar No. 228853
3     awilliams@cdflaborlaw.com
   707 Wilshire Boulevard, Suite 5150
4  Los Angeles, CA 90017
   Telephone:  (213) 612-6300
5
   Attorneys for Plaintiff/Counter-Defendant
6  PERRIN BERNARD SUPOWITZ, LLC, a
   California LLC dba INDIVIDUAL
7  FOODSERVICE

8  LESOWITZ GEBELIN
     Steven T. Gebelin, State Bar No. 261507
9     steven@lawbylg.com
     Scott M. Lesowitz, State Bar No. 261579
10    scott@lawbylg.com
   8383 Wilshire Boulevard, Suite 800
11 Beverly Hills, CA 90211

12 JOHNSON & RAWI, PCP
     Jeffery W. Johnson, State Bar No. 133467
13    jjohnson@johnsonrawi.com
     David A. Rawi, State Bar No. 269559
14    drawi@johnsonrawi.com
     Cyrus J.. Johnson, State Bar No. 334953
15    cjohnson@johnsonrawi.com
   99 South Lake Avenue, Suite 208
16 Pasadena, CA 91101

17 Attorneys for Defendants
   PABLO MORALES, LEGACY WHOLESALE
18 GROUP, LLC, SAVINO MORALES, AND
   SERGIO ESCAMILLA
19

20              **UNITED STATES DISTRICT COURT**

21              **CENTRAL DISTRICT OF CALIFORNIA**

22

23 PERRIN BERNARD SUPOWITZ, LLC,     ) Case No. 2:22-cv-02120-ODW-JEM
   a California LLC dba INDIVIDUAL    )
24 FOODSERVICE,                      ) Mag. Judge John E. McDermott
                                     ) Ctrm:  640
25              Plaintiff,           )
26       v.                         ) **JOINT STIPULATION RE**
                                     ) **DISCOVERY DISPUTE RE FIRST**
27 PABLO MORALES, an individual;     ) **SET OF INTERROGATORIES TO**
   LEGACY WHOLESALE GROUP, LLC,      ) **DEFENDANT LEGACY**
   an Arizona Limited Liability Corporation; ) **WHOLESALE GROUP, LLC**
28 SAVINO MORALES, an individual; and )

2056839.1

1  | SERGIO ESCAMILLA, an individual;  | ) | Date:   November 8, 2022
   | and DOES 1 through 20, inclusive,  | ) | Time:   10:00 a.m.

2  |  | ) | Ctrm:   640
   | Defendants.  | ) |

3  | _____ | ) | Discovery Cut-Off:   December 19, 2022
   |  | ) |

4  | LEGACY WHOLESALE GROUP, LLC,  | ) | Pretrial Conference:   March 27, 2023
   |  | ) | Trial Date:   April 18, 2023

5  | Counter-Plaintiff,  | ) |

6  | v.  | ) |

7  | PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE,  | ) |

8  | Counter-Defendant.  | ) |

9  | _____ | ) |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

2056839.1

# I. SUMMARY OF MEET AND CONFER EFFORTS

Pursuant to L.R. 37-1 Counsel to Plaintiff/Counter-Defendant Perrin Bernard Supowitz, LLC dba Individual FoodService ("Plaintiff" or "IFS") and Defendant/Counter-Complainant Legacy Wholesale Group, LLC ("Legacy") attest that they have attempted to meet and confer via email and telephonically in a good-faith effort. Plaintiff asserts that the parties have concluded meet and confer efforts and reached an impasse which requires this Court's order concerning regarding Legacy's responses and the production of documents in response to IFS' First Set of Request for Production.

## A.    Plaintiff's Summary

On July 1, 2022 Plaintiff sent a detailed meet and confer letter to Defendant in an attempt to resolve the numerous deficiencies in Defendant's discovery objections, responses and production.  Defendant responded 10 days later on July 11, 2022 and refused to withdraw any objection, supplement any response or production, or identify any document that Defendant produced as opposed to Legacy.

On July 15, 2022 Plaintiff's counsel requested a conference pursuant to C.D. Local Rule 37-1.  Steven T. Gebelin, counsel for Defendant, and Amy S. Williams, counsel for Plaintiff, met and conferred telephonically on July 25, 2022 and again on July 26, 2022.  Plaintiff continued its meet and confer efforts in emails dated August 11, August 17, August 19, August 23, August 26 and telephonically on September 9, 2022.  Counsel to Legacy failed to provide any further responses and Legacy continues to refuse to withdraw any objection, further supplement any response, or identify documents that Legacy Defendant produced as opposed to documents by other defendants and the parties reached an impasse.

## B.     Defendant's Summary

Plaintiff issued the Interrogatories at issue in this motion on May 13, 2022. Declaration of Steven T. Gebelin ("Gebelin Decl.") ¶ 2.  Defendants timely provided their respective responses on June 13, 2022.  Moreover, Defendants and have

JOINT STIP RE DISCOVERY DISPUTE RE
FIRST SET OF ROGS TO DEF LEGACY
WHOLESALE GROUP, LLC

1  produced nearly 3,000 pages of documents since then, including native files

2  produced with a single page designation. *Id.*

3      On July 1, 2022 Plaintiff sent an unspecific and unhelpful "meet and confer

4  letter" to Defendants Pablo Morales' ("Pablo"), Savino Morales' ("Savino"), Sergio

5  Escamilla's ("Sergio") and Legacy Wholesale Group, LLC ("Legacy") (collectively

6  "Defendants") that failed to comply with the local rules and generally broached

7  topics of discovery in generalities rather than provide meaningful analysis of any

8  specific request for production. Gebelin Decl. at ¶ 3, Ex. 1. As pointed out in

9  Defendants' response sent 5 business days later, Plaintiff's initial meet and confer

10 letter also failed to appreciably discuss the major objection underlying many of

11 Defendants' responses- the vast overbreadth of and lack of apparent relevance for

12 such overbreadth of the discovery items at issue and failed to meaningfully discuss

13 narrowing clearly overbroad requests. Gebelin Decl. ¶ 4, Ex. 2. Defendant's

14 response attempted to discuss the factual issues in dispute in the case and noted that a

15 proportionality analysis should account for the economic stakes in the case as

16 Legacy's profits on sales to identified common customers during the Morales

17 defendants' employment by Plaintiff was less than the 2021 salary paid by Plaintiff

18 to either of the defendants Morales. *Id.* Further, Defendants pointed out that

19 Plaintiff had yet to identify its trade secrets, which is a prerequisite for requiring a

20 defendant to provide discovery responses relating to trade secret claims. *Id.* citing

21 *Masimo Corp. v. Apple Inc.*, No. SACV2000048JVSJDEX, 2022 WL 1599841, at *2

22 (C.D. Cal. Apr. 28, 2022) ("Under California Code of Civil Procedure Section

23 2019.210, a trade secret plaintiff must "identify the trade secret[s]" it intends to

24 pursue "before commencing discovery." This requirement "promotes well-

25 investigated claims and dissuades the filing of meritless trade secret complaints,"

26 "prevents plaintiffs from using the discovery process as a means to obtain the

27 defendant's trade secrets," "assists the court in framing the appropriate scope of

28 discovery and in determining whether plaintiff's discovery requests fall within that

2

1    scope," and "enables defendants to form complete and well-reasoned defenses,

2    ensuring that they need not wait until the eve of trial to effectively defend against

3    charges of trade secret misappropriation.").

4         Following the initial exchange of letters, counsel for Plaintiff (Ms. Williams)

5    and Defendants (Mr. Gebelin) met and conferred telephonically on July 25 and 26 to

6    attempt to discuss the breadth of issues included in Plaintiff's letter.  Gebelin Decl.

7    ¶ 5.  However, during that meet and confer counsel for Plaintiff repeatedly refused to

8    engage in any discussion of the relevance of information sought in its seemingly

9    overbroad requests that Defendants had resisted, with Plaintiff's counsel repeatedly

10   stating "I'm not going to explain our theories of the case, and I'm not going to

11   explain why we're entitled to the information" and that Defendant would see its

12   further authority or explanations regarding relevance in its motion papers.  *Id*. ¶ 6.

13   As a result, although the parties were able to reach some small agreements on certain

14   requests, most attempts by Defendants to meaningfully narrow the requests or reach

15   further agreement on many issues were stifled.  *Id*.  Moreover, during the call

16   counsel only discussed a small number of separate requests before Plaintiff's counsel

17   concluded that the parties were at an impasse.  *Id*. at ¶ 7.  Despite Plaintiff's assertion

18   of an impasse, Defendants produced additional documents into August 2022.

19   Williams Decl. ¶ 3.

20        Plaintiff subsequently sent a separate "meet and confer" effort via an email

21   sent on August 11, 2022 relating to a handful of discovery items it claimed to need

22   from Legacy in order to respond to Defendants' then pending motion for summary

23   judgment, proposing limitations to those requests.  Gebelin Decl. Ex. 3.

## II.  SUMMARY OF ISSUES IN DISPUTE

25        IFS seeks an order or orders compelling complete and adequate responses to

26   its First Set of Requests for Production dated May 13, 2022, including

27        **1.**    Striking Legacy's General Objections from each response; and

28        **2.**    Striking Legacy's inappropriate objections from each response and

3

1    compelling compliant responses to Interrogatories Nos. 2, 4, 6, 7, and 9.

2    ### III.  IFS' INTRODUCTION

3    IFS is a distribution business that purchases goods from manufacturers and
4    large suppliers and sells those goods to restaurants, convenience stores, grocery
5    stores, schools, hospitals and other businesses that use and resell food, beverages,
6    storage containers, disposable utensils, food preparation equipment, cleaning and
7    janitorial supplies.

8    Defendants Pablo Morales ("Pablo") and Savino Morales ("Savino") worked
9    for IFS as outside salesman for more than 20 years.  In March 2021 Pablo and
10   Savino, along with their friend and attorney, Defendant Sergio Escamilla ("Sergio"),
11   created fake names and used IFS' trade secret and confidential information to form a
12   competing business, Defendant Legacy Wholesale Group, LLC ("Legacy").  In
13   August 2021, Pablo fraudulently induced IFS to authorize the sale of goods to
14   Legacy without disclosing his or Savino's ownership of Legacy, and caused IFS to
15   sell goods to Legacy at prices that were lower than what Legacy should have been
16   charged and with knowledge that Legacy intended to sell the goods to IFS'
17   customers and others using IFS' pricing information.  Defendants used IFS' trade
18   secret and confidential information to identify customers and vendors, purchase
19   goods from IFS' vendors leveraging confidential pricing negotiated by IFS, give
20   credit to customers based on IFS' credit information, and sold goods to IFS'
21   customers at prices that were at or lower than IFS' confidential pricing -- all while
22   Pablo and Savino still worked for IFS.  Further, Defendants encouraged other of IFS'
23   accomplished salespersons to breach their agreements with IFS to hire those
24   employees to secretly work for Legacy under pseudonyms and use IFS' confidential
25   information and trade secrets to sell products for Legacy to IFS' customers.

26   Within approximately six months, Defendants diverted sales from at least 17

27

28

4

2056839.1

1  IFS customers[1] in the amount of ███████. Savino and Pablo testified that each

2  IFS customer that they converted to a Legacy customer arose from a meeting or

3  phone call that had been scheduled in their role as an IFS salesperson with the use of

4  IFS's devices to discuss the customer purchasing from IFS.  IFS ultimately

5  discovered Defendants' scheme and terminated Pablo and Savino's employment on

6  March 31, 2022.

7      IFS sued the Defendants for claims arising from trade secret theft, breach of

8  contact, breach of duty of loyalty, fraud and related claims.  (Declaration of Amy S.

9  Williams ("Williams Decl.") ¶ 6, Ex. A.)  Legacy filed a Counterclaim asserting

10  unfair business practices and unfair competition that "IFS has used 'loss-leaders' to

11  try and take customers away from Legacy" and that "IFS' acts have diverted trade

12  from Legacy in an anticompetitive and unfair manner, and are continuing to so divert

13  trade from plaintiff, resulting in a loss of Legacy's business, income, customers, and

14  goodwill,...."  (Williams Decl. ¶ 7, Ex. B at ¶¶ 2, 14.)

15      IFS seeks basic information to support its case against the Defendants and to

16  uncover the coverup of Defendants' use of IFS' trade secrets and confidential

17  information.  IFS seeks complete and code compliant responses to which it is entitled

18  without the obfuscation of general objection and boilerplate objections.  In addition,

19  by this Joint Stipulation IFS seeks specific information (Interrogatories 2 and 4)

20  about Legacy's sales to its customers, purchases from its vendors which will likely

21  lead to evidence that Legacy, its owners and the employees that it hired from IFS

22  (Jesus Trujillo and Hugo Mesa) used confidential trade secret information that they

23  learned at IFS to make sales and purchases.  Interrogatories 6 and 7 seek specific

24  information about *all* of the customers that Jesus Trujillo and Hugo Mesa prospected

25  and/or obtained for Legacy to prove trade secret issues as well as Pablo and Savino's

26  _____

27  [1] During the course of discovery IFS has identified at least three additional IFS
    customers from whom Defendants diverted IFS' business to Legacy.

28

JOINT STIP RE DISCOVERY DISPUTE RE
FIRST SET OF ROGS TO DEF LEGACY
WHOLESALE GROUP, LLC

2056839.1

1  breach of their duty of loyalty and contract, and inducing Jesus Trujillo and Hugo

2  Mesa to breach their obligations to IFS.  Finally, Interrogatory No. 9 seeks a

3  complete listing of the electronic devices that Legacy owns and operates to help

4  identify the scope of potential sources of electronic information, especially as the

5  non-employee spouses played a significant role in the torts committed against IFS.

6  ## IV.  **LEGACY'S INTRODUCTION**

7  On March 31, 2022 Plaintiff filed this suit against its former employees Savino

8  and Pablo Morales and their Arizona based company Legacy Wholesale Group, LLC

9  and its other owner, attorney Sergio Escamilla, an attorney and longtime friend of the

10  Morales brothers, bringing claims founded in large part on the alleged

11  misappropriation of Plaintiff's trade secrets by the former employees.  [Dkt. No. 1].

12  On April 13, 2022 the Court denied Plaintiff's *ex parte* application for a temporary

13  restraining order seeking to bar Defendants from using IFS' purported trade secrets.

14  [Dkt. No. 22].  On April 25, 2022, Plaintiff then filed its motion for a motion for

15  preliminary injunction seeking similar relief.  [Dkt. Nos. 28-34][2].

16  Despite twice seeking an order for a preliminary injunction prohibiting

17  Defendants from using its purported trade secrets, making initial disclosures in May

18  2022, and even serving a supplemental response to Defendant Sergio Escamilla's

19  Interrogatory expressly asking for Plaintiff to identify its specific trade secrets at

20  issue in this case, Plaintiff still refuses to specifically identify its trade secrets, and

21  instead has claimed generic categories of potentially "confidential" information.

22  Gebelin Decl. ¶ 12, Ex. 6 at Supplemental Response to Interrogatory No. 1.

23

24  [2] Defendants filed their opposition to Plaintiff's motion for preliminary injunction and their supporting papers on May 3, 2022.  [Dkt. Nos. 38-42.]  Although briefing

25  was completed on the motion on May 9, 2022 [Dkt. Nos. 43-47], the Court vacated the hearing on the motion and took the matter under submission in June 2022.  [Dkt.

26  No. 77].  The Court subsequently denied the motion as moot upon its granting of Plaintiff's subsequently filed motion for leave to amend its pleadings.  [Dkt. No. 98.]

27  Plaintiff filed its amended complaint on August 29, 2022.  [Dkt. No. 99.]  Plaintiff has not yet filed another motion for preliminary injunction.  Gebelin Decl. ¶ 10.

28

2056839.1

1   Moreover, Plaintiff admitted that it maintained its alleged trade secret information in

2   its own password protected computer system using two factor authentication.  *Id*. at

3   Ex. 6, Supplemental Response to Interrogatory No. 2.

4        Furthermore, despite Defendants' access to Plaintiff's alleged trade secrets

5   occurring through Plaintiff's password protected systems, Plaintiff's expert lost the

6   company issued computers and smartphones through which Defendants Pablo and

7   Savino Morales accessed Plaintiff's systems that would have been expected to have

8   the logs that would demonstrate of their purported misappropriation to outside

9   sources or lack thereof.  *See* Dkt. Nos. 23, 27.  Defendants have also provided the

10  Court with documents indicating their ability to document instances in which

11  defendants Savino or Pablo Morales may have sent information (including its

12  purported trade secret information) outside of IFS' systems.  *See, e.g.* Dkt. Nos. 13-9

13  (email from P. Morales IFS email forwarding content to personal email); 13-10

14  (email from S. Morales IFS email forwarding content to outside email account).

15       Plaintiff's motions herein are premature.  Plaintiff's (1) unsupported

16  arguments based on various factual assertions and inflammatory allegations generally

17  lacking evidentiary support; (2) incomplete legal analysis or arguments; and (3) its

18  insufficient meet and confer efforts all should lead this Court to deny relief.

19       To date, Defendants have produced nearly three thousand pages of responsive

20  documents targeted at the core factual issues in the case.  Gebelin Decl. ¶ 2.  All

21  three individual defendants had their full depositions taken by Plaintiff after it ended

22  meet and confer efforts related to this motion, and Plaintiff has even deposed one of

23  the defendants' wives.  Gebelin Decl. ¶ 13.  No further meet and confer efforts on the

24  discovery issues raised in this motion were raised by Plaintiff following the

25  defendants' depositions.  *Id*.

26       Plaintiff also seeks to compel responses to wildly overbroad interrogatory

27  regarding financial information about its competitor Legacy without explaining the

28  connection to any of its claims or attempting to limit the requests to appropriate

JOINT STIP RE DISCOVERY DISPUTE RE
FIRST SET OF ROGS TO DEF LEGACY
WHOLESALE GROUP, LLC

information.  Plaintiff has provided no justification for its assertion that it is entitled to such an expansive scope of information relating to Legacy's operations.  Its claims against Legacy arise from alleged misappropriation of trade secrets, not the entirety of Legacy's business.  But where "the plaintiff and the defendant were business competitors, disclosure of the defendant's financial records to the plaintiff, even with a protective order, could cause the defendant great harm."  *See ReBath LLC v. HD Sols. LLC*, No. CV-19-04873-PHX-JJT, 2021 WL 1923759, at *6 (D. Ariz. May 13, 2021) (citing *CEH, Inc. v. FV Seafarer*, 153 F.R.D. 491, 499 (D.R.I. 1994)) (denying motion to compel discovery of "documents concerning [trade secret counter-defendant's] financial statements, cash flow statements, and tax returns").

Despite Plaintiff's seriously deficient meet and confer efforts, Defendant will agree to supplement

## V.  ISSUES FOR RESOLUTION

### A.    IFS Seeks Order Striking General Objections

Legacy incorporated "General Objections" in each response to every request: "Responding Party objects to the extent that the Requests seek information protected by the attorney-client privilege, work-product doctrine, personal privacy rights and protections, confidentiality, sensitive business information and trade secrets, or other individual protections from disclosure. Responding Party further objects to the extent the Requests seek information beyond the scope of discovery, including beyond the scope as limited by Federal Rule of Civil Procedure 26(b)(1), which limits discovery to information and materials proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Privileged and work product documents will not be produced in response to Propounding Party's Interrogatories and any inadvertent disclosure of privileged material shall not be deemed a waiver of that

JOINT STIP RE DISCOVERY DISPUTE RE
FIRST SET OF ROGS TO DEF LEGACY
WHOLESALE GROUP, LLC

privilege. Responding Party objects to the extent any of the Requests seek premature disclosure of expert materials in violation of F.R.C.P. 26(a)(2). Subject to the foregoing General Objections and the following specific objections, Responding Party provides the following responses:"

### Plaintiff's Position

Defendant's "general objections" by reference are improper and should be stricken.  A response "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FRCP 34(b)(2)(B).  *Franco v. Does 1-10*, 2021 WL 4896331, at *1 (C.D. Cal. Sept. 23, 2021).  All General Objections should be stricken.

### Defendant's Response

During the meet and confer process, Plaintiff identified only a limited subset of the Requests for Production at issue.  As noted in Defendants' meet and confer correspondence, Defendants "have not relied solely upon such 'General Objections' in limiting our agreement to produce documents or as a sole basis for a refusal to produce any documents.  Gebelin Decl. Ex. 2.  During the telephonic meet and confer Defendants confirmed that apart from where specifically indicated (*i.e.* by repetition as a specific objection or as clear from the limited agreement to produce documents in an individual response to a request (such as agreeing to produce "non privileged documents") in specific responses to Requests for Production, the "General Objections" were not being relied upon to withhold documents responsive to any of the Requests, and that they would address the objections to specific Requests.  Gebelin Decl. ¶ 5.  To the extent a Request is not specifically addressed in this motion, Defendant respectfully requests that the "General Objections" be maintained to preserve objections for future use as appropriate and necessary in light of meet and confer efforts to address disputes, particularly those for attorney-client, work product, and/or personal and third-party privacy privileges.

JOINT STIP RE DISCOVERY DISPUTE RE
FIRST SET OF ROGS TO DEF LEGACY
WHOLESALE GROUP, LLC

2056839.1

**B.** **IFS Seeks Order Compelling Complete Responses To Interrogatory Nos. 2, 4, 6, 7, and 9**

**INTERROGATORY NO. 2:**

Identify all sales made to each of LEGACY's current and former customers by quantity of product and price.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party restates the general objections. Responding Party objects that the Interrogatory is unduly burdensome and oppressive, as the scope greatly exceeds the scope of discovery permissible under F.R.C.P. 26(b)(1).

**Plaintiff's Position**

*See General Objections.*

Defendant's boilerplate "unduly burdensome and oppressive" objections are improper. All grounds for objection to an interrogatory must be stated "with specificity." Fed. Rule Civ. Proc. 33(b)(4); see *Nagele v. Electronic Data Systems Corp.,* 193 FRD 94, 109 (W.D. NY 2000) (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" basis for objection); *see also Mancia v. Mayflower Textile Services Co.,* 253 FRD 354, 357 (D. MD 2008) (boilerplate objections waived any legitimate objections responding party may have had); *Chubb Integrated Systems Ltd. v. National Bank of Wash.,* 103 FRD 52, 58 (D DC 1984) ("irrelevant" did not fulfill party's burden to explain its objections); *Mitchell v. National R.R. Passenger Corp.,* 208 FRD 455, 458, fn. 4 (D. D.C. 2002) (where an interrogatory is overbroad, the responding party must provide some *meaningful explanation* of the basis for the objection.)

The information sought is directly relevant to Plaintiff's claims in this action. Here, the Complaint alleges claims for violation of the Defend Trade Secrets Act, violation of the California Uniform Trade Secrets Act, breach of contract, tortious inducement to breach contract, breach of duty of loyalty, conversion, tortious

JOINT STIP RE DISCOVERY DISPUTE RE FIRST SET OF ROGS TO DEF LEGACY WHOLESALE GROUP, LLC

2056839.1

1  inducement to breach duty of loyalty, tortious interference with business

2  relations/contract and unfair competition.  "[T]he allegations in a complaint generally

3  dictate what evidence is discoverable."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271,

4  1292 (9th Cir. 2000).  Indeed, Legacy's owners testimony to the Court has been

5  proven to be inaccurate as at least three additional former IFS customers have been

6  identified on top of the 17 that Legacy admitted to selling products to. Accordingly,

7  in order to prove the elements of its claims (including damages), Plaintiff is entitled

8  to discover Defendant's sales, by product and price to its customers.  Discovery of

9  the sales that Legacy made goes to damages (sales wrongfully taken from IFS) and

10 evidence of use of IFS trade secret information at the heart of Plaintiff's claims.

11 Accordingly, Defendant's objections should be stricken and a full and complete

12 response ordered.

13 **Defendant's Response**

14     Interrogatory No. 2 is highly overbroad and lacks required proportionality.

15 Plaintiff asks for Legacy to identify every sale it has made to every customer ever.

16 The interrogatory encompasses customers that IFS never did business with. The

17 interrogatory encompasses customers that IFS has not made specific trade secret

18 allegations regarding. The interrogatory encompasses customers that IFS has not

19 provided any evidence even hinting that Legacy's business with involved the use of

20 any alleged trade secrets.

21     The interrogatory contains no date limitations. It is undisputed that Defendants

22 have received no information regarding IFS in over six months. Plaintiff cannot

23 plausibly argue that pricing or other information that is over six months old could

24 benefit Defendants now, especially at a time of high inflation where prices and

25 inventories are changing rapidly.

26     The interrogatory contains no geographic limitations. Most of Legacy's

27 customers are in Arizona and never did business with IFS.

28     With this interrogatory, IFS is simply attempting to burden Defendants and

JOINT STIP RE DISCOVERY DISPUTE RE
FIRST SET OF ROGS TO DEF LEGACY
WHOLESALE GROUP, LLC

2056839.1

1   find out the identities of Legacy customers and vendors either for intelligence or so

2   that Plaintiff can interfere with Defendants' relationships by sending

3   communications from their attorneys (something that can be done even if an

4   attorneys' eyes only designation is used).

5       ***Proportionality***: Rule 26(b)(1) provides that parties "may obtain discovery

6   regarding any non-privileged matter that is relevant to any party's claim or defense

7   and proportional to the needs of the case, considering the importance of the issues at

8   stake in the action, the amount in controversy, the parties' relative access to relevant

9   information, the parties' resources, the importance of the discovery in resolving the

10  issues, and whether the burden or expense of the proposed discovery outweighs its

11  likely benefit." *Fernandez v. Fisher*, No. CV1906036SBJEMX, 2020 WL 7050570,

12  at *2 (C.D. Cal. Oct. 8, 2020) (denying motion to compel inspection of property as

13  not proportional to needs of case).  In replacing the prior "good cause" analysis for

14  any matter "relevant to the subject matter involved in the action", the 2015

15  amendments to Rule 26 were made to reduce the costs of discovery, and parties and

16  the court must now consider the proportionality factors when serving and responding

17  to discovery.  Adv. Comm. Notes to 2015 Amendments to FRCP 26; s*ee also* Rutter

18  Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(III)-B Scope of Discovery.  As

19  such, Plaintiff's argument concerning broad discovery rights over relevance

20  objections based on pre-2015 amendment relevance tests are inapposite.

21      "The party seeking to compel discovery has the burden of establishing that its

22  request satisfies the relevancy requirements of Rule 26(b)(1)... In turn, the party

23  opposing discovery has the burden of showing that discovery should not be

24  allowed...." *WPIX, Inc. v. Broad. Music, Inc.*, No. CV 11-4052-SJO JEMX, 2011

25  WL 9753912, at *2 (C.D. Cal. July 5, 2011) (citations omitted).  Moreover, "[i]f the

26  sought-after documents are not relevant nor calculated to lead to the discovery of

27  admissible evidence, then *any burden whatsoever* imposed upon [the answering

28  party] would be by definition 'undue.' " *Id.*

JOINT STIP RE DISCOVERY DISPUTE RE
FIRST SET OF ROGS TO DEF LEGACY
WHOLESALE GROUP, LLC

2056839.1

Here, Plaintiff's meet and confer efforts failed by and large to even attempt to parse the relevance of its broad interrogatory that would be required to meaningfully evaluate their potential benefit to the case against any burden in producing the sought after documents. Gebelin Decl. ¶ 6 (Defendants' counsel repeatedly responded to attempts to discuss relevance by stating "I'm not going to explain our theories of the case, and I'm not going to explain why we're entitled to the information.")

Particularly in light of Plaintiff's failure to specifically identify its trade secrets at issue in this case, discovery based on those claims should not be compelled. *See Masimo Corp. v. Apple Inc.*, No. SACV2000048JVSJDEX, 2022 WL 1599841, at *2 (C.D. Cal. Apr. 28, 2022) ("Under California Code of Civil Procedure Section 2019.210, a trade secret plaintiff must "identify the trade secret[s]" it intends to pursue "before commencing discovery." This requirement "promotes well-investigated claims and dissuades the filing of meritless trade secret complaints," "prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets," "assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope," and "enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation.").

During the meet and confer process Defendants attempted to discuss the relevance of Plaintiff's very broad Requests, but was repeatedly rebuffed.

**INTERROGATORY NO. 4:**

Identify all products sold to LEGACY by each vendor, including the quantity and price of each product sold.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party restates the general objections. Responding Party objects that the Interrogatory is unduly burdensome and oppressive, as the scope greatly exceeds the scope of discovery permissible under F.R.C.P. 26(b)(1).

13

**Plaintiff's Position**

*See General Objections.*

Defendant's boilerplate "unduly burdensome and oppressive" objections are improper. All grounds for objection to an interrogatory must be stated "with specificity." Fed. Rule Civ. Proc. 33(b)(4); see *Nagele v. Electronic Data Systems Corp.,* 193 FRD 94, 109 (W.D. NY 2000) (objection that interrogatories were "burdensome" overruled because objecting party failed to "particularize" basis for objection); *see also Mancia v. Mayflower Textile Services Co.,* 253 FRD 354, 357 (D. MD 2008) (boilerplate objections waived any legitimate objections responding party may have had); *Chubb Integrated Systems Ltd. v. National Bank of Wash.,* 103 FRD 52, 58 (D DC 1984) ("irrelevant" did not fulfill party's burden to explain its objections); *Mitchell v. National R.R. Passenger Corp.,* 208 FRD 455, 458, fn. 4 (D. D.C. 2002) (where an interrogatory is overbroad, the responding party must provide some *meaningful explanation* of the basis for the objection.)

The information sought is directly relevant to Plaintiff's claims in this action. Here, the Complaint alleges claims for violation of the Defend Trade Secrets Act, violation of the California Uniform Trade Secrets Act, breach of contract, tortious inducement to breach contract, breach of duty of loyalty, conversion, tortious inducement to breach duty of loyalty, tortious interference with business relations/contract and unfair competition. "[T]he allegations in a complaint generally dictate what evidence is discoverable." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). Indeed, Legacy's owners testimony to the Court has been proven to be inaccurate as at least three additional former IFS customers have been identified on top of the 17 that Legacy admitted to selling products to. Accordingly, in order to prove the elements of its claims (including damages), Plaintiff is entitled to discover the quantity and price of the products sold by vendors to Defendant, to help demonstrate Defendant's use of IFS trade secret information learned from IFS' product purchases, has bearing on the Plaintiff's claims. Accordingly, Legacy's

14

1   objections should be stricken and a full and complete response ordered.

2   **Legacy's Response**

3   Interrogatory No. 4 is highly overbroad and lacks required proportionality.

4   Plaintiff asks for Legacy to identify every purchase it has made from any vendor

5   ever. The interrogatory encompasses things that Legacy purchased and did not even

6   attempt to resell, such as software, hardware, office furniture, pens, pencils, printer

7   paper, gas, etc. The interrogatory encompasses purchases of items that were re-sold

8   to customers that IFS never did business with. The interrogatory encompasses

9   purchases of items that were resold to customers that IFS has not made specific trade

10  secret allegations regarding. The interrogatory encompasses items resold to

11  customers that IFS has not provided any evidence even hinting that Legacy's

12  business with involved the use of any alleged trade secrets.

13  The interrogatory contains no date limitations. It is undisputed that Defendants

14  have received no information regarding IFS in over six months. Plaintiff cannot

15  plausibly argue that pricing or other information that is over six months old could

16  benefit Defendants now, especially at a time of high inflation where prices and

17  inventories are changing rapidly.

18  The interrogatory contains no geographic limitations. Most of Legacy's

19  customers are in Arizona and never did business with IFS.

20  With this interrogatory, IFS is simply attempting to burden Defendants and

21  find out the identities of Legacy customers and vendors either for intelligence or so

22  that Plaintiff can interfere with Defendants' relationships by sending

23  communications from their attorneys (something that can be done even if an

24  attorneys' eyes only designation is used).

25  ***Proportionality***: Rule 26(b)(1) provides that parties "may obtain discovery

26  regarding any non-privileged matter that is relevant to any party's claim or defense

27  and proportional to the needs of the case, considering the importance of the issues at

28  stake in the action, the amount in controversy, the parties' relative access to relevant

15

2056839.1

1  information, the parties' resources, the importance of the discovery in resolving the

2  issues, and whether the burden or expense of the proposed discovery outweighs its

3  likely benefit." *Fernandez v. Fisher*, No. CV1906036SBJEMX, 2020 WL 7050570,

4  at *2 (C.D. Cal. Oct. 8, 2020) (denying motion to compel inspection of property as

5  not proportional to needs of case).  In replacing the prior "good cause" analysis for

6  any matter "relevant to the subject matter involved in the action", the 2015

7  amendments to Rule 26 were made to reduce the costs of discovery, and parties and

8  the court must now consider the proportionality factors when serving and responding

9  to discovery.  Adv. Comm. Notes to 2015 Amendments to FRCP 26; s*ee also* Rutter

10  Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(III)-B Scope of Discovery.  As

11  such, Plaintiff's argument concerning broad discovery rights over relevance

12  objections based on pre-2015 amendment relevance tests are inapposite.

13       "The party seeking to compel discovery has the burden of establishing that its

14  request satisfies the relevancy requirements of Rule 26(b)(1)... In turn, the party

15  opposing discovery has the burden of showing that discovery should not be

16  allowed...." *WPIX, Inc. v. Broad. Music, Inc.*, No. CV 11-4052-SJO JEMX, 2011

17  WL 9753912, at *2 (C.D. Cal. July 5, 2011) (citations omitted).  Moreover, "[i]f the

18  sought-after documents are not relevant nor calculated to lead to the discovery of

19  admissible evidence, then *any burden whatsoever* imposed upon [the answering

20  party] would be by definition 'undue.' " *Id.*

21       Here, Plaintiff's meet and confer efforts failed by and large to even attempt to

22  parse the relevance of its broad interrogatory that would be required to meaningfully

23  evaluate their potential benefit to the case against any burden in producing the sought

24  after documents. Gebelin Decl. ¶ 6 (Defendants' counsel repeatedly responded to

25  attempts to discuss relevance by stating "I'm not going to explain our theories of the

26  case, and I'm not going to explain why we're entitled to the information.")

27       Particularly in light of Plaintiff's failure to specifically identify its trade secrets

28  at issue in this case, discovery based on those claims should not be compelled.  *See*

16

2056839.1

1  *Masimo Corp. v. Apple Inc.*, No. SACV2000048JVSJDEX, 2022 WL 1599841, at *2

2  (C.D. Cal. Apr. 28, 2022) ("Under California Code of Civil Procedure Section

3  2019.210, a trade secret plaintiff must "identify the trade secret[s]" it intends to

4  pursue "before commencing discovery." This requirement "promotes well-

5  investigated claims and dissuades the filing of meritless trade secret complaints,"

6  "prevents plaintiffs from using the discovery process as a means to obtain the

7  defendant's trade secrets," "assists the court in framing the appropriate scope of

8  discovery and in determining whether plaintiff's discovery requests fall within that

9  scope," and "enables defendants to form complete and well-reasoned defenses,

10  ensuring that they need not wait until the eve of trial to effectively defend against

11  charges of trade secret misappropriation.").

12    During the meet and confer process Defendants attempted to discuss the

13  relevance of Plaintiff's very broad Requests, but was repeatedly rebuffed.

14  **INTERROGATORY NO. 6:**

15    Identify all prospective, current and former LEGACY customers that JESUS

16  prospected, including name, address, telephone number and customer contact.

17  **CONFIDENTIAL RESPONSE TO INTERROGATORY NO. 6:**

18    Responding Party restates the general objections. Responding Party objects

19  that the Interrogatory is unduly burdensome and oppressive, as the scope greatly

20  exceeds the scope of discovery permissible under F.R.C.P. 26(b)(1).

21    In light of IFS' ongoing unfair business practices, Responding Party will

22  identify only those current and former Legacy customers it knows were current or

23  former customers of IFS as of March 31, 2022.

24    Subject to, and without waiving the foregoing objections, Responding Party

25  responds as follows:

26

27

28

17

2056839.1

1  *CONFIDENTIAL INTERROGATORY RESPONSE[3]*

2  ██████████████████████████████████████

3  *END CONFIDENTIAL INTERROGATORY RESPONSE*

4  **Plaintiff's Position**

5  *See General Objections.*

6  Legacy's boilerplate "unduly burdensome and oppressive" objections are

7  improper. All grounds for objection to an interrogatory must be stated "with

8  specificity." Fed. Rule Civ. Proc. 33(b)(4); see *Nagele v. Electronic Data Systems*

9  *Corp.,* 193 FRD 94, 109 (W.D. NY 2000) (objection that interrogatories were

10 "burdensome" overruled because objecting party failed to "particularize" basis for

11 objection); *see also Mancia v. Mayflower Textile Services Co.,* 253 FRD 354, 357

12 (D. MD 2008) (boilerplate objections waived any legitimate objections responding

13 party may have had); *Chubb Integrated Systems Ltd. v. National Bank of Wash.,* 103

14 FRD 52, 58 (D DC 1984) ("irrelevant" did not fulfill party's burden to explain its

15 objections); *Mitchell v. National R.R. Passenger Corp.,* 208 FRD 455, 458, fn. 4 (D.

16 D.C. 2002) (where an interrogatory is overbroad, the responding party must provide

17 some *meaningful explanation* of the basis for the objection.)

18 Further, Legacy improperly limits its response and fails to provide a complete

19 response as required. The interrogatory asks Legacy to "[i]dentify all prospective,

20 current and former LEGACY customers that JESUS prospected, including name,

21 address, telephone number and customer contact." Legacy responded only as to

22 those customers "as of March 31, 2022 that it knows were current and former

23 customers of IFS" and provided only the name and address. Legacy's assertion "In

24 light of IFS' ongoing unfair business practices" is irrelevant and improper as a

25 _____

26 [3] The text of Legacy's response consists of the identification of a single entity that Legacy designated as CONFIDENTIAL under the Court's protective order. IFS is

27 entitled to learn about all of the prospective, current and former customers of Legacy that its employee, also an IFS salesperson, contacted for Legacy's purposes.

28

18

1    stipulated protective order is in place that allows for an attorneys' eyes only

2    designation of protection.  Thus, any such alleged concern, can be resolved with a

3    simple designation. Further, Legacy's owners testimony to the Court has been proven

4    to be inaccurate as at least three additional former IFS customers have been

5    identified on top of the 17 that Legacy admitted to selling products to.  And, as

6    Legacy hired Jesus Trujillo, an IFS employee, as a Legacy salesperson and therefore

7    IFS is entitled to learn about all of the customers that Mr. Mesa prospected for

8    Legacy and those that became customers of Legacy.  As Legacy's objections are

9    unfounded, Legacy must fully answer the interrogatory as written.  See Fed. Rule

10   Civ. Proc. 33 (b)(3). Accordingly, Legacy's objections should be stricken and a full

11   and complete response ordered.

12         **Legacy's Response**

13         Plaintiff wholly incorporated its arguments concerning "General Objections"

14   and Defendant likewise incorporates its arguments concerning the same.

15         Plaintiff did not include any discussion about this interrogatory in its meet and

16   confer correspondence, such that this is the first instance it has discussed its

17   complaint about Legacy's response to the Interrogatory.  *See* Gebelin Decl. Ex 1 at

18   pp 9-10.  Thus, this issue is not properly before the Court and no relief should be

19   granted.

20         Despite Plaintiff's failure to meet and confer on this Interrogatory prior to

21   serving this Joint Stipulation, Defendant will agree to supplement its response to

22   remove the time limitation.

23   **INTERROGATORY NO. 7:**

24         Identify all prospective, current and former LEGACY customers that HUGO

25   prospected, including name, address, telephone number and customer contact.

26   **CONFIDENTIAL RESPONSE TO INTERROGATORY NO. 7:**

27         Responding Party restates the general objections. Responding Party objects

28   that the Interrogatory is unduly burdensome and oppressive, as the scope greatly

19

1  exceeds the scope of discovery permissible under F.R.C.P. 26(b)(1).

2      Subject to, and without waiving the foregoing objections, Responding Party

3  responds as follows:

4      ***CONFIDENTIAL INTERROGATORY RESPONSE***

5  ████████████████████████████████████████████████

6      ***END CONFIDENTIAL INTERROGATORY RESPONSE***

7      **Plaintiff's Position**

8      *See General Objections.*

9      Legacy's boilerplate "unduly burdensome and oppressive" objections are

10 improper. All grounds for objection to an interrogatory must be stated "with

11 specificity."  Fed. Rule Civ. Proc. 33(b)(4); see *Nagele v. Electronic Data Systems*

12 *Corp.,*  193 FRD 94, 109 (W.D. NY 2000) (objection that interrogatories were

13 "burdensome" overruled because objecting party failed to "particularize" basis for

14 objection); *see also Mancia v. Mayflower Textile Services Co.,*  253 FRD 354, 357

15 (D. MD 2008) (boilerplate objections waived any legitimate objections responding

16 party may have had); *Chubb Integrated Systems Ltd. v. National Bank of Wash.,*  103

17 FRD 52, 58 (D DC 1984) ("irrelevant" did not fulfill party's burden to explain its

18 objections); *Mitchell v. National R.R. Passenger Corp.,*  208 FRD 455, 458, fn. 4 (D.

19 D.C. 2002) (where an interrogatory is overbroad, the responding party must provide

20 some *meaningful explanation* of the basis for the objection.)

21     Further, Legacy improperly limits and fails to provide a complete response as

22 required.  The interrogatory asks Legacy to "[i]dentify all prospective, current and

23 former LEGACY customers that HUGO prospected, including name, address,

24 telephone number and customer contact."  Legacy provided only the name and

25 ───────────────────

26 [4] The text of Legacy's response consists of the identification of a single entity that
Legacy designated as CONFIDENTIAL under the Court's protective order.  IFS is

27 entitled to learn about all of the prospective, current and former customers of Legacy
that its employee, also an IFS salesperson, contacted for Legacy's purposes.

28

20

2056839.1

address. Legacy responded only as to those customers "as of March 31, 2022 that it knows were current and former customers of IFS" and provided only the name and address.  And, as Legacy hired Hugo Mesa, an IFS employee, as a Legacy salesperson and therefore IFS is entitled to learn about all of the customers that Mr. Mesa prospected for Legacy and those that became customers of Legacy.  As Legacy's objections are unfounded, Legacy must fully answer the interrogatory as written.  See Fed. Rule Civ. Proc. 33 (b)(3). Accordingly, Legacy's objections should be stricken and a full and complete response ordered.

### Legacy's Response

Plaintiff wholly incorporated its arguments concerning "General Objections" and Defendant likewise incorporates its arguments concerning the same.

Plaintiff did not include any discussion about this interrogatory in its meet and confer correspondence, such that this is the first instance it has discussed its complaint about Legacy's response to the Interrogatory.  *See* Gebelin Decl. Ex 1 at pp 9-10.  Thus, this issue is not properly before the Court and no relief should be granted.

Despite Plaintiff's failure to meet and confer on this Interrogatory prior to serving this Joint Stipulation, Defendant will agree to supplement its response to remove the time limitation.

### INTERROGATORY NO. 9:

Identify by type, brand, model number, and user name, each device, including but not limited to desktop computers, PDAs, portable, laptop, and notebook computers, cell phones, diskette, CD, DVD, and other removable media or storage device that has been, or is currently, in use by LEGACY.

### RESPONSE TO INTERROGATORY NO. 9:

Responding Party restates the general objections. Responding Party objects that the Interrogatory is unduly burdensome and oppressive, as the scope greatly exceeds the scope of discovery permissible under F.R.C.P. 26(b)(1).

21

1    Subject to, and without waiving the foregoing objections, Responding Party

2    responds as follows:

3    Legacy uses Windows computers (largely Dell), and mobile devices including

4    iPhone and Samsung Android devices for its operations.

5    **Plaintiff's Position**

6    *See General Objections.*

7    Legacy's boilerplate "unduly burdensome and oppressive" objections are

8    improper. All grounds for objection to an interrogatory must be stated "with

9    specificity."  Fed. Rule Civ. Proc. 33(b)(4); see *Nagele v. Electronic Data Systems*

10   *Corp.,*  193 FRD 94, 109 (W.D. NY 2000) (objection that interrogatories were

11   "burdensome" overruled because objecting party failed to "particularize" basis for

12   objection); *see also Mancia v. Mayflower Textile Services Co.,*  253 FRD 354, 357

13   (D. MD 2008) (boilerplate objections waived any legitimate objections responding

14   party may have had); *Chubb Integrated Systems Ltd. v. National Bank of Wash.,*  103

15   FRD 52, 58 (D DC 1984) ("irrelevant" did not fulfill party's burden to explain its

16   objections); *Mitchell v. National R.R. Passenger Corp.,*  208 FRD 455, 458, fn. 4 (D.

17   D.C. 2002) (where an interrogatory is overbroad, the responding party must provide

18   some *meaningful explanation* of the basis for the objection.)

19   Further, Legacy improperly limits its response and fails to provide a complete

20   response as required.  The interrogatory asks Legacy to: "Identify by type, brand,

21   model number, and user name, each device, including but not limited to desktop

22   computers, PDAs, portable, laptop, and notebook computers, cell phones, diskette,

23   CD, DVD, and other removable media or storage device that has been, or is

24   currently, in use by LEGACY."  Legacy vaguely provided brand information about

25   computer and devices that "include[e]" iPhone and Samsung devices. This is not a

26   complete response to a legitimate interrogatory that seeks to learn the scope of

27   Legacy's electronic devices which are the sources of potential discovery information,

28   especially in light of Legacy's cover-up and use of non-employees to carry out it

JOINT STIP RE DISCOVERY DISPUTE RE
FIRST SET OF ROGS TO DEF LEGACY
WHOLESALE GROUP, LLC

2056839.1

work and operations. As Legacy's objections are unfounded, Legacy must fully answer the interrogatory as written.  See Fed. Rule Civ. Proc. 33 (b)(3). Accordingly, Legacy's objections should be stricken and a full and complete response ordered.

**Legacy's Response**

Plaintiff wholly incorporated its arguments concerning "General Objections" and Defendant likewise incorporates its arguments concerning the same.

Plaintiff did not include any discussion about this interrogatory in its meet and confer correspondence, such that this is the first instance it has raised any issue with the response to the Interrogatory.  *See* Gebelin Decl. Ex 1 at pp 9-10.  Thus, this issue is not properly before the Court and no relief should be granted.

To the extent that Plaintiff asserts that it is entitled to the information because it is further entitled to forensic imaging of Defendant's computer devices, the argument lacks merit, as more fully developed in Defendant's responses regarding those Requests for production seeking forensic imaging of devices.

Despite Plaintiff's failure to meet and confer on this Interrogatory prior to serving this Joint Stipulation, Defendant will agree to supplement its response to specifically identify by make and model the electronic devices (*i.e.* computers, smartphones, etc.) used by Legacy.

**IT IS SO STIPULATED.**

Dated: October 12, 2022            CDF LABOR LAW LLP
                                    Amy S. Williams

                            By: _____
                                    Dan M. Forman
                                Attorneys for Plaintiff/Counter-Defendant
                                PERRIN BERNARD SUPOWITZ, LLC, a
                                California LLC dba INDIVIDUAL FOODSERVICE

23

2056839.1

1   Dated: _____ October 11, 2022        LESOWITZ GEBELIN
                                             Scott M. Lesowitz
2

3                                            By: _____
4                                                      Steven T. Gebelin
                                             Attorneys for Defendants
5                                            PABLO MORALES, SAVINO MORALES,
                                             SERGIO ESCAMILLA and Defendant/Counter-
6                                            Complainant LEGACY WHOLESALE GROUP,
                                             LLC,
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   24              JOINT STIP RE DISCOVERY DISPUTE RE
                                                   FIRST SET OF ROGS TO DEF LEGACY
                                                   WHOLESALE GROUP, LLC

2056839.1