CDF LABOR LAW LLP
  Dan M. Forman, State Bar No. 155811
  dforman@cdflaborlaw.com
  Amy S. Williams, State Bar No. 228853
  awilliams@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone:  (213) 612-6300

Attorneys for Plaintiff/Counter-Defendant
PERRIN BERNARD SUPOWITZ, LLC, a
California LLC dba INDIVIDUAL
FOODSERVICE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE,<br><br>        Plaintiff,<br><br>    v.<br><br>PABLO MORALES, an individual; LEGACY WHOLESALE GROUP, LLC, an Arizona Limited Liability Corporation; SAVINO MORALES, an individual; and SERGIO ESCAMILLA, an individual; and DOES 1 through 20, inclusive,<br><br>        Defendants.<br><br>_____<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:22-cv-02120-ODW-JEM<br><br>Mag. Judge John E. McDermott<br>Ctrm:  640<br><br>**PLAINTIFF'S CONSOLIDATED SUPPLEMENTAL MEMORANDUM TO JOINT STIPULATIONS RE DISCOVERY DISPUTE (RE FIRST SET OF INTERROGATORIES TO DEFENDANT LEGACY WHOLESALE GROUP, LLC; FIRST SET OF REQUESTS FOR DOCUMENTS TO DEFENDANT LEGACY WHOLESALE GROUP, LLC; FIRST SET OF REQUESTS FOR DOCUMENTS TO DEFENDANT PABLO MORALES, FIRST SET OF REQUESTS FOR DOCUMENTS TO DEFENDANT SERGIO ESCAMILLA; FIRST SET OF REQUESTS FOR DOCUMENTS TO DEFENDANT SAVINO MORALES)**<br><br>Date:    November 8, 2022<br>Time:   10:00 a.m.<br>Ctrm:  640<br><br>Discovery Cut-Off:   December 19, 2022<br>Pretrial Conference:  March 27, 0202<br>Trial Date:              April 18, 2023 |

2065283.2

# I. **INTRODUCTION**

Discovery uncovered Defendants misrepresentations in numerous declarations and by sworn deposition testimony covering up Defendants' misappropriation of IFS' trade secrets and confidential information.  Defendants' interfering objections should be overruled and complete responses compelled, including all requested documents and the imaging of Defendants' devices to get to facts that have been hidden.  Indeed, it was not enough to cover up their own trail, but Defendants are interfering with IFS' efforts to gather responsive information from third parties.  (ECF #150-154.)

Pursuant to L.R. 37-2.3, Plaintiff submits a consolidated Supplemental Memorandum in response to Defendants' positions in the Joint Stipulations regarding discovery disputes.

## A.   **Defendants May Not Narrow the Scope of Reasonably Targeted Discovery Requests.**

Defendants make conclusory accusations that Plaintiff seeks irrelevant documents.  As an illustration, Defendants cite to proportionality pursuant to Fed. R. Civ. Proc. 26 but fail to explain why the documents sought are not actually relevant or production would be burdensome.  Therefore, they essentially concede that their objections are mere boilerplate objections.  (*See, e.g.,* Joint Stipulation re Savino RFP, 13:25-14:26.)   Defendants also ignore their own deposition testimony that demonstrates lying and hiding relevant responsive documents/information.  (ECF # 138-1, Plaintiff Separate Statement iso Defendants' Motion for Summary Judgment ("ECF # 138-1"), Nos. 50, 62.)

Defendants' argument that "trade secret" has not been defined is meritless.  In both the meet and confer process and through IFS' pleadings, IFS' trade secrets are defined to include IFS' confidential customer list and related information including pricing, sales data, client contact information, credit information, sales history and more.  Also, IFS established the trade secret vendor and pricing information that it

2065283.2

maintains.  (ECF # 138, Plaintiff's Opposition ("Opp.") to Defendants' MSJ, section III.C.)

Belatedly, Defendants appear open to partially supplementing their responses and propose adding an artificial limitation to produce non-privileged documents that "mention IFS in connection with its specifically identified trade secret or confidential information."  (*See* Joint Stipulation re Savino, Nos. 2, 7, 11, 13, 20, 24, 26, 27, 28, 29, 34; Joint Stipulation re Pablo, Nos. 2, 6, 10, 12, 19, 23, 25, 26, 27, 28, 32; Joint Stipulation re Sergio, Nos. 2, 9, 11, 18, 24, 25, 26, 27; and Joint Stipulation Legacy's RFP, Nos. 29, 30, 31, 35, 38, 39.)  This begs the question as to why Defendants did not produce the documents that they have concluded they are open to providing.

Plaintiff is entitled to all documents that refer to or mention IFS, not just those that specifically mention trade secrets or confidential information.  Communications among the Defendants about their plans to defraud and intentionally damage IFS go to IFS' claims as well as evidence to support exemplary and punitive damages.[1]  As an example, Defendants testified that they used fake names to do business for Legacy and used such fake names when dealing with IFS.  (ECF # 132, Williams Decl. ¶¶ 8-9, Exs. C & D, (Pablo 145:22-146:6, 147:17-19) and (Savino 277:24-278:7, 321:1-321:9).)  Such documents demonstrate deliberate efforts to mislead IFS and misappropriate trade secrets, but do not necessarily mention IFS' trade secrets or confidential information by name.

Another example is Pablo's text message to a Legacy employee stating he had used IFS system to check inventory on a product, and that he was "trying to get old pricing" from IFS.  (ECF # 138-1, No. 62.)  Communications of this sort are

---

[1] In some instances, Defendants change the RFP topic completely. While RFP No. 20 to Sergio seeks communications with current or former employees of IFS that mention or refer to *Legacy*, Defendants propose changing the call of the quest to communications that mention *IFS* instead.  (Joint Stipulation re Sergio, No. 20.) Defendants' version would hide all communications where Defendants tried to lure IFS' employees to work for Legacy.

2065283.2

1   essentially admissions that Pablo misused IFS' trade secrets and confidential

2   information and systems for Legacy's benefit.  While such communications do not

3   specifically mention trade secrets or confidential information, they demonstrate the

4   misappropriation in action.  Defendants' proposed limitation would eliminate many

5   relevant and responsive documents.

6       Defendants must supplement their responses and produce responsive

7   documents without proposed limitation, including documents dated post-March 31,

8   2022.

9   **B.**   **Plaintiff Needs Forensic Imaging of Defendants' Devices Because**

10      **Defendants Consistently Lied in the Discovery Process.**

11      Defendants consistently perjured themselves in depositions, discovery

12  responses, and declarations.  (ECF # 138-1, Nos. 50, 62.)  Thus, further testimony

13  cannot be credited without IFS' ability to use information on Legacy's computer

14  system for examination purposes, especially communications between key characters

15  including Pablo, Sergio, Savino, and others who worked for Legacy.  (*See* Joint

16  Stipulation re Savino, Nos. 2, 6-8, 10-11, 21-23, 25-27, 32, 34, 36; Joint Stipulation

17  re Pablo, Nos. 2, 6-8, 10-11, 21-23, 25-27, 32, 34, 36; Joint Stipulation re Sergio,

18  Nos. 2, 5-7, 9-10, 20-21, 24-26 and Joint Stipulation Legacy's RFP, Nos. 3, 5, 8, 9,

19  10, 14, 16, 21-23, 25-36, 38, 39, 31-43.)

20      The information stored on Defendants' computer and personal devices will

21  likely uncover additional lies or fill the missing information gap.  Defendants lied

22  about, among other things, the number of IFS' customers Legacy sold products to.

23  Savino and Pablo submitted declarations to this Court, swearing that there are "17"

24  shared customers.  However, Savino and Pablo testified in deposition that at least

25  three additional customers were not identified.  (ECF # 138-1, Plaintiff's SS iso Opp.

26  To Defendants' MSJ, No. 50.)  Defendant's objections to the subpoena on Luna

27  Supply adds another customer to the count.  (ECF # 164-2, Defendants' Objections

28  to Plaintiff's Subpoena to Luna Supply.)  Additionally, Pablo and Savino's testimony

PLTF'S CONSOLIDATED SUPPLEMENTAL
MEMORANDUM TO JOINT STIPS RE
DISCOVERY DISPUTES

1  that they only sold Legacy products to IFS' customers when the customer sought a

2  lower price or IFS was out of stock was false.  (*Id.*, No. 50.)  This information is

3  likely stored on Defendants' computers and personal devices and forensic imaging

4  will help confirm the relevant facts that Defendants lied about—namely, how and

5  when IFS' customers first became Legacy's customers and circumstances around

6  selling Legacy products to IFS' customers.

7      Given the pattern of dishonesty, Plaintiff should be permitted to conduct

8  forensic imaging of Defendants' devices, as requested.  Defendants already admitted

9  to using personal devices to conduct IFS business.  (Savino Joint Stipulation re

10  Discovery Dispute, 47:17-48:3.)

11      Defendants argue that the Parties did not confer about this topic and that the

12  requested devices are unspecified.  Both are without merit.  Plaintiff contacted

13  Defendants' counsel and proposed a protocol for forensic review.  (ECF # 132-9,

14  Williams Decl., Ex. I.)  The devices are specified – all devices on which Defendants

15  conducted IFS business on.  Because Defendants own and are in possession of the

16  devices and only they know which devices were used, it is impossible for Plaintiff to

17  list every single device ever used.  Savino testified many times that he sent

18  confidential IFS information to his wife's email account and accessed IFS'

19  confidential information on her computer, the same computer that his wife testified

20  was used for Legacy's business.  Savino claimed he did so for IFS' business

21  purposes.  As such, the testimony  demonstrates that Defendants conducted IFS

22  business on devices other than the IFS devices that were lost by UPS and that such

23  devices should be examined to ensure that the full scope of compromised IFS'

24  confidential information is identified.  (Savino Joint Stipulation re Discovery

25  Dispute, 47:17-27.)

26      Defendants further argue that forensic imaging will result in finding of

27  irrelevant information, but this is a non-issue as Plaintiff already proposed a protocol

28  to best targeting relevant information in a reasonable manner.  The protocol

4

2065283.2

1   specifically limits the imaging to information relating to IFS and provides
2   Defendants with a reasonable time to review the results and protect any that are
3   completely unrelated to the case.  Any truly irrelevant information should be filtered
4   out.  (ECF # 132-9, Williams Decl., Ex. I.)  Any privacy concerns are also without
5   merit because Defendants proposed Attorneys' Eyes Only designation for forensic
6   imaging.  (*Id*.)  The Court issued Protective Order to help protect private information
7   while allowing discovery.

8       Whether Escamilla was an IFS employee is irrelevant. Escamilla's devices
9   should be subject to forensic imaging too because he involved himself in many
10  communications regarding IFS and Legacy businesses, including conversations about
11  tracking cash payments, some of which, IFS believes were never delivered to IFS
12  and he applied for credit for Legacy from IFS and other creditors. (ECF # 132,
13  Williams Decl. ¶ 10, Ex. E, Sergio 178:23-180:12, 220:8-223:6, 236:17-237:9,
14  182:6-185:5.)  Defendants must produce compliant supplemental responses and
15  documents.

16                          **II.  CONCLUSION**

17      Defendants must be compelled to produce supplemental responses and
18  document production, and turn over relevant devices for forensic imaging and their
19  boilerplate objections should be stricken.

20

21  Dated:  October 25, 2022          CDF LABOR LAW LLP
22                                    Amy S. Williams

23                                    By: _____ */s/ Dan M. Forman* _____
24                                          Dan M. Forman
25                                    Attorneys for Plaintiff/Counter-Defendant
                                      PERRIN BERNARD SUPOWITZ, LLC, a
26                                    California LLC dba INDIVIDUAL FOODSERVICE

27

28

PLTF'S CONSOLIDATED SUPPLEMENTAL
MEMORANDUM TO JOINT STIPS RE
DISCOVERY DISPUTES

2065283.2