UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-02120-ODW (JEMx) | Date | November 1, 2022 |
|---|---|---|---|
| Title | Perrin Bernard Supowitz, LLC v. Pablo Morales, et al. | | |

Present: The Honorable   John E. McDermott, United States Magistrate Judge

| S. Lorenzo | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:**   **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OF RECORDS FROM LUNA SUPPLY (Dkt. No. 113) AND PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA OF RECORDS FROM M&E; REQUEST FOR SANCTIONS (Dkt. No. 116)**

  Before the Court are two Motions to Compel Compliance with Subpoena of Records ("Motions") filed by Plaintiff Perrin Bernard Supowitz, LLC, d/b/a Individual Foodservice ("Plaintiff" or "IFS") against third parties Luna Supply and M&E on October 11, 2022.  (Dkt. 113-115, 116-118.)  Party Defendants Sergio Escamilla, Savino Morales, Pablo Morales and Legacy Wholesale Group, LLC ("Legacy") filed a Consolidated Opposition to the Motions on behalf of Luna Supply and M&E on October 18, 2022.  ( Dkt. 156.)  Plaintiff filed a Consolidated Reply on October 25, 2022.  (Dkt. 164.)  The Court DENIES the Motions without prejudice.

  Plaintiff contends that Pablo and Savino Morales who worked for IFS as outside salespersons used IFS' trade secret and confidential information to form a competing business, Defendant Legacy, that lured away Plaintiff's customers.  (Dkt. 114 at 1-2; 117 at 1-2.)  Two of those customers were Luna Supply and M&E.  (Dkt. 114 at 2; Dkt. 117 at 2.)   On August 26, 2022, Plaintiff served Rule 45 third party document subpoenas on Luna Supply and M&E.  (Dkt. 115, ¶ 2, Ex. A; Dkt. 118,  ¶ 2, Ex. A.)  Luna Supply and M&E did not produce any documents and did not respond to Plaintiff's Rule 37 meet and confer letter.  (Dkt. 115, ¶¶ 3-5; Dkt. 118, ¶¶ 3-5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-02120-ODW (JEMx) | Date | November 1, 2022 |
|---|---|---|---|
| Title | Perrin Bernard Supowitz, LLC v. Pablo Morales, et al. | | |

    Luna Supply and M&E, however, did file objections to the subpoenas which were prepared for them by Defendants' counsel. (Dkt. 164-1, ¶ 2, Ex. 1.) All but one of the objections are invalid. The assertions of undue burden, relevance and proportionality are improper boilerplate objections without explanation or specificity as required by Rule 34(b)(2)B) or declaration. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D 186, 188 (C.D. Cal. 2006) (explaining impropriety of such objections.) Luna Supply and M&E also assert a right to privacy but privacy interests are not absolute and generally yield to discovery needs when mitigated by protective order. See Edwards v. County of Los Angeles, 2009 WL 4707996*3-*4 (C.D. Cal.); Stallworth v. Brollini, 288 F.R.D. 439, 444 (N.D. Cal. 2012). Federal courts balance the right of privacy against the relevance and necessity of the information sought. Id. The Court entered a protective order on April 28, 2022. (Dkt. 37.)

    Thus, were the analysis to end here, there would be no valid basis for Luna Supply and M&E not to produce the requested documents. Rule 26(b)(2), however, provides that a Court on its own motion must limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the parties seeking discovery had ample opportunity to obtain the information by discovery in the action." See Nidec Corp. v. Victor Co. Of Japan, 249 F.R.D. 575, 578 (N.D. Cal. 2007) ("there is simply no reason to burden non-parties when the documents sought are in the possession of the party defendant"). Here, Defendants demonstrate that Plaintiff is seeking the same documents from Defendants that it is seeking from Luna Supply and M&E. (Dkt. 156.) The Court has ordered Defendants to produce these documents by November 15, 2022. (Dkt. 172.) Accordingly, the Court DENIES the Motions without prejudice.

    If Defendants fail to produce their documents regarding Luna Supply and M&E on November 15, 2022, then Plaintiff may file a Joint Status Report on **November 22, 2022**, requesting entry of an order granting the Motions, after meeting and conferring with Defendants/Luna Supply/M&E. As Defendants prepared the objections for Luna Supply and M&E, and filed an Opposition on their behalf, the Court expects Defendants to produce all of the relevant non-privileged documents in their custody, control and possession, as well as in Luna Supply's and M&E's custody, control and possession. This includes documents regarding Legacy's communications with Luna Supply and M&E. Defendants cannot expect to avoid producing relevant, non-privileged documents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-02120-ODW (JEMx) | Date | November 1, 2022 |
|---|---|---|---|
| Title | Perrin Bernard Supowitz, LLC v. Pablo Morales, et al. | | |

in the custody, control and possession of Luna Supply and M&E if they persist in opposing production of the same documents in their custody, control and possession.

                                                                                                                               :

Initials of Deputy Clerk            slo