**LESOWITZ GEBELIN LLP**
Scott M. Lesowitz (SBN 261759)
　　scott@lawbylg.com
Steven T. Gebelin (SBN 261507)
　　steven@lawbylg.com
8383 Wilshire Boulevard, Suite 800, Beverly Hills, CA 90211
Telephone: (310) 341-3072; Facsimile:  (310) 341-3070

**JOHNSON & RAWI PC**
Jeffery W. Johnson (SBN 133467)
　　jjohnson@johnsonrawi.com
99 South Lake Avenue, Suite 208, Pasadena, California 91101
Telephone: (626) 585-5663; Facsimile:  (626) 239-3630
*Attorneys for Defendants* Pablo Morales,
Savino Morales, Sergio Escamilla, and
Legacy Wholesale Group, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, dba INDIVIDUAL FOODSERVICE,<br><br>Plaintiff,<br><br>v.<br><br>PABLO MORALES, LEGACY WHOLESALE GROUP, LLC, SAVINO MORALES, SERGIO ESCAMILLA, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:22-cv-02120 ODW(JEMx)<br>[Discovery Matter directed to Magistrate Judge John E. McDermott]<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUE AND EVIDENTIARY SANCTIONS AGAINST DEFENDANTS FOR VIOLATION OF COURT'S ORDER** |

*IFS  v. Morales, et al.*
 USDC, Case No. 2:22-cv-02120 ODW(JEMx)

# Memorandum of Points and Authorities

Defendants Legacy Whole Group LLC ("Legacy"), Savino Morales, Pablo Morales, and Sergio Escamilla, hereby oppose the Motion for Issue and Evidentiary Sanctions filed by Plaintiff on December 9, 2022 (ECF no. 205).

## I. Introduction

Defendants and their counsel sincerely apologize that there was misunderstanding and coordination problems that led to responsive documents relating to M&E and Luna Supply not being timely produced.

That said, in response to a slight delay in production of documents, IFS outlandishly requests evidentiary sanctions that amount to a de facto request for terminating sanctions. IFS does not bother requesting lesser forms of sanctions such as requiring additional time to conduct certain discovery at Defendants' expense. IFS has never even attempted to depose Luna Supply or M&E in this case.

IFS' requests are highly inappropriate. Defendants and their counsel have not acted in bad faith. All responsive documents have been produced now except for the possibility of documents that only Luna Supply would be in possession of. And Defendants have not obtained those documents because it turns out that the owner of Luna Supply, who is Defendant Pablo Morales' primary contact at Luna Supply, had a major heart attack and is only now starting to slowly return to work. Defendants are now in contact with the owner's son and are working to prod him to search for and locate what responsive documents they can as soon as possible. There is either no prejudice, or any slight prejudice can be remedied by lesser means that IFS does not bother requesting. The Court should deny the requests for evidentiary sanctions.

## II. Statement of Facts regarding Compliance

Counsel for Defendants had a mix up regarding the November 1, 2022, order (ECF no. 177). The two attorneys for Defendants mistakenly believed that the other was going to provide the necessary documents responsive to the order. Lesowitz Decl. ¶ 2; Gebelin Decl. ¶ 2. This was compounded by both attorneys having family

health issues they had to deal with in November in addition to the extensive amount of overlapping discovery issues that were occurring in the case at the same time. Lesowitz Decl. ¶ 3; Gebelin Decl. ¶ 3. Counsel for Defendants apologize for their miscommunications and difficulties relating to the November 1, 2022, Court order; they did not act with any kind of bad faith. Lesowitz Decl. ¶ 3; Gebelin Decl. ¶ 3.

Before IFS filed its motion, Defendants had produced all documents in Defendants' possession, custody, or control, as well as all the documents in M&E's possession, custody, or control. Gebelin Decl. ¶ 4; Lesowitz Decl. ¶ 6.

As for Luna Supply, there have been difficulties obtaining documents that only Luna Supply would have, such as Luna Supply's records of cash payments to IFS. It turns out that the owner of Luna Supply, who is Pablo Morales' contact at Luna Supply and only speaks Spanish, has missed significant time due to a heart attack and is still only slowly returning to work. Pablo Morales Decl. ¶ 4; Lesowitz Decl. ¶ 4. Pablo Morales had been trying unsuccessfully to contact the owner of Luna Supply and did not know why the owner was not returning his phone calls. Pablo Morales Decl. ¶ 4. Since Pablo Morales had been unsuccessful reaching the owner of Luna Supply by phone (their usual method of communication), Pablo Morales drove to Luna Supply. Pablo Morales Decl. ¶ 4. That is when Pablo Morales learned that the owner's son had stepped in due to the owner's heart attack and slow recovery. Pablo Morales Decl. ¶ 4. Counsel for Defendants is now in contact with the son and working with him to obtain any responsive documents. Lesowitz Decl. ¶ 4. Defendants will produce all documents Luna Supply locates as soon as possible and will update the Court with that progress. Lesowitz Decl. ¶ 4.

IFS questions whether Defendants have withheld responsive documents. They have not. Defendant Pablo Morales previously executed a sworn verification indicating that all documents in Legacy's possession, custody, or control have been produced. Lesowitz Decl. ¶ 6 & Exh. 1. Counsel for Defendants indicates in a declaration that he worked with M&E to obtain all responsive documents and that

*IFS v. Morales, et al.*  
USDC, Case No. 2:22-cv-02120 ODW(JEMx)  
2  
**Ex Parte Application to Compel the Deposition of Ken Sweder**

all responsive documents provided by Defendants and M&E have been produced. Gebelin Decl. ¶ 4.

Additionally, in response to the ongoing meet and confer process regarding IFS' motions to compel against Defendants (most of which the Court has now denied), Defendants produced additional documents, including Legacy's records of cash payments that IFS references in its moving papers. Gebelin Decl. ¶ 5.

As for lack of emails and text messages, Pablo Morales serviced both M&E and Luna Supply for Legacy and previously for IFS. Pablo Morales Decl. ¶ 1. Defendants have no access to any emails or text messages that Pablo Morales may have sent while working for IFS, because Pablo Morales no longer has access to his IFS email account or his cellphone that he had used for IFS business; when IFS terminated Pablo Morales, IFS shutoff his access to his IFS email account, and Pablo Morales gave IFS the phone he used for IFS business at IFS' request. Pablo Morales Decl. ¶ 5. Furthermore, Pablo Morales' practice was not to communicate with either Luna Supply or M&E by email or text message, but rather to speak to them on the phone and to provide them invoices in person. Pablo Morales Decl. ¶ 6.

## III. Argument

### A. There Was No Bad Faith Intention to Violate Any Order, and Defendants Are Doing Their Best to Comply Fully

Certain evidentiary sanctions that IFS requests amount to de facto requests for terminating sanctions. Establishing "as uncontroverted and incontrovertible" that "Defendants solicited Luna Supply and M&E to divert business from IFS to Legacy, while Pablo and Savino Morales were employed by IFS" would mean that IFS would be entitled to judgment as to liability on its breach of duty of loyalty cause of action. Establishing "as uncontroverted and incontrovertible" that "Defendants used cash payments due IFS from Luna Supply and M&E for Legacy's purposes to pay for Legacy's purchases of goods" would mean that IFS would be entitled to judgment as to liability on its breach of duty of loyalty and conversion claims.

As these requests for evidentiary sanctions would be akin to granting terminating sanctions, they may only be granted in "extreme circumstances," and any violations of discovery orders must have been "due to willfulness, bad faith, or fault of the party." *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988) ("Dismissal and default judgment are authorized only in extreme circumstances. So, too, are orders taking the plaintiff's allegations as established and awarding judgment to the plaintiff on that basis….Moreover, in order to warrant imposition of these severe sanctions, the violation(s) must be due to willfulness, bad faith, or fault of the party.") (internal citations and quotations omitted); *S.E.C. v. Mercury Interactive LLC*, 2012 WL 3277165, *9 (N.D. Cal. Aug. 9, 2012) (rejecting that "mere negligence can support terminating sanctions" and disagreeing with "Defendants' suggestion that under *Leon* [*v. IDX Systems Corp.*, 464 F.3d 951 (9th Cir. 2006)] the Court can impose the 'harsh sanction' of termination based merely on a finding of 'fault,' whatever that means.")

Here, Defendants and their counsel did not act with the "willfulness, bad faith, or fault" that would be required to impose the severe evidentiary sanctions requested.

As discussed above, Counsel for Defendants had a mix up about the November 1, 2022, order (ECF no. 177) regarding which attorney was working on the Luna Supply and M&E production, due in part to the large number of largely overlapping discovery disputes and in part because both attorney's wives were undergoing medical issues at the time. Lesowitz Decl. ¶ 3; Gebelin Decl. ¶ 3.

Before IFS filed its motion for sanctions, Defendants had produced to IFS all of Defendants' invoices and communications with M&E and Luna Supply, as well as all the documents that M&E had responsive to the subpoena. To the degree that any documents have not been produced, it is documents that would only be in Luna Supply's possession, custody, or control, such as Luna Supply's documentation of

cash sales to IFS. And that is due to the owner of Luna Supply having a major heart attack and only now slowly returning to working. Pablo Morales Decl. ¶ 4. Counsel for Defendants is now in contact with the owner's son and is working with him to obtain any responsive documents that they have. Lesowitz Decl. ¶ 4.

IFS questions whether Defendants have withheld responsive documents. They have not. Defendants' declarations establish that no documents have been withheld. The universe of documents is limited because Defendants no longer have access to their IFS emails and the cell phones they used for IFS business and because Pablo Morales and the owners of Luna Supply and M&E have old-time customs and communicate by phone and in person. Pablo Morales Decl. ¶ 6.

IFS questions why Defendants did not provide documents regarding credit checks of M&E and Luna Supply. This is nonsensical since IFS contends (correctly and undisputedly) that Legacy did not run credit checks on M&E and Luna Supply. There are no documents regarding credit checks for the simple reason that credit checks were never performed.

Also, we note that per the plain language of Rule 37, the Court cannot award evidentiary sanctions due to the failure of a third-party to respond to discovery. Fed. R. Civ. P. 37(b)(2)(A) ("If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."). Counsel for Defendants only represents M&E is a separate lawsuit, and Counsel for Defendants simply drafted template objections that Defendants could provide Luna Supply and M&E in case they wished to object since their owners do not speak English. Lesowitz Decl. ¶ 5.

### B. IFS Has Not Suffered Prejudice

IFS has suffered no prejudice from the delay in Defendants complying with the Court's orders. Timely production would have occurred on November 15, 2022.

By December 7, 2022, Defendants had produced all the responsive documents, with the possible exception of internal Luna Supply documents that Defendants have had a difficult time obtaining because the owner of Luna Supply had a heart attack.

Plaintiff makes no attempt to explain why this 22-day delay would establish sufficient prejudice to justify extreme requests for evidentiary sanctions. The only deposition that IFS had noticed for after November 15, 2022, was the deposition of Legacy which occurred on December 13, 2022, and a deposition of non-party Steven Arroyo on December 14, 2022, which was delayed due to scheduling issues. Lesowitz Decl. ¶ 7. Plaintiff had received the production of all documents in Defendants' and M&E's possession, custody, or control prior to both these depositions.

Furthermore, IFS has never noticed an oral deposition of either M&E or Luna Supply and never even raised the possibility of deposing M&E or Luna with Defendants. Lesowitz Decl. ¶ 7. It is odd that IFS claims that documents in M&E and Luna Supply's possession are crucial enough to justify de facto terminating sanctions, yet IFS has not bothered to notice either M&E or Luna Supply's (or their owners') deposition.

Whatever prejudice that could have possibly resulted from any delay (we argue that there was none) could easily be remedied by Defendants being required to make Pablo Morales available for a deposition session focused on issues related to the M&E and Luna Supply subpoenas and production at Defendants' expense. However, IFS did not request this in its motion for sanctions papers. IFS was more focused on hitting a home run and obtaining case-dispositive sanctions than correcting any mild prejudice Defendants suffered. (IFS did not even bother moving for monetary sanctions against anyone.) That said, Defendants would be amenable to an alternative remedy of the Court ordering that Defendants make Pablo Morales available for a short deposition session focused on issues related to the M&E and

Luna Supply subpoenas, with Defendants required to pay for the court reporter for the session.

### C. The Case-Dispositive Facts IFS Wishes to Be Deemed Established Would Be False, And There Is No Reason to Assume Any Documents Not Produced Would Support the Requested Facts

Three of the "facts" that IFS wishes to be found as "uncontroverted and incontrovertible" would be false. It is false that "Defendants solicited Luna Supply and M&E to divert business from IFS to Legacy, while Pablo and Savino Morales were employed by IFS." Pablo Morales Decl. ¶ 7. It is false that "Defendants used cash payments due IFS from Luna Supply and M&E for Legacy's purposes to pay for Legacy's purchases of goods." Pablo Morales Decl. ¶ 7. While it is correct that Legacy supplied credit to Luna Supply and M&E without running a credit check, and that Pablo Morales' knowledge of IFS' credit approval played a part in this decision, Legacy's decision to provide cred to these companies was also based on the fact that Pablo Morales knew these companies to be trustworthy over years of servicing them and because large food distributors trusted them with credit (irrespective of whether the food distributor was IFS). Pablo Morales Decl. ¶ 7.

IFS has provided nothing but conspiratorial speculation that would suggest any of these three "facts" it wants conclusively establish as true and indeed true. The assertion that Defendants pocketed cash payments to IFS is especially wild, unsupported nonsense. IFS presumably would have records to support assertions that Pablo Morales diverted cash payments for IFS goods. Yet IFS has not provided any such records or evidence.

Since there is no credible basis to assume that any documents that were not produced would establish the requested "facts" that IFS wishes to be deemed true, the Court may not grant the request to establish these facts as true. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) ("Rule 37(b)(2) contains two standards—one general and one specific—that limit a

district court's discretion. First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery."); *Serra Chevrolet, Inc. v. General Motors Corp.*, 446 F.3d 1137 (11th Cir. 2006) ("GM argues that the district court violated due process because 'there is absolutely no nexus between the documents that the district court ordered produced in its discovery orders and the court's sanction striking GM's affirmative defenses of res judicata, issue preclusion, judicial estoppel, or law of the case doctrine.' We agree."); *Automated Solutions Corp. v. Paragon Data Systems, Inc.*, 756 F.3d 504, 514 (6th Cir. 2014) ("[T]he party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that the destroyed or unavailable evidence would have been of the nature alleged by the party affected by its destruction.") (internal quotation markings omitted).

As for other requested facts, they are irrelevant, IFS does not need the instructions, and the additional evidence would not aid IFS.

### D. The Court Did Not Warn that Case-Dispositive Sanctions Were Possible

That the Court had not previously warned of case-dispositive sanctions heavily weighs against granting IFS' case-dispositive evidentiary sanctions requests. *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.,* 857 F.2d 600, 605 (9th Cir. 1988) ("In addressing the fifth *Malone* factor, we also look to whether the district court warned of the possibility of dismissal. An explicit warning is not always required, at least in a case involving egregious circumstances. In other circumstances, the failure to warn may place the district court's order in serious jeopardy. Failure to warn has frequently been a contributing factor in our decisions to reverse orders of dismissal.")

### E. A Magistrate Judge May Not Grant Evidentiary Sanctions That Would Effectively Be Case-Dispositive

Finally, we note that a magistrate judge is not empowered to grant evidentiary sanctions that would effectively be case-dispositive. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) ("The authority of a magistrate to impose any order turns first on whether the order is construed as non-dispositive or dispositive."); *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747 (9th Cir. 1990) ("[I]f Rule 11 sanctions are characterized as dispositive, then the magistrate had authority only to 'enter into the record a recommendation for disposition of the matter' to be reviewed by the district court *de novo*. *See* Fed.R.Civ.P. 72(b); *see also* 28 U.S.C. § 636(b)(1)(B)."); *Robles v. Domino's Pizza LLC*, 2020 WL 8455154, *1 (C.D. Cal. Nov. 2, 2020) ("Presumably, the entry [regarding the referral for 'report and recommendation] so indicated because the Motions effectively seek terminating sanctions beyond the Magistrate Judge's authority to grant. See 28 U.S.C. § 636."); *National Account Management Services, Inc. v. Singhal*, 2008 WL 11342648, *5 (C.D. Cal. Jan. 28, 2008) ("SBI's request for case dispositive terminating and/or evidentiary sanctions is denied because Magistrate Judges lack the authority to issue such sanctions."); *Strong v. U.S.*, 57 F.Supp.2d 908, 912 (C.D. Cal. 1999) ("In *Maisonville v. F2 America, Inc.*, 902 F.2d 746 (9th Cir.1990), the Ninth Circuit found it necessary to consider not only whether a matter was outside of the eight motions specifically excluded by § 636(b)(1)(A) from a magistrate judge's jurisdiction to enter final orders, but also whether the matter was analogous to any of the eight excluded motions.")

Granting the case-dispositive requests would be especially inappropriate while a motion for partial summary judgment is pending.

### IV. CONCLUSION

The Court should deny Plaintiff's motion for sanctions.

Dated: December 16, 2022    /s/ *Scott Lesowitz*
                                         Attorney and Partner
                                         For Lesowitz Gebelin LLP, Counsel for Defendants