**LESOWITZ GEBELIN LLP**
Scott M. Lesowitz (SBN 261759)
    scott@lawbylg.com
Steven T. Gebelin (SBN 261507)
    steven@lawbylg.com
8383 Wilshire Boulevard, Suite 800, Beverly Hills, CA 90211
Telephone: (310) 341-3072; Facsimile: (310) 341-3070

*Attorneys for Defendants* Pablo Morales,
Savino Morales, Sergio Escamilla, and
Legacy Wholesale Group, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, dba INDIVIDUAL FOODSERVICE,<br><br>Plaintiff,<br><br>V.<br><br>PABLO MORALES, LEGACY WHOLESALE GROUP, LLC, SAVINO MORALES, SERGIO ESCAMILLA, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:22-cv-02120 ODW(JEMx)<br>[Assigned to the<br>*Honorable Otis D. Wright, II*]<br><br>**DEFENDANTS' MOTION IN LIMINE #4 TO EXCLUDE PLAINTIFF FROM HAVING NIGEL KERSHAW OFFER OPINION TESTIMONY REGARDING DISGORGEMENT/RESTITUTION OF COMMISSIONS PAID**<br><br>Hearing Date: July 10, 2023<br>Hearing Time: 1:30 p.m.<br>Hearing Courtroom: 5D |

**MOTION AND NOTICE OF MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on July 10, 2023, at 1:30 p.m., or as soon thereafter as may be heard by the above-entitled Court, located at 350 W. 1st Street, Los Angeles, CA. 90012 - Courtroom 5D, 5th Floor, Defendants Pablo Morales, Legacy Wholesale Group, LLC ("Legacy"), Savino Morales, and Sergio Escamilla will and hereby do move *in limine* for the Court to exclude Plaintiff from offering at trial opinions from Nigel Kershaw that Plaintiff suffered compensable damages (including entitlement to disgorgement) by paying commissions to people who performed work for Legacy (see Deposition Exh. 717, tabs "b" and "i").

This Motion *in Limine* is brought under Federal Rules of Evidence 104(a), 701, and 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 US 579 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 US 137 (1999), and any other applicable authority. Nigel Kershaw (Plaintiff's Chief Financial Officer) used flawed methodology, and the opinions that Plaintiff wishes to elicit from Nigel Kershaw are unreliable, not properly grounded or well-reasoned, are unduly speculative, Mr. Kershaw lacks the proper qualifications as to certain aspects underlying the opinions (especially anything requiring experience related to the food services industry specifically), and fail the standards of *Daubert*, *Kumho Tire,* and other authority.

It would also confuse the jury and be a waste of time and resources for Plaintiff to setup an argument that it is entitled to disgorge commissions paid to people who worked for Legacy (*i.e.*, Savino Morales, Pablo Morales, Hugo Mesa, and Jesus Trujillo). Plaintiff clearly cannot be entitled to any such disgorgement.

The motions *in limine* attacking opinions of Nigel Kershaw do not amount to a *de facto* summary judgment motion, because Defendants are not moving to exclude evidence regarding Legacy's profits from sales completed prior to March 31, 2022.

1  In the alternative, Defendants request the Court conduct a hearing pursuant to *Daubert* and *Kumho Tire*.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 16, 2023 (when all motions *in limine* planned to be brought by both sides were discussed). Counsel for Defendants discussed the subject of this motion *in limine* with opposing counsel and met and conferred with opposing counsel. Opposing counsel indicated that Plaintiff opposed the motion and would not stipulate. Lesowitz Decl. ¶¶ 2-3 & Exh. 1.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declaration of Scott Lesowitz, all pleadings and papers on file in this action, all matters which the Court may take judicial notice, and any evidence and argument provided at the hearing.

Dated: May 17, 2023      /s/ *Scott Lesowitz*

                         Attorney and Partner
                         For Lesowitz Gebelin LLP, Counsel for Defendants

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

2 **I. INTRODUCTION**

3    Plaintiff Perrin Bernard Supowitz, LLC, dba Individual FoodService ("IFS"),
4 has noticed one expert witness in this case: Nigel Kershaw, IFS' Chief Financial
5 Officer (CFO). On March 7, 2023, well after all discovery had closed in the case,
6 IFS finally produced a summary of Mr. Kershaw's opinions.

7    Mr. Kershaw's opines that IFS should receive as damages all compensation it
8 paid to Defendants Savino Morales and Pablo Morales for March 2021 through
9 March 2022, and all compensation IFS paid to Jesus Trujillo and Hugo Mesa for
10 certain months while they concurrently performed efforts for Defendant Legacy
11 Wholesale Group LLC ("Legacy"). However, IFS is clearly not entitled to claw
12 back the compensation it paid to any of these four individuals.

13    First, all four of these salespeople (Savino, Pablo, Mr. Trujillo, Mr. Mesa)
14 worked exclusively on commissions; none of them received a salary. IFS only paid
15 them commissions on IFS' completed sales to customers that they serviced and has
16 proffered no evidence that those sales were infected by alleged violations of a duty.

17    IFS also offered no evidence of the true value of the services rendered by
18 Savino, Pablo, Mr. Trujillo, and Mr. Mesa, as is required to claw back payment and
19 to calculate the portion (if any) of commissions subject to disgorgement.

20    Finally, by March 31, 2022, IFS had learned of the alleged wrongdoing in this
21 case as it fired Savino and Pablo and filed this lawsuit. Yet, after terminating Savino
22 and Pablo, IFS twice paid Savino and Pablo for commissions earned. IFS also
23 continued paying Mr. Trujillo and Mr. Mesa their commissions earned for pre-
24 March 31, 2022, sales, as well. IFS (and Mr. Kershaw) cannot assert that it only paid
25 commissions for pre-March 31, 2022, sales due to IFS not knowing the truth about
26 Legacy and Defendants' actions. The post-March 31, 2022, payments also belie any
27 assertion that IFS truly valued thei services during the relevant periods as being
28 worth zero.

## II. STATEMENT OF FACTS

### A. Allegations of the Complaint and First Amended Complaint

IFS resells a large variety of items to businesses in the food services industry. FAC ¶ 2. Defendants Savino Morales and Pablo Morales were long-time salespeople of IFS. FAC ¶¶ 16 & 17. In March 2021, Defendants formed Legacy, which also resells a variety of items to businesses in the food services industry. FAC ¶¶ 3 & 30. Two other IFS salespeople performed work for Legacy while still employed by IFS, namely Jesus Trujillo and Hugo Mesa. See FAC ¶¶ 36-42. On March 31, 2022, IFS fired Savino Morales and Pablo Morales. FAC ¶ 43. IFS did not fire Jesus Trujillo or Hugo Mesa. Also on March 31, 2022, IFS filed this lawsuit.

While IFS filed a First Amended Complaint, all the material factual allegations of wrongdoing was included in the original complaint. The First Amended Complaint merely adds a cause of action for fraud predicated on Pablo Morales allegedly tricking IFS into doing business with Legacy. FAC ¶¶ 123-129.

The original Complaint alleged that Defendants damaged IFS by having IFS sell to Legacy. For example, Paragraphs 32 and 33 of the original Complaint (ECF no. 1) allege, "In August 2021, Pablo shepherded LEGACY's application for Master Service Agreement and credit with IFS for approval. Pablo did not disclose that he and Savino were owners of LEGACY. ¶ IFS is informed and believes that Pablo and Savino abused their authority at IFS to authorize sales of Goods to LEGACY at prices that were lower than what LEGACY should have been charged and with knowledge that LEGACY intended to sell the Goods to IFS' customers and others using IFS' pricing information to gain a competitive advantage for LEGACY."

### B. Nigel Kershaw's Deposition and Exhibit 717

IFS has designated only one expert witness, Nigel Kershaw, IFS' CFO. Lesowitz Decl. ¶ 4. On March 7, 2023, Defendants were finally able to depose Nigel Kershaw. Roughly one hour into the March 7 deposition, counsel for IFS provided counsel for Defendants a binder of "IFS Damage Calculations" (in all

caps). Lesowitz Decl. ¶ 6 & Exh. 3. The binder was marked as Exhibit 717. Id. This was the first time that IFS had produced its damages calculations. Id., ¶ 7.

The first page of the binder is a summary of damages categories labeled "a" through "k." There are then separate binder tabs labeled "a" through "i" that each contain a document corresponding to the damages categories listed on the cover page. Lesowitz Decl. ¶ 6 & Exh. 3 (copy of Exh. 717). Presumably, there were no tabs for items "j" and "k" since the amounts for those categories are listed as "TBD" on the summary page.

This Motion pertains to Categories "b" and "i" of Exhibit 717 (appearing as entries "b" and "i" on the first summary page of Exhibit 717 and at the corresponding tabs). Defendants are filing two other motions *in limine* regarding other damages categories of Exhibit 717.

Category "b" of Exhibit 717 is entitled, "Compensation paid to Pablo and Savino from 3/1/21 to 3/31/22. For Category "b," IFS is seeking as damages the $1,275,012 in compensation that IFS paid to Pablo and Savino.

Category "i" of Exhibit 717 is entitled "Damages for use of IFS' personnel." For Category "i," IFS is seeking as damages $196,810 in compensation paid to Jesus Trujillo and Hugo Mesa. Kershaw Tran. pp. 168:2-169:9. This comprises the commissions IFS paid to Hugo Mesa for the months January to April 2022, and the commissions IFS paid to Jesus Trujillo for September 2021 through April 2022.

## III.   ARGUMENT

IFS is not entitled to claw back compensation it paid to Savino Morales, Pablo Morales, Jesus Trujillo, or Hugo Mesa.[1]

---

[1] While this is a *Daubert* motion, we note that a motion *in limine* may be brought to seek preclusion of a party seeking a disgorgement remedy. *Owner-Operator Independent Drivers Ass'n, Inc. v. Landstar System, Inc*., 22 F.3d 1307, 1323-24 (11th Cir. 2010) (affirming granting of motion *in limine* to preclude plaintiff from seeking restitution and disgorgement of profits); *Kassim v. City of Schenectady*, 415 F.3d 246, 250 (2nd Cir. 2005) (affirming granting of motion *in limine* to limit

### A. IFS Only Paid Savino, Pablo, Trujillo, and Mesa Commissions for Completed Sales by IFS

IFS only paid Savino Morales, Pablo Morales, Jesus Trujillo, and Hugo Mesa commissions for sales IFS completed to customers that they serviced; they were not paid for their time. Kershaw Tran., pp. 158:5-159:4, 160:7-161:5, 168:15-169:9.

The alleged wrongdoing relates to sales the Defendants allegedly diverted to Legacy. None of the four salespeople received commissions from IFS for diverted sales. None of the four salespeople received any salary for their time or efforts related to diverted sales (they weren't paid any salary by IFS).

Furthermore, IFS and Nigel Kershaw have not proffered evidence that the alleged tortious conduct infected completed sales made by IFS, let alone all the completed sales made by IFS. As for Savino and Pablo, Legacy did not even start selling items until the end of August 2021. Kershaw Tran. p. 110:7-20. Yet IFS seeks all compensation starting from March 2021.

Similarly, IFS and Mr. Kershaw have proffered no evidence that the value of the services rendered by Savino, Pablo, Mr. Trujillo, or Mr. Mesa during the relevant period was zero. Mr. Kershaw would not even have the expertise to determine the value of Savino and Pablo's work since he has only worked in the food services industry for a few years, and he is not familiar with the day-to-day activities of salespeople. Kershaw Tran. pp. 27:19-29:22.

---

compensatory damage award to property loss and lost profits) *Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc*., 2001 WL 1673258, No. CV 99-7947 AHM (C.D. Cal., Aug. 15, 2001) (granting motion *in limine* precluding disgorgement of profits as a remedy for breach of contract); *HI-TECH Rockfall Construction, Inc. v. County of Maui*, 2009 WL 10676985, *2, CV. NO. 08-00081 DAE-LEK (D. Hawaii April 16, 2019) ("In addition, the County may raise through motions in limine the proper measure of damages to be presented to the jury."); Rutter Group, FederalCivil Trials and Evidence, FEDCIVEV CH 4-F, [4:356.2] ("Defendant's motion in limine may be proper to limit a damages award."). Additionally, this is a *Daubert*/*Kumho Tire* motion because IFS wishes to pursue its disgorgement theory via a noticed expert witness.

In *J. C. Peacock, Inc. v. Hasko*, 196 Cal.App.2d 353, 360, 361 (1961), the California Court of Appeal, citing Section 469 of Restatement (Second) of Agency, stated, "a disloyal agent is not entitled to compensation even for properly performed services *for which no compensation is apportioned*. The question turns on whether respondent's covenant to pay wages is severable from its covenant to pay a stipulated bonus….Generally speaking, the test of whether a contract is divisible is that if the consideration is single, the contract is entire, but if the consideration is apportioned, the contract may be regarded as severable." (Internal citations and quotation markings omitted; emphasis in original.)

In *Maheu v. Hughes Tool Co.*, 569 F.2d 459, 477 (9th Cir. 1977), "the [trial] court granted Maheu's motion to strike Summa's counterclaim for $2,120,000 based on losses allegedly caused by Maheu's mismanagement of its assets. The amount claimed was the aggregate paid Maheu in retainer fees for 1967-1970 based on Summa's argument that where serious intentional fiduciary breaches have occurred, an agent forfeits all compensation [based on *J.C. Peacock*]." The "trial judge concluded that Summa had failed to present evidence indicating either the reasonable value of the services Maheu did perform or the exact time during which the breach of fiduciary duties occurred. Thus Summa's claim was unliquidated…" *Id.* The Ninth Circuit affirmed the striking of the counterclaim. *Id.* ("Because we agree with the trial court that Maheu's compensation was apportionable, and because Summa failed to establish the exact time period during which the alleged breach occurred, we agree that the damages were not liquidated and the motion to strike the counterclaim was properly granted.")

In *United States Auto Sec. v. Morrison*, 2004 WL 363384, *7-8 (Cal. App. 2004), the California Court of Appeal affirmed the trial court's granting of a motion *in limine* attacking a request for disgorgement of commissions paid. The Court of Appeal held, "Plaintiffs were not entitled to disgorgement of commissions paid to defendants for completed sales unaffected by defendants' breach of their duties of

*IFS v. Morales, et al.*  
USDC, Case No. 2:22-cv-02120 ODW(JEMx)  
7  
**Defendants' MIL #4 re Disgorgement of Commissions**

loyalty." *Id*. While this is an unpublished decision, this Court may consider it as persuasive authority. *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1167 n.6 (9th Cir. 2011) ("Even though unpublished California Courts of Appeal decisions have no precedential value under California law, the Ninth Circuit is not precluded from considering such decisions as a possible reflection of California law") (citation and internal quotation marks omitted); *Washington v. California City Correction Center*, 871 F.Supp.2d 1010, 1028, n. 3 (E.D. Cal. 2012) ("The Court may cite unpublished California appellate decisions as persuasive authority.")

As California Jurisprudence states, "if the agency contract is separable in the sense that specific portions of the consideration can be apportioned to specific tasks, the agent is entitled to the compensation apportioned to those tasks which the agent performs loyally and loses only that compensation apportioned to tasks performed in violation of the agent's fiduciary duties." CAJUR AGENCY § 142.

**B.   IFS Paid Savino, Pablo, Trujillo, and Mesa for Pre-April 2022 Sales After Learning of Legacy and After Filing this Lawsuit**

IFS fired Savino and Pablo on March 31, 2022, after earlier learning of all material factual allegations at issue in this case. IFS filed the instant lawsuit on March 31, 2022.

However, twice after IFS fired Savino and Pablo, IFS paid Savino and Pablo their monthly commissions owed, once on March 31, 2022, for the commissions owed for February 2022, and again on April 29, 2022, for commissions owed for March 2022. Savino Morales 10/3/22 Decl., ECF no. 106, ¶¶ 23-25; Pablo Morales 10/3/22 Decl., ECF no. 107, ¶¶ 21-23.

Additionally, IFS issued commission payments to Hugo Mesa and Jesus Trujillo for pre-April 2022 sales after learning the facts of this case. This can be seen from Tab "i" of Exhibit 717 seeking disgorgement of commission payments for through April 2022.

Since IFS paid Savino, Pablo, Jesus Trujillo, and Hugo Mesa commissions for pre-April 2022 sales even after learning the facts of their claims in this lawsuit (IFS even paid them after filing this lawsuit), IFS cannot now seek to disgorge the payments. *Am. Oil Serv., Inc. v. Hope Oil Co.*, 233 Cal. App. 2d 822, 830 (1965) ("It is clear that money voluntarily paid with full knowledge of all the facts cannot be recovered back by the payor."); *J. C. Peacock, Inc. v. Hasko*, 196 Cal.App.2d 353, 360, 359 (1961) ("[W]here an employer has voluntarily made a payment of wages, he cannot recover it back, even though the employee by his subsequent conduct would have forfeited the right thereto if it had not been made. However, he may recover back any overpayments secured through fraud or mistake.")

IFS cannot argue that it only learned the facts warranting disgorgement after IFS filed the initial Complaint on March 31, 2022. As discussed in the Statement of Facts, the original Complaint contains all the material allegations at issue. The First Amended Complaint added a new legal theory (fraud) and some new paragraphs relating to the alleged fraud. FAC, ECF no. 99, ¶¶ 123-129. However, the alleged fraud is Pablo inducing IFS to sell items to Legacy. But Defendants having IFS sell Legacy items at too low of a price was alleged in the original Complaint. Complaint, ECF no. 1, ¶¶ 32-33; FAC, ECF no. 99, ¶¶ 123-129. Furthermore, the fraud allegations do not pertain to all four salespeople at issue.

## IV. CONCLUSION

The Court should exclude all evidence and argument related to Plaintiff's failed assertion via purported expert Nigel Kershaw that Plaintiff is entitled to claw back compensation Plaintiff paid to Savino Morales, Pablo Morales, Hugo Mesa, or Jesus Trujillo.

Respectfully submitted.

Dated: May 16, 2023

/s/ *Scott Lesowitz*
Attorney and Partner
For Lesowitz Gebelin LLP, Counsel for Defendants