**LESOWITZ GEBELIN LLP**
Scott M. Lesowitz (SBN 261759)
　scott@lawbylg.com
Steven T. Gebelin (SBN 261507)
　steven@lawbylg.com
8383 Wilshire Boulevard, Suite 800, Beverly Hills, CA 90211
Telephone: (310) 341-3072; Facsimile: (310) 341-3070

*Attorneys for Defendants* Pablo Morales, Savino Morales, Sergio Escamilla, and Legacy Wholesale Group, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, dba INDIVIDUAL FOODSERVICE,<br><br>Plaintiff,<br><br>v.<br><br>PABLO MORALES, LEGACY WHOLESALE GROUP, LLC, SAVINO MORALES, SERGIO ESCAMILLA, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:22-cv-02120 ODW(JEMx)<br>[Assigned to the<br>*Honorable Otis D. Wright, II*]<br><br>**DEFENDANTS' MOTION IN LIMINE #5 TO EXCLUDE PLAINTIFF FROM HAVING NIGEL KERSHAW OFFER DAMAGES OPINION TESTIMONY TO THE EXTENT PLAINTIFF FAILED TO PRODUCE UNDERLYING DOCUMENTS AND DATA**<br><br>Hearing Date: July 10, 2023<br>Hearing Time: 1:30 p.m.<br>Hearing Courtroom: 5D |

**MOTION AND NOTICE OF MOTION**

TO ALL PARTIES AND COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on July 10, 2023, at 1:30 p.m., or as soon thereafter as may be heard by the above-entitled Court, located at 350 W. 1st Street, Los Angeles, CA. 90012 - Courtroom 5D, 5th Floor, Defendants Pablo Morales, Legacy Wholesale Group, LLC ("Legacy"), Savino Morales, and Sergio Escamilla will and hereby do move *in limine* for the Court to exclude Plaintiff from having Nigel Kershaw offer opinions at trial regarding Plaintiff's damages for which Plaintiff has failed to produce "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

For the sake of clarity, the following areas of damages testimony by Nigel Kershaw should be excluded due to IFS's violations of Rule 26(a)(1)(A)(iii):

  i.  Plaintiff's lost profits from Legacy's sales to Plaintiff's customers (see Deposition Exh. 717, tab c),

  ii. Plaintiff's lost market share profits (see Deposition Exh. 717, tab f),

  iii. Plaintiff's lost profits using confidential information for Legacy's benefits (see Deposition Exh. 717, tab g), and

  iv. Incremental freight cost (see Deposition Exh. 717, tab h).

In the alternative, Defendants move the Court to (1) order forthwith that Plaintiff produce all documents required pursuant to Rule 26(a)(1)(A)(iii), (2) allow Defendants a sufficient opportunity to take follow up discovery, and (3) allow Defendants to notice an expert witness without any restrictions (so not limited to impeachment) regarding any of the above topics that Mr. Kershaw is allowed to testify to.

To the degree that Plaintiff's failure to produce the documents underlying Nigel Kershaw's damages opinions makes it so that Defendants and the Court cannot verify Mr. Kershaw's work or his methodology, this Motion *in Limine* also implicates, and is brought under, Federal Rule of Evidence 104(a), 701 & 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 US 579 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 US 137 (1999); and any other applicable authority.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 16, 2023 (when all motions *in limine* planned to be brought by both sides were discussed). Counsel for Defendants discussed the subject of this motion *in limine* with opposing counsel and met and conferred with opposing counsel. Opposing counsel indicated that Plaintiff opposed the motion and would not stipulate. Lesowitz Decl. ¶¶ 2-3 & Exh. 1.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declaration of Scott Lesowitz, all pleadings and papers on file in this action, upon all matters upon which the Court may take judicial notice, and any evidence and argument provided at the hearing.

Dated: May 17, 2023         /s/ *Scott Lesowitz*
                            Attorney and Partner
                            For Lesowitz Gebelin LLP, Counsel for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Perrin Bernard Supowitz, LLC, dba Individual FoodService ("IFS") only noticed one expert witness, namely its CFO, Nigel Kershaw.

Despite fact discovery closing on December 19, 2022, and the expert discovery cutoff passing on January 9, 2023, Defendants were unable to depose Nigel Kershaw until March 7, 2023. Roughly one hour into the deposition of Mr. Kershaw, and months after the applicable discovery cutoffs, counsel for IFS handed counsel for Defendants a binder containing a summary of Nigel Kershaw's damages calculations. This is Deposition Exhibit 717. This was the first time IFS produced summaries of Nigel Kershaw's damages calculations.

Months later, IFS has still not produced the documents or data underlying many of Mr. Kershaw's calculations in Exhibit 717. Exhibit 717 contains documents that merely provide conclusory calculations. Defendants still do not have the source documents or data that Mr. Kershaw used to calculate many of the numbers in Exhibit 717. Defendants cannot independently verify the calculations.

IFS has committed a serious violation of Federal Rule of Civil Procedure 26(a)(1)(A)(iii), which requires the production, without a discovery request being necessary, "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

On these grounds alone, the Court should exclude any calculations of Mr. Kershaw for which Defendants do not have the underlying documents or data that Mr. Kershaw used to make his damages calculations.

## II. BACKGROUND FACTS

### A. Nigel Kershaw's Expert Exhibits and Lack of Production.

On March 7, 2023, Defendants were finally able to depose Nigel Kershaw.

Roughly one hour into the March 7 deposition, counsel for IFS provided counsel for Defendants a binder of "IFS Damage Calculations" (in all caps). Lesowitz Decl. ¶ 6. The binder was marked as Exhibit 717. *Id*.

The first page of the binder is a summary of categories of damages labeled "a" through "k." There are then separate binder tabs labeled "a" through "i" that each contain a document corresponding to the categories listed on the cover page. Lesowitz Decl. ¶ 6 & Exh. 3 (copy of Exh. 717). Presumably, there are no tabs for items "j" and "k" since the amounts for those categories are listed as "TBD" on the summary page.

Other than portions of the documents in tabs "d" and "e" (regarding Legacy's profits), Counsel for Defendants had never seen any of the documents prior to the March 7 deposition. Lesowitz Decl. ¶ 7. Other than the portions of tabs "d" and "e" related to Legacy's profits through March 31, 2022, and tab b (related to Savino Morales and Pablo Morales' compensation), Counsel for Defendants had never seen the figures listed in any of the tabs in Exhibit 717. Lesowitz Decl. ¶ 7.

Other than tabs "d" and "e" related to Legacy's profits through March 31, 2022, and tabs b & i (related to compensation paid), Plaintiff has not produced "the documents or other evidentiary material…on which [any] computation is based, including materials bearing on the nature and extent of injuries suffered." See Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Lesowitz Decl. ¶ 7. Counsel for Defendants have not seen or received the internal IFS documents or computer files that Nigel Kershaw used to calculate the figures. Lesowitz Decl. ¶ 7. This is despite numerous requests by Defendants. Lesowitz Decl. ¶ 11 & Exh. 7.

### III. ARGUMENT

#### A. Exclusion Is an Appropriate Remedy.

IFS did not produce the underlying documents and records Nigel Kershaw looked at in coming up with his calculations in Exhibit 717's categories and Tabs "c," "f," "g," and "h" of; IFS therefore did not produce documents necessary for Defendants to independently verify Mr. Kershaw's calculations. Lesowitz Decl. ¶ 7.

*IFS v. Morales, et al.*  
USDC, Case No. 2:22-cv-02120 ODW(JEMx)  
4  
**Defendants' MIL #5 re Failure to Produce Damages Documents and Data**

For example, Tab "c" provides a chart listing IFS' total monthly revenues to 13 customers for certain months. However, IFS has not provided Defendants with (1) the underlying data and documents Mr. Kershaw (or his subordinates) used to calculate the monthly revenues to those customers, or (2) data and documents necessary to independently calculate those monthly revenue numbers. Lesowitz Decl. ¶ 7.

Similarly, Tab "f" provides a chart listing total monthly revenues of the sales to all customers Savino and Pablo serviced (except for Legacy and El Super) for certain months, as well as the total number of cases sold to those customers, and the average office margin % for all sales during that month. However, IFS has not provided Defendants with (1) the underlying data and documents Mr. Kershaw (or his subordinates) used to make any of these calculations, or (2) data and documents necessary to independently calculate those monthly sales, revenue, or profit numbers for any customers, let alone for all customers. Lesowitz Decl. ¶ 7.

Therefore, IFS has committed a serious and prejudicial breach of FRCP 26(a)(1)(A)(iii)'s requirement that the plaintiff produce "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." IFS had an obligation to produce any such documents even if Defendants did not request them in discovery. FRCP 26(a)(1)(A). And IFS had a continuing obligation to produce the documents even after the close of discovery. *K.J.P. v. County of San Diego*, 2022 WL 17494968, *24 (to be published).

Additionally, IFS provided no damages calculations until March 2023, long after all discovery had closed.

The Court should exclude Mr. Kershaw's expert opinions reflected in Tabs "c," "f," "g," and "h" for the independent reason of IFS's violation of FRCP 26(a)(1)(A)(iii). Defendants are obviously prejudiced by (i) being unable to verify the underlying documents and data Mr. Kershaw used, (ii) being unable to evaluate whether problems in the underlying data further render Mr. Kershaw's opinions

*IFS v. Morales, et al.*  
USDC, Case No. 2:22-cv-02120 ODW(JEMx)  
5  
**Defendants' MIL #5 re Failure to Produce Damages Documents and Data**

unreliable for effective motion work and cross-examination, and (iii) being unable to do any follow up discovery since discovery has long closed.

As the Ninth Circuit has explained in a case affirming the exclusion of damages calculations not disclosed prior to trial, "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. Under Rule 37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless." *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008). Even having to re-open discovery can be sufficient prejudice to justify exclusion. *Id.* at 1180. Additionally, there need not be a "finding of willfulness or bad faith to exclude the damages evidence," and exclusion is appropriate even when a litigant's entire cause of action will be precluded." *Id.* (Internal citations and quotation markings omitted.) "[C]ourts have permitted parties to raise motions *in limine* pursuant to Rule 37." *Grouse River Outfitters, Ltd. v. Oracle Corporation*, 848 Fed.Appx. 238, 244 (9th Cir. 2021) (unpublished).

"Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a 'computation,' supported by documents…..A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295-96 (2nd Cir. 2006).

**B.     The Non-Disclosure Also Creates *Daubert* Violations.**

IFS' discovery violation in failing to provide underlying documents and data also prevents IFS from satisfying its obligation to show the reliability of Mr. Kershaw's methodology by a preponderance of the evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 US 579, 592, n.10 (1993).

For example, in Tab "g" of Exhibit 717, Nigel Kershaw opines that IFS suffered damages of $43,894 due to Savino Morales and Pablo Morales not charging enough

*IFS v. Morales, et al.*  
USDC, Case No. 2:22-cv-02120 ODW(JEMx)  
6  
**Defendants' MIL #5 re Failure to Produce Damages Documents and Data**

when Legacy purchased items from IFS. Kershaw Tran. pp. 147:16-148:24. Mr. Kershaw calculated this figure by calculating the costs Savino and Pablo charged for a given item to non-Legacy customers versus to Legacy. Kershaw Tran. pp. 149:1-150:20.

In theory, that might be an acceptable method to calculate this type of damage. However, IFS has not produced any of the underlying documents or data of the individual sales that Mr. Kershaw looked at in. Therefore, Defendants and the Court have no idea whether there were sufficient sample sizes or what the circumstances were for the sales.

Also, on Tab "h" of Exhibit 717, Nigel Kershaw calculated the "incremental freight costs [that] were associated with shipping the product from California to Arizona." Kershaw Tran. 150:21-151:2. It is wholly unclear whether these calculations are reliable, and it appears that they are not.

Mr. Kershaw's calculation uses numerous assumptions to determine freight costs derived from another IFS employee. Kershaw Tran. pp. 150:21-151:18. We have no idea what documents or data that IFS employee looked at and whether it is reliable.

## IV.  CONCLUSION

The Court should exclude the purported expert testimony of Nigel Kershaw as challenged herein- the categories presented in Exhibit 717 at Tabs c (Plaintiff's lost profits from Legacy's sales to Plaintiff's customers), f (Plaintiff's lost market share profits), g (Plaintiff's lost profits using confidential information for Legacy's benefits) and h (Incremental freight cost).

Dated: May 17, 2023            /s/ *Scott Lesowitz*
                               Attorney and Partner
                               For Lesowitz Gebelin LLP, Counsel for Defendants