CDF LABOR LAW LLP
    Dan M. Forman, State Bar No. 155811
    dforman@cdflaborlaw.com
    Amy S. Williams, State Bar No. 228853
    awilliams@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone:  (213) 612-6300

Attorneys for Plaintiff/Counter-Defendant
PERRIN BERNARD SUPOWITZ, LLC, a
California LLC dba INDIVIDUAL
FOODSERVICE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE,<br><br>       Plaintiff,<br><br>   v.<br><br>PABLO MORALES, an individual; LEGACY WHOLESALE GROUP, LLC, an Arizona Limited Liability Corporation; SAVINO MORALES, an individual; and SERGIO ESCAMILLA, an individual; and DOES 1 through 20, inclusive,<br><br>       Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:22-cv-02120-ODW-JEM<br><br>Judge: Otis D. Wright, II<br>Ctrm:  5D<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #4**<br><br>Pre-Trial Conference: July 10, 2023<br>Motions in Limine: July 10, 2023<br>Trial Date: July 18, 2023<br><br>Date:   July 10, 2023<br>Time:  1:30 p.m.<br>Dept:  5D |

## **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

I.      SUMMARY OF OPPOSITION ...........................................................................5

II.     FACTUAL SUMMARY ...................................................................................6

III.    UNTIMELY MOTION FOR SUMMARY ADJUDICATION ......................6

IV.     IFS ENTITLED TO RECOVER COMPENSATION ....................................8

        A.      IFS Is Entitled To Recover All Compensation Paid During
                The Period Of Breach.......................................................................8

        B.      IFS Could Not Resort To Self-Help.....................................................11

V.      TESTIMONY ABOUT COMPENSATION MUST BE
        ADMITTED .......................................................................................................11

VI.     CONCLUSION ..................................................................................................12

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MIL #4

2192497.1

# TABLE OF AUTHORITIES

Page(s)

**State Cases**

*J.C. Peacock, Inc. v. Hasko*
196 Cal.App.2d 353 (1961) ........................................................................... 5, 9

*SEIU Local 250 v. Colcord*
160 Cal.App.4th 362 (2008) ............................................................................ 10

**Federal Cases**

*Brodit v. Cambra*
350 F.3d 985 (9th Cir. 2003) ............................................................................ 7

*C & E Servs., Inc. v. Ashland Inc.*
539 F.Supp.2d 316 (D.D.C. 2008) .................................................................... 7

*ChromaDex, Inc. v. Elysium Health, Inc.*
No. SACV 16-2277-CJC (DFMx), 2020 WL 1279236 (C.D. Cal.
Jan. 16, 2020) .................................................................................................... 5

*Glob. Med. Sols., Ltd v. Simon*
2013 WL 12065418 (C.D. Cal. Sept. 24, 2013) ................................................ 9

*HI-TECH Rockfall Constr., Inc. v. Cnty. of Maui*
2009 WL 10676985 (D. Haw. Apr. 16, 2009) .................................................. 7

*Jackson v. Cty. of San Bernardino*
194 F.Supp.3d 1004 (C.D. Cal. 2016) .............................................................. 7

*Kassim v. City of Schenectady*
415 F.3d 246 (2d Cir. 2005) ............................................................................. 7

*Luce v. United States*
469 U.S. 38 (1984) ........................................................................................... 6

*Mahue v. Hughes Tool Co.*
569 F.2d 459 (9th Cir. 1977) .......................................................................... 10

*Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*
622 F.3d 1307 (11th Cir. 2010) ....................................................................... 7

*ProOne, Inc. v. Russell*
2019 WL 4390577 (C.D. Cal. Aug. 8, 2019) .................................................... 9

*Purolator Products, Inc. v. Torite Indus., Inc.*
413 F.2d 989 (9th Cir. 1969) .......................................................................... 10

*Skyline Advanced Tech. Servs. v. Shafer*
No. 18-CV-06641-CRB, 2021 WL 5908387 (N.D. Cal. Dec. 14,
2021) ................................................................................................................. 5

3

1

## <u>TABLE OF AUTHORITIES (cont.)</u>

2

**<u>Page(s)</u>**

3   *United States Auto Sec. v. Morrison*
       No. B155279, 2004 WL 363384 (Cal. Ct. App. Feb. 27, 2004) ................... 10

4

5   *Watson Lab'ys, Inc. v. Rhone-Poulenc Rorer, Inc.*
       No. CV 99-7947 AHM, 2001 WL 1673258 (C.D. Cal. Aug. 15,
       2001) ............................................................................................................. 7

6

7   **<u>State Statutes and Regulations</u>**

8   Cal. Lab. Code §§ 221-223 ........................................................................... 11

9   **<u>Federal Statutes and Regulations</u>**

10  49 U.S.C. § 13103 ........................................................................................... 7

11  **<u>Federal Rules</u>**

12  F.R.E. 401 ..................................................................................................... 12

13  F.R.E. 402 ..................................................................................................... 12

14  F.R.E. 701 ..................................................................................................... 12

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MIL #4

2192497.1

# I. <u>SUMMARY OF OPPOSITION</u>

From the outset of the case, IFS has alleged that Pablo and Savino Morales breached their contractual duties and duties of undivided loyalty to IFS, that Defendants induced Jesus Trujillo and Hugo Mesa to do the same, and that IFS is entitled to recover the compensation paid to IFS's employees arising from these breaches.  Defendants now move to preclude IFS's Chief Finance Officer, Nigel Kershaw, from offering "opinions" that Plaintiff suffered compensable damages by paying commissions to people who performed work for Legacy.  There are numerous reasons why the Court should deny MIL 4.

First, it is a poorly disguised, untimely and improper motion for summary adjudication that seeks a finding, as a matter of law, that IFS cannot recover the compensation paid to Pablo and Savino Morales, Jesus Trujillo and Hugo Mesa during the period in which they breached their contractual duties and duties of undivided loyalty to IFS.

Second, the law is well settled that the recovery of compensation is an appropriate remedy.  An employer is damaged by paying compensation, including commission compensation, to an unfaithful employee.  *See J.C. Peacock, Inc. v. Hako*, 196 Cal.App.2d 353, 359 (1961) ("an employee's disloyalty will work a forfeiture of his right to recover the stipulated compensation"); *ChromaDex, Inc. v. Elysium Health, Inc.*, No. SACV 16-2277-CJC (DFMx), 2020 WL 1279236, at *18 (C.D. Cal. Jan. 16, 2020) (quoting J.C. Peacock, 196 Cal.App.2d at 358) ("[A]n employee who violates the[ ] fundamental duties of loyalty cannot recover even for the services he has rendered.")  This includes commission compensation.  *See Skyline Advanced Tech. Servs. v. Shafer*, No. 18-CV-06641-CRB, 2021 WL 5908387, at *9 (N.D. Cal. Dec. 14, 2021).

Third, Mr. Kershaw is not offering "opinions" as to whether IFS can legally recover the compensation IFS paid to Pablo and Savino Morales, Jesus Trujillo and Hugo Mesa during the period in which they breached their duties of undivided

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MIL #4

1  loyalty to IFS.  He is offering evidence of the actual compensation paid by IFS.

2  Lastly, evidence of compensation paid to Pablo, Savino, Jesus and Hugo

3  during specified periods does not require a *Daubert* analysis.  It does not even

4  require expert testimony.  Nigel Kershaw, among others, have personal knowledge of

5  the compensation paid to Pablo, Savino, Jesus and Hugo and there is no lawful

6  justification to prevent him from testifying to such at trial.

7  ## II.  <u>FACTUAL SUMMARY</u>

8  IFS alleges that Pablo and Savino Morales breached their contractual duties

9  and duties of undivided loyalty to IFS, that Defendants induced Jesus Trujillo and

10  Hugo Mesa to do the same, and that IFS is entitled to recover the compensation paid

11  to them during the period of these breaches.  *See* FAC ¶¶ 34, 36-40, 37, 56-73, 75-

12  82, 90-93, 105-110.[1]

13  Defendants admit that "since March 2021, Pablo and Savino have conducted

14  business for Legacy while being paid compensation by IFS."  *See* Defendants'

15  Answer to First Amended Complaint, ECF 100, p. 5, ¶ 34, lines 5-7.  IFS paid Pablo

16  and Savino $1,275,012 during that period.

17  Defendants also induced Hugo Mesa and Jesus Trujillo to breach their duties

18  of undivided loyalty to IFS during the periods of January 2022 to April 2022, and

19  September 2021 to April 2022, respectively, while IFS paid them $196,810.  These

20  sums are not in dispute.

21  ## III.  <u>UNTIMELY MOTION FOR SUMMARY ADJUDICATION</u>

22  Motions in limine are a well-recognized judicial practice based on "the court's

23  inherent power to manage the course of trials."  *Luce v. United States*, 469 U.S. 38,

24  41 n.4 (1984).  The Court has the discretionary authority to grant a motion in limine

25  "exclud[ing] inadmissible or prejudicial evidence before it is actually offered at

26  

27  [1] Defendants' MIL omits any reference these allegations.

28  

CDF Labor Law LLP

2192497.1

1   trial." *Jackson v. Cty. of San Bernardino*, 194 F.Supp.3d 1004, 1008 (C.D. Cal.

2   2016).  Such motions "reduce[ ] the likelihood that unduly prejudicial evidence will

3   ever reach the jury, thereby relieving the trial judge from the formidable task of

4   neutralizing the taint of any prejudicial evidence." *Id*. citing *Brodit v. Cambra*, 350

5   F.3d 985, 1004-05 (9th Cir. 2003).  Nevertheless, a motion in limine should not "be

6   used as a substitute for a motion for summary judgment." *Jackson v. Cty. of San*

7   *Bernardino*, 194 F.Supp.3d 1004, 1008 (C.D. Cal. 2016) quoting *C & E Servs., Inc.*

8   *v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008)).  Precisely what Defendants

9   attempt by MIL 4.

10          Defendants ask the Court to bar, as a matter of law, IFS's recovery of

11   compensation and benefits paid to Pablo Morales, Savino Morales, Jesus Trujillo and

12   Hugo Mesa.  The time to raise such argument has come and gone and Defendants'

13   contention that a motion in limine may prevent a party from seeking a disgorgement

14   remedy is misleading and finds no support in the cases upon which Defendants rely.

15   For example, in *Watson Lab., Inc. v. Rhone-Poulenc Rorer, Inc.*, No. CV 99-7947

16   AHM, 2001 WL 1673258, at *1 (C.D. Cal. Aug. 15, 2001), the ***motion was filed in***

17   ***response to the express invitation of the Court.***  No invitation here.  In *Kassim v.*

18   *City of Schenectady*, 415 F.3d 246, 250 (2d Cir. 2005), the court had already

19   determined that there was no loss as a result of the alleged violation, which was a

20   condition to "be entitled to collect compensatory damages." *Id*..  In other words,

21   *Kassim* supports Plaintiff's position as the decision is clear that had *Kassim* found

22   liability, recovery of the employee's compensation was the correct measure of

23   damages.  In *Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc.*, 622

24   F.3d 1307, 1323–24 (11th Cir. 2010), the court analyzed the language of the Savings

25   Clause, 49 U.S.C. § 13103, not California law, to conclude that it provided for

26   injunctive relief but neither the term "restitution," nor "disgorgement" appeared in

27   the statute.  *HI-TECH Rockfall Constr., Inc. v. Cnty. of Maui*, 2009 WL 10676985, at

28   *2 (D. Haw. Apr. 16, 2009) simply denied a motion for reconsideration of a

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MIL #4

1   *summary judgment* order and has no application.

2       MIL 4 is an untimely and improper motion for summary adjudication and

3   should be denied.[2]

4              **IV.  IFS ENTITLED TO RECOVER COMPENSATION**

5 **A.**    **IFS Is Entitled To Recover All Compensation Paid During The Period Of**

6       **Breach**

7       IFS seeks to present evidence of, and recover the compensation it paid to

8   Pablo, Savino, Jesus and Hugo during the periods in which they were breaching their

9   contractual duties and duties of undivided loyalty to IFS.  Defendants contend that

10   IFS cannot recover any of the compensation it paid to Pablo, Savino, Jesus or Hugo

11   because they were compensated for "completed sales" and not "for their time or

12   efforts related to diverted sales."  MIL 4 at p. 6:1-9.

13       Although their compensation may have been calculated as a percentage of

14   revenue, Pablo, Savino, Jesus and Hugo were paid for much more than just a

15   completed sale — they were being paid to prospect for IFS-not Legacy; to develop

16   customer relationships for IFS-not Legacy; to develop vendor relationships for IFS-

17   not Legacy; and to service IFS customers for IFS-not Legacy, among other things.

18   As Pablo testified, he was responsible for providing customer service to IFS's

19   customers, building relationships with IFS's customers, and maintaining

20   relationships with IFS's customers, vendors and manufacturers. Williams Decl., ¶ 2,

21   Ex. 1 (Pablo DT Vol. 1:69:13-70:4)

22       The written agreements between IFS and its employees  in exchange for the

23   compensation received by Pablo, Savino, Jesus and Hugo, IFS's employees agreed to

24   safeguard IFS's confidential information, use such information only for legitimate

25   business purposes of IFS, protect all business related information, and disclose and

26   

27 [2] The fact that a lost profits measure of damages remains does not alter the nature of the motion.

28

CDF Labor Law LLP

2192497.1

1   obtain approval for engaging in business activities during the term of their

2   employment that competed with IFS business or any potential conflict of interest.

3   *See* Confidentiality Agreements and Employee Handbook Acknowledgements, Dkt.

4   Nos. 140-1, 140-2, 140-3, 140-5, 140-5, and 140-6.  Pablo and Savino failed to do so.

5          The lead case that Defendants rely on  explains settled law:

6          The duty of fidelity to his employment imposes on the employee not
            simply the positive duty of reasonably skillful performance of the
7          work intrusted to him, but the ***negative duty of refraining from
            deception*** and from entering into relations giving him an interest
8          inconsistent with that of the employer... ***An employee who violates
            these fundamental duties of loyalty cannot recover even for the
9          services he has rendered***." *J.C. Peacock, Inc. v. Hasko*, 196
10         Cal.App.2d 353, 358 (1961) citing 4 Williston, Contracts, revised
            edition, section 1022 (emphases added).
11

12         In a more recent example, *ProOne, Inc. v. Russell*, 2019 WL 4390577, at *5

13  (C.D. Cal. Aug. 8, 2019), the Court authorized disgorgement of compensation as a

14  "measure of damages that directly tracks the harm caused by Russell's tortious

15  conduct and reflects the notion that '[a]n agent is entitled to no compensation for

16  conduct which is disobedient or which is a breach of his duty of loyalty.'"

17         In *Glob. Med. Sols., Ltd v. Simon*, 2013 WL 12065418, at *20–21 (C.D. Cal.

18  Sept. 24, 2013) the employer sought disgorgement of the employee's compensation

19  paid during the period of breach.  The Court held that "[t]he fact that Global

20  generated record profits during the period Simon allegedly committed fraud does not

21  preclude a finding that Simon's fraud damaged plaintiffs, and that they are entitled to

22  have some or all of the salary paid to him returned. Stated differently, ***a jury could

23  conclude that regardless of the profits earned, Simon's conduct damaged Global,

24  and that it did not receive any benefit for the money it paid him as President and

25  COO***." *Id.* (emphasis added).  Similarly, while IFS's customers may have continued

26  to place some orders with IFS during the period in which Pablo, Savino, Jesus and

27  Hugo breached their contractual duties and duties of loyalty, the jury should be

28

PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MIL #4

CDF Labor Law LLP

2192497.1

1  allowed to decide that IFS did not receive the benefit of the compensation paid to

2  them.

3        Defendants attempt to circumvent this established law in reliance on

4  inapposite and unpublished opinions.  For example, in *Mahue v. Hughes Tool Co.*,

5  569 F.2d 459, 477 (9th Cir. 1977), the Court struck a counterclaim finding that there

6  was no evidence of the time during which the breach of fiduciary duties occurred.

7  Here, the evidence is clear.  In *United States Auto Sec. v. Morrison*, No. B155279,

8  2004 WL 363384, at *6 (Cal. Ct. App. Feb. 27, 2004), unpublished, the court agreed

9  with plaintiffs "that disgorgement of commissions may be a permissible remedy for

10 employee disloyalty" but found that "[p]laintiffs did not meet their burden of

11 showing that disgorgement is an appropriate remedy in this case."

12        IFS demonstrated that disgorgement is an appropriate remedy in this case. *See*

13 *Purolator Products, Inc. v. Torite Indus., Inc.*, 413 F.2d 989, 990 (9th Cir. 1969)

14 (affirming trial court judgment awarding, among other damages, the amount of salary

15 received by two of the individual defendants from the plaintiff during the period in

16 which those defendants engaged in unfair competition and breached their

17 confidential relationship with the plaintiff by competing with their employer); *SEIU*

18 *Local 250 v. Colcord*, 160 Cal.App.4th 362, 370–71 (2008) (affirming award of

19 salary and benefits, based in part on breach of fiduciary duties, paid to the defendant-

20 employees during the time period in which they were performing work for the

21 plaintiff-union but simultaneously working against the union's interests, reasoning

22 with respect to one of the employee's arguments on appeal that had Colcord

23 "resigned as soon as he embarked on competition with Local 250, or had he honored

24 his fiduciary duty to Local 250 by disclosing defendants' activities, the union would

25 not have continued to pay him" and finding that the "disgorgement of salary and

26 benefits was an appropriate remedy in this case").  Here, too, Savino and Pablo

27 deprived IFS of the opportunity to terminate the employment relationship by hiding

28 their new competitive business and camouflaging the hire of other of IFS's

1  employees for that business.

2  **B.    IFS Could Not Resort To Self-Help**

3        In March 2022, after IFS learned of Pablo and Savino's duplicity, it attempted

4  to resolve the issue in a fair manner and offered employment to them on the

5  condition that they provide representations of fact as to their tortious actions,

6  acknowledge the costs to IFS of their actions and help IFS mitigate against the

7  damages that they caused.  *See* IFS's Oppo. MIL 1.  Defendants suggestion that IFS

8  "voluntarily" paid Pablo and Savino Morales commissions after the termination of

9  their employment, and so IFS cannot recover those "voluntary" payments reinvents

10  history and is contrary to the law.

11        IFS's payments to Pablo and Savino were not voluntary, but were required by

12  California law.  The California Labor Code expressly prohibits employers from

13  "withholding or diverting any portion of an employee's wages; except when the

14  employer is required or empowered so to do by state or federal law or when a

15  deduction is expressly authorized in writing by the employee to cover insurance

16  premiums, hospital or medical dues, or other deductions not amounting to a rebate or

17  deduction from the standard wage arrived at by collective bargaining or pursuant to

18  wage agreement or statute, or when a deduction to cover health and welfare or

19  pension plan contributions is expressly authorized by a collective bargaining or wage

20  agreement."  Labor Code §§ 221-223.

21        Accordingly, IFS could not resort to self-help and withhold the disputed wages

22  without being accused of committing a wage violation. IFS's only option was to pay

23  the compensation and sue for the return of the funds due it, which it did in this case.

24  **V.  TESTIMONY ABOUT COMPENSATION MUST BE ADMITTED**

25        Contrary to Defendants' assertion otherwise, Mr. Kershaw is not offering

26  "opinions" as to whether IFS can recover the compensation it paid to Pablo and

27  Savino Morales, Jesus Trujillo and Hugo Mesa during the period in which they

28  breached their duties of undivided loyalty to IFS.  Rather, Kershaw is offering

1     evidence of the actual compensation paid out of IFS's pocket.  Such evidence does

2     not require a *Daubert* analysis. It does not even require expert testimony.  Nigel

3     Kershaw, among others, has personal knowledge of the compensation paid to Pablo,

4     Savino, Jesus and Hugo and there is no lawful justification to prevent him from

5     testifying to such at trial.  Under FRE 401, 402 and 701, there is no reason to exclude

6     IFS from putting on evidence of the compensation paid to Pablo, Savino, Jesus and

7     Hugo during the period of their breaches.

8                                  **VI.  CONCLUSION**

9           MIL 4, a thinly disguised summary adjudication motion, should be denied.

10

11     Dated:  May 24, 2023            CDF LABOR LAW LLP
                                         Amy S. Williams

12

13

                               By: _____/s/ *Dan M. Forman*_____

14                                      Dan M. Forman
                            Attorneys for Plaintiff/Counter-Defendant

15                             PERRIN BERNARD SUPOWITZ, LLC, a
                            California LLC dba INDIVIDUAL FOODSERVICE

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                      PLAINTIFF'S OPPOSITION TO
                                                       DEFENDANTS' MIL #4

CDF LABOR LAW LLP

2192497.1