CDF LABOR LAW LLP
   Dan M. Forman, State Bar No. 155811
    dforman@cdflaborlaw.com
   Amy S. Williams, State Bar No. 228853
    awilliams@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone: (213) 612-6300

Attorneys for Plaintiff/Counter-Defendant
PERRIN BERNARD SUPOWITZ, LLC, a
California LLC dba INDIVIDUAL
FOODSERVICE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE,<br><br>    Plaintiff,<br>v.<br><br>PABLO MORALES, an individual; LEGACY WHOLESALE GROUP, LLC, an Arizona Limited Liability Corporation; SAVINO MORALES, an individual; and SERGIO ESCAMILLA, an individual; and DOES 1 through 20, inclusive,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:22-cv-02120-ODW-JEM<br><br>Judge: Otis D. Wright, II<br>Ctrm: 5D<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MIL #5**<br><br>Pre-Trial Conference: July 10, 2023<br>Motions in Limine: July 10, 2023<br>Trial Date: July 18, 2023<br><br>Date: July 10, 2023<br>Time: 1:30 p.m.<br>Ctrm: 5D |

# **TABLE OF CONTENTS**

**Page**

I. SUMMARY OF OPPOSITION ........................................................................... 4

II. MIL 5 REMAINS FATALLY DEFECTIVE ........................................................ 4

III. RELEVANT PROCEDURAL HISTORY ............................................................ 5

IV. EXCLUSION UNDER RULE 26(a)(1)(A)(iii) UNWARRANTED ..................................................................................................... 7

    A. IFS Produced Proportional Materials In A Timely Manner ................. 8

    B. Any "Failure" To Disclose Was Substantially Justified And Harmless ...................................................................................................... 8

V. DEFENDANTS' THIRD *DAUBERT/KUMHO* CHALLENGE FAILS ................................................................................................................. 11

VI. CONCLUSION ................................................................................................... 12

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MIL#5

2179669.1

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allstate Ins. Co. v. Nassiri*
   No. 2:08-cv-00369-JCM-GWF, 2010 WL 5248111 (D. Nev. Dec. 16, 2020) ............................................................................................................ 7

*Design Strategy, Inc. v. Davis*
   469 F.3d 284 (2d Cir. 2006) ............................................................................ 10

*Grouse River v. Oracle*
   848 Fed.Appx. 238 (9th Cir. 2021) ................................................................. 10

*Hoffman v. Construction Protective Services, Inc.*
   541 F.3d. 1175 (9th Cir. 2008) ........................................................................ 10

*Kondragunta v. Ace Doran Hauling & Rigging Co.*
   2013 WL 1189493 (N.D. Ga. Mar. 21, 2013) .................................................. 11

*Munchkin, Inc. v. Luv N' Care, Ltd.*
   2015 WL 774065 (C.D. Cal. Feb. 24, 2015) ..................................................... 8

*Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*
   752 F.3d 807 (9th Cir. 2014) ........................................................................... 11

*Rossi v. Darden*
   No. 16-21199-Civ, 2017 WL 2129429 (S.D. Fla. May 17, 2017) .................... 9

*Yeti by Molly v. Deckers Outdoor*
   259 F.3d 1101 (9th Cir. 2001) .......................................................................... 8

*Zaki Kulaibee Establishment v. McFlicker*
   2011 WL 1327145 (S.D. Fla. Apr. 5, 2011) ..................................................... 9

**Federal Rules**

F.R.C.P. 26(a)(1)(A)(iii) ..................................................................................... 4, 7

F.R.C.P. 26(a)(1)(E) ................................................................................................ 7

F.R.C.P. 26(b)(1) .................................................................................................. 10

F.R.C.P. 26(e)(1)(A) ................................................................................................ 7

F.R.E. 701 ............................................................................................................. 11

## I. SUMMARY OF OPPOSITION

Despite the opportunity to "redo" the motion, Defendants continue to defy the Court's Order that the motion "result in a single, clear, unambiguous, discrete limited evidentiary ruling." ECF 298.  MIL 5 seeks to exclude evidence "**to the extent**" IFS is alleged to have not produced documents and data and "**to the degree**" Defendants cannot verify Mr. Kershaw's work or methodology, thereby requiring Plaintiffs and the Court to guess at what Defendants seek to exclude.  Alternatively, MIL 5 requests (a) a discovery order, (b) an opportunity to conduct further discovery, and (c) to designate a new expert "without any restrictions."  These myriad requests could not possibly result in a "single, clear, unambiguous, discrete limited evidentiary ruling" and the Court should strike the motion on that basis alone.

Further, Defendants rely on their own dilatory discovery tactics and failure to designate a reliable expert in an attempt to preclude IFS from introducing evidence of its lost profits from Legacy's sales to IFS customers; lost market share profits; lost profits from Legacy's use of confidential information to purchase product from IFS at a substantial discount; and the freight costs incurred by IFS to service Legacy that it would not have incurred but for Defendants' fraud — all based on the argument that IFS did not comply with FRCP 26(a)(1)(A)(iii) because it did not produce the thousands of individual documents underlying the relevant transactions.  For several of these requests, this constitutes Defendants second or third concurrent attempt at exclusion.  *See* MIL 2 and 3.  The Court should flatly reject such gamesmanship.

IFS complied with FRCP 26(a)(1)(A)(iii) and any alleged non-compliance was the result of Defendants' own dilatory discovery tactics, and was substantially justified and harmless as detailed below.

## II. MIL 5 REMAINS FATALLY DEFECTIVE

On May 9, 2023, this Court entered an order striking Defendants' MIL 5 instructing that a "motion in limine must be fashioned such that the Court can either simply GRANT or DENY the Motion, and that grant or denial must result in a single,

clear, unambiguous, discrete limited evidentiary ruling." ECF 298. Defendants failed to comply. They ask for essentially the same, flawed relief requested in their original MIL — excluding damages opinion testimony *to the extent* Plaintiff failed to produce underlying documents and data, *to the degree* they cannot verify Kershaw's work, a discovery order, more discovery and a new rebuttal expert.

Yet, Defendants do not claim unequivocally that IFS did not produce any such documents or data. Rather Defendants' counsel declares only that he "does not believe" that he has seen or that IFS has produced data or documents "that would enable [him] to independently calculate or verify the numbers." ECF 282, Lesowitz Decl. ¶ 7. **IFS produced approximately 242,929 pages of documents and data in this action**. (Forman Decl. ¶ 10.) The fact that counsel does not recall the contents of the production is not grounds to exclude expert testimony.

Further, requiring the Court to determine "to what extent" or "to what degree" these documents contain information underlying IFS's damages calculation would be pure speculation and guesswork, and is not a single, clear, unambiguous, discrete limited evidentiary ruling appropriate for *in limine*.

Defendants' alternative request for production, more follow up discovery and to add a new expert to the defense is likewise defective and a transparent end run around this Court's denial of Defendants' *ex parte* application to continue trial and the discovery cutoff due to a ***lack of a showing of diligence on Defendants' part in timely noticing and conducting the subject depositions and otherwise participating in the subject discovery.*** ECF 252.

The Court should strike MIL 5. ECF 298 ("Amended Motions that do not comply with the directives of this Order will be stricken.")

### III. RELEVANT PROCEDURAL HISTORY

This Court established a discovery cut-off of December 19, 2022 and an expert discovery cut-off of January 9, 2023. ECF 80. IFS promptly sought Defendant's financial records, information regarding the IFS's customers from whom Defendants

had diverted business, and records and invoices of those sales as well as sales to customers whose business should have been offered to IFS during Pablo and Savino's employment with IFS. Such information and records are essential to IFS's ability to determine its damages. Forman Decl., ¶ 2, Exs. 1 & 2.

Defendants failed and refused to provide such information and documents, forcing IFS to seek Court intervention. However, with the discovery cutoff looming, on December 13, 2022, IFS took Legacy's 30(b)(6), without the benefit of important financial information. The following day, on December 14, 2022, Judge McDermott ruled in favor of IFS and explained:

> ***The Court's ruling did not bar discovery of information or documents after March 31, 2022 regarding Legacy sales to IFS customers or sales to customers whose business should have been offered to IFS during Pablo and Savino Morales' employment. Such documents and information are not privileged and are plainly relevant***. Legacy must provide supplemental responses and production of documents in regard to Legacy's finances, records, and sales to IFS customers after March 31, 2022, and sales to customers whose business should have been offered to IFS during Pablo and Savino Morales' employment with IFS. (ECF 212) (emphasis added).

Two weeks later, on December 27, 2022, *after* the discovery cutoff, Defendants finally produced the financial statements and other documents that IFS could use to calculate damages, however, Defendants designated these materials AEO and failed to declassify them before Kershaw's deposition. Forman Decl., ¶ 8.

Defendants, on the other hand, prioritized attempting to take the deposition of Mr. Sweder, IFS's CEO, over taking IFS's 30(b)(6) deposition or other discovery to learn IFS's damage theories and evidence. *See* ECF 203. On February 21, 2023, the Court denied Defendants' *ex parte* request to continue the trial, "primarily due to a ***lack of a showing of diligence on Defendants' part in timely noticing and conducting the subject depositions and otherwise participating in the subject discovery***". ECF 252, 2 (emphasis added). Nonetheless, IFS cooperated to provide the additional depositions Defendants claimed were needed well in advance of trial.

CDF Labor Law LLP

2179669.1

IFS's 30(b)(6) deposition was taken on March 6, 2023 and Kershaw's deposition, for all purposes, was taken on March 7, 2023. Kershaw testified that his analysis was not completed until March 6, 2023. Forman Decl., ¶ 5, Ex 5 (Kershaw DT 135:7-19). As a result, IFS could not have provided additional damages calculations or documents supporting such calculations during the discovery period or prior to Kershaw's deposition. Shortly thereafter, and more than four months before trial, IFS provided Supplemental Disclosures referencing Kershaw's testimony and analysis to support its damage claims, including his detailed damage computations. Forman Decl., ¶ 9.

On March 22, 2023, IFS deposed Steve Arroyo, the expert Defendants designated to rebut Kershaw. Arroyo testified that he had not reviewed Kershaw's deposition or any of the exhibits to Kershaw's deposition in preparation for his March 22, 2023 deposition and was not prepared to provide any opinion to rebut Kershaw's opinions. Forman Decl., ¶ 4, Ex. 4 (Arroyo DT 44:10-23, 45:20-36:9).

### IV. EXCLUSION UNDER RULE 26(a)(1)(A)(iii) UNWARRANTED

Rule 26(a)(1)(A)(iii) requires a party to disclose a damages computation based on information "*then reasonably available to it*" and to identify for the opposing party the underlying evidence that supports the computation. Rules 26(a)(1)(A)(iii), 26(a)(1)(E) (emphasis added). The disclosing party has a duty under Rule 26(e)(1)(A) to timely supplement these initial damages disclosures, in addition to any interrogatory responses, as it learns of material information which makes the prior disclosures incomplete or incorrect. Whether a party's disclosures comply with Rule 26(a)(1)(A)(iii) is a fact-specific determination. Courts acknowledge that factual complexity surrounding certain disputes may prevent a party from preparing concrete damage computations for its Rule 26(a)(1)(A)(iii) initial disclosures. *See, e.g., Allstate Ins. Co. v. Nassiri*, No. 2:08-cv-00369-JCM-GWF, 2010 WL 5248111, at *4 (D. Nev. Dec. 16, 2020) ("The courts also recognize, however, that a plaintiff may not be able to provide a detailed computation of damages early in the case before all

relevant documents or evidence has been obtained."). This is such a case.

A. **IFS Produced Proportional Materials In A Timely Manner**

Defendants intentionally concealed the identities of IFS's customers from whom they diverted business, the customers whose business should have been offered to IFS, and the details of those sales and Legacy's financial information until late December 2022, *after* the discovery cutoff. This information was essential to IFS's ability to prepare and produce its damages calculations. Given Defendants' designation of those materials as AEO, and their lack of response to IFS's request to downgrade the designation, Mr. Kershaw was unable to review those materials for purposes of forming damages opinions.

Notwithstanding, Kershaw worked diligently to synthesize the information that he was permitted to review so that he could supply written summaries and testify at deposition in early March 2023. As reflected in Tab G, Ex. 717, the disclosures made at Kershaw's deposition are IFS's trustworthy business records based on thousands of individual documents underlying the customers transactions. IFS produced accurate, relevant documents in a usable and reasonable format. IFS satisfied its disclosure obligations.

B. **Any "Failure" To Disclose Was Substantially Justified And Harmless**

"Under Rule 37, exclusion of evidence not disclosed is appropriate *unless the failure to disclose was substantially justified or harmless*." *Yeti by Molly v. Deckers Outdoor,* 259 F.3d 1101, 1106 (9th Cir. 2001) (emphasis added). IFS disputes any alleged "failure to disclose" but if there were any failure, it was substantially justified and harmless. In assessing whether the late disclosure was substantially justified or harmless, courts look to five factors: (1) surprise to the party against whom the evidence would be offered; (2) ability of that party to cure the surprise; (3) extent to which allowing the evidence would disrupt the trial; (4) importance of the evidence; and (5) non-disclosing party's explanation for its failure to disclose the evidence. *Munchkin, Inc. v. Luv N' Care, Ltd.*, 2015 WL 774065, at *2 (C.D. Cal. Feb. 24,

2015). These factors weigh in favor of IFS and compel denial of this MIL.

<u>Factor 1</u>: There is no surprise to Defendants that IFS seeks to present evidence regarding its lost profits. On April 25, 2022, IFS disclosed that it sought in excess of $1 million damages of lost profits for the period May 1, 2021 through February 28, 2022 based on an analysis of the decline in case sales to the customers that Pablo and Savino serviced for IFS. ECF 31, ¶¶ 5-7, Ex. 1. IFS disclosed additional information supporting this analysis on May 9, 2022. ECF 47, ¶¶ 4-11, Exs. 3, 4, 5 & 6. Further, IFS sought discovery relevant to these damages, moved to compel such discovery, and repeatedly explained in meet and confer efforts and pleadings the nature of such damages and the information IFS required to determine such damages. Forman Decl., ¶ 6. This factor clearly weighs in favor of IFS.

<u>Factor 2</u>: There being no surprise, there is no need to cure any such surprise. This factor weighs in favor of IFS.

<u>Factor 3</u>: Allowing such evidence will not disrupt the trial. Kershaw was designated as a non-retained expert to opine on IFS's damages. Despite Defendants' lack of diligence that resulted in denial of their request to continue trial, IFS cooperated to provide Defendants with the additional depositions that they claimed were needed. Kershaw's deposition and documents were produced in March 2023, over four months before the July 18, 2023 trial date. Defendants could have examined Kershaw for a longer period but instead concluded the deposition with over 90 minutes remaining. Forman Decl., ¶ 5. Defendants have had ample time to examine the documents, provide them to their so-called expert witness that was designated to rebut Kershaw's testimony and develop additional cross-examination before trial. The "severe sanction" of excluding expert testimony is not warranted when the party allegedly harmed by a late disclosure has an opportunity to remedy any prejudice suffered by it but ***chooses*** not to. *Zaki Kulaibee Establishment v. McFlicker*, 2011 WL 1327145, at *4 (S.D. Fla. Apr. 5, 2011); *see also Rossi v. Darden*, No. 16-21199-Civ, 2017 WL 2129429, at *4 (S.D. Fla. May 17, 2017)

(explaining that a party may not delay challenging a Rule 26 violation and seek the most extreme of sanctions by motion filed after the proper time for challenging discovery violations expired.) Accordingly, this factor weighs in favor of IFS.

Factor 4: The evidence is crucial to IFS's ability to establish its damages. This factor clearly favors IFS.

Factor 5: IFS produced all of the materials that are relevant and proportional to Kershaw's opinions. Defendants are advocating for the production of thousands and thousands of pages of correspondence, invoices, orders, payment and other documents that IFS compiles into trustworthy reports that it relies on in IFS's ordinary business practices. *See* Kershaw Decl., ¶¶ 10-12. IFS is only required to produce materials in a manner that is proportional to the needs of a case. *See* Rule 26(b)(1). IFS was justified in its production under the proportionality doctrine governing all discovery and should not be punished for acting in that manner.

Defendants' legal support for a windfall exclusion order does not fit this case.[1] Key to the exclusion order in *Hoffman v. Construction Protective Services, Inc.,* 541 F.3d. 1175, 177-78 (9th Cir. 2008) was plaintiff's failure to provide damage calculations **before trial**. In *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 293-94 (2d Cir. 2006), the plaintiff had not provided the dollar amount or basis for computing lost profits and surprised the defendants by disclosing witnesses to testify to lost profits. In comparison, IFS provided a damages analysis as early as April 2022, and the documents that it relies upon for its damage claims and the dollar amount supported by Kershaw's calculations at Kershaw's deposition, months in advance of trial. A defendant cannot lie "in wait, hoping that plaintiff's non-compliance would doom his ability to offer any expert testimony" and then claim prejudice.

---

[1] *Grouse River v. Oracle,* 848 Fed.Appx. 238 (9th Cir. 2021) (unpublished) provided no factual explanation to guide this Court, "[b]ecause the parties are familiar with the facts, we do not recount them here…." *Id.,* 241.

*Kondragunta v. Ace Doran Hauling & Rigging Co.*, 2013 WL 1189493, at *8 (N.D. Ga. Mar. 21, 2013). Any nondisclosure was harmless and/or substantially justified.

## V. DEFENDANTS' THIRD *DAUBERT/KUMHO* CHALLENGE FAILS

Tab G, Kershaw's testimony and IFS's business records are admissible under FRE 701. Kershaw testified that Tab G is a printout based on IFS's ordinary business records with which he is familiar. He used those records to identify the abuse IFS experienced by Pablo and Savino's providing Legacy with advantageous pricing to IFS's detriment. Kershaw's calculation is the product of (i) actual costs that Pablo and Savino charged other of IFS's customers they serviced while employed at IFS compared to (ii) actual costs that Pablo charged Legacy for the same products to prove that Defendants were taking advantage of their position at IFS to create favorable self-dealing. There are no "circumstances" or questions of sample sizes. Defendants' request is another attempt to an end-run around the Ninth Circuit's conclusion that a Court should not exclude opinions "merely because they are impeachable." *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014). Pablo and Savino were IFS's salespersons responsible for such sales and so they are able to challenge this testimony. MIL 5 demonstrates that Defendants have everything that they need to cross-examine Kershaw and argue to the jury.

Likewise, Tab H, Kershaw's testimony and IFS's business records reflecting incremental freight costs to service Legacy that IFS would not have incurred but for Defendants' fraud, is based on information gathered and used in the ordinary course of IFS's business which is admissible under FRE 701. Kershaw provided the complete basis and assumptions for his testimony. Kershaw DT 150:21-151:18. As such it is reliable and admissible at trial. It is for Defendants to attempt to impeach Kershaw's testimony, not this Court. *See Pyramid Techs., Inc.*, 752 F.3d 807.

## VI. CONCLUSION

MIL 5 violated the Court's directives pertaining to Motions *in limine* and should be overruled on procedural and substantive grounds.

Dated: May 24, 2023

CDF LABOR LAW LLP
Amy S. Williams

By: _____/s/ *Dan M. Forman*_____
Dan M. Forman
Attorneys for Plaintiff/Counter-Defendant
PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE