| | |
|---|---|
| 1 | CDF LABOR LAW LLP |
| 2 | Dan M. Forman, State Bar No. 155811<br>dforman@cdflaborlaw.com |
| 3 | Amy S. Williams, State Bar No. 228853<br>awilliams@cdflaborlaw.com |
| 4 | 707 Wilshire Boulevard, Suite 5150<br>Los Angeles, CA 90017 |
| 5 | Telephone: (213) 612-6300 |
| 6 | Attorneys for Plaintiff/Counter-Defendant<br>PERRIN BERNARD SUPOWITZ, LLC, a |
| 7 | California LLC dba INDIVIDUAL<br>FOODSERVICE |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE,<br><br>  Plaintiff,<br><br>v.<br><br>PABLO MORALES, an individual; LEGACY WHOLESALE GROUP, LLC, an Arizona Limited Liability Corporation; SAVINO MORALES, an individual; and SERGIO ESCAMILLA, an individual; and DOES 1 through 20, inclusive,<br><br>  Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:22-cv-02120-ODW-JEM<br><br>Judge: Otis D. Wright II<br>Ctrm: 5D<br><br>**DECLARATION OF DAN M. FORMAN IN OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE # 2, 3 & 5**<br><br>Pre-Trial Conference: July 10, 2023<br>Motions in Limine: July 10, 2023<br>Trial Date: July 18, 2023<br><br>Date: July 10, 2023<br>Time: 1:30 p.m.<br>Ctrm: 5D |

# DECLARATION OF DAN M. FORMAN

I, Dan M. Forman, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court and am a partner with the law firm of CDF Labor Law LLP, counsel of record for PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE ("IFS") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify to such facts under oath, except for such opinions that I have expressed and that are based on the facts and my over thirty years of experience as a lawyer.

2. IFS designated Mr. Kershaw as a non-retained expert to provide testimony on IFS's numerous damage theories and served its disclosure of Mr. Kershaw on November 14, 2022 that IFS supplemented on December 30, 2022. Attached hereto as **Exhibit 1** is a true and correct copy of IFS's Expert Disclosure dated November 14, 2022. Attached hereto as **Exhibit 2** is a true and correct copy of IFS's Supplemental Expert Witness Disclosure dated December 30, 2022.

3. On January 6, 2023, Defendants designated Steve Arroyo as an expert witness to "rebut, dispute, and oppose any expert evidence and testimony provided by Plaintiff, including through witness Nigel Kershaw." Attached hereto as **Exhibit 3** is a true and correct copy of Defendants' Notice Regarding Steven Arroyo and Expert Testimony Pursuant to FRCP 26(a)(2).

4. Mr. Arroyo was not prepared to provide any opinion to rebut Mr. Kershaw's testimony and failed to even review Mr. Kershaw's deposition transcript or any of the exhibits to Mr. Kershaw's deposition to preparation for his March 22, 2023 deposition. Attached hereto as **Exhibit 4** are relevant portions of the deposition transcript of Steve Arroyo taken on March 22, 2023.

5. I attended the deposition of Mr. Nigel Kershaw on March 7, 2023. The deposition commenced at approximately 10:12 a.m. and concluded at 4:07 p.m. and

1  there were approximately 5.5 hours of testimony taken.  Attached hereto as **Exhibit 5**
2  are relevant portions of the deposition transcript of Nigel Kershaw taken on March 7,
3  2023 other than relevant portions that this Court ordered to be sealed, pages 79, 80,
4  81, 121, 122, 138, 139, 140, 142, 143, 145, 151, 162, 168, and 169 on April 24, 2023
5  (Doc. 285) which may be located in conjunction therewith.

6.   At the outset, IFS's first set of document requests sought Defendant Legacy's financial records, information regarding the IFS customers from whom Defendants had diverted business, and records and invoices of those sales as well as sales to customers whose business should have been offered to IFS during Pablo and Savino Morales' employment with IFS.  IFS sought discovery relevant to these damages, moved to compel such discovery, and repeatedly explained in meet and confer efforts and pleadings the nature of such damages and the information IFS required to determine such damages.

7.   Defendants failed and refused to provide Legacy's financial information and documents related to its sales after March 31, 2022, forcing IFS to seek Court intervention.  On December 14, 2022, Magistrate Judge McDermott ordered Legacy to produce the documents that had withheld. However, with the discovery cutoff looming, on December 13, 2022, IFS took Legacy's 30(b)(6) deposition without the benefit of important financial information about Legacy.

8.   Two weeks later, on December 27, 2022, after the discovery cutoff, Defendants finally produced the financial statements and other documents that IFS needed to calculate damages, however, Defendants designated these materials "AEO" under the Court's protective order. Prior to Mr. Kershaw's deposition, I Defendants to downgrade the designation from AEO.  Defendants' counsel failed to timely declassify such materials before Kershaw's deposition.

///
///
///

9. IFS served its Supplemental Rule 26 Disclosure on March 9, 2023.

10. To date, IFS has produced approximately 242,929 pages of documents and data in this action.

I declare under penalty of perjury of the United States of America that the foregoing is true and correct. Executed on this 24th day of May, 2023.

_____
Dan M. Forman