**LESOWITZ GEBELIN LLP**
Scott M. Lesowitz (SBN 261759)
    scott@lawbylg.com
Steven T. Gebelin (SBN 261507)
    steven@lawbylg.com
8383 Wilshire Boulevard, Suite 800, Beverly Hills, CA 90211
Telephone: (310) 341-3072; Facsimile:  (310) 341-3070
*Attorneys for Defendants* Pablo Morales,
Savino Morales, Sergio Escamilla, and
Legacy Wholesale Group, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE,<br><br>    Plaintiff,<br><br>    v.<br><br>PABLO MORALES, an individual; LEGACY WHOLESALE GROUP, LLC, an Arizona Limited Liability Corporation; SAVINO MORALES, an individual; and SERGIO ESCAMILLA, an individual; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-02120-ODW-JEM<br><br>Judge: Otis D. Wright, II<br>Ctrm:  5D<br><br>**DEFENDANTS' OBJECTIONS AND COUNTER-DESIGNATIONS TO PLAINTIF'S DESIGNATIONS OF DEPOSITION TRANSCRIPT TESTIMONY FOR TRIAL**<br><br>Date:   July 18, 2023<br>Time:  1:30 p.m.<br>Ctrm:  5D |

Defendants hereby lodge their objections and counter-designations to Plaintiff's designations of deposition testimony which was served on May 17, 2023. Plaintiff only served designations for Cynthia Morales, Steven Arroyo, and Jesus Trujillo.

## Objection to Use of Any of the Transcripts

Defendants object to Plaintiff designating or using for any purpose other than impeachment at trial any deposition testimony of Cynthia Morales, Steven Arroyo, or Jesus Trujillo (except in the case of Jesus Trujillo if the parties so stipulate, which they may do).

None of Cynthia Morales, Steven Arroyo, or Jesus Trujillo are defendants, and none of them are any defendant's "officer, director, [or] managing agent." See Fed. R. Civ. P. 32(a)(3). Additionally, they all reside in the Central District of California. Therefore, Plaintiff may not use their deposition testimony at trial in place of live testimony. Defendants object to any such use on all applicable grounds including hearsay without exception and on due process grounds.

Defendants, in an abundance of caution, lodge specific objections to specific testimony below. However, these specific objections in no way concede or waive Defendants' objection above to the use of any of the testimony that Plaintiff designated.

Further, Defendants, in an abundance of caution, designate additional testimony of Cynthia Morales, Steven Arroyo, and Jesus Trujillo under the rule of completeness. However, these designations are only made in case the Court overrules Defendants' objection to any use of deposition testimony made above or in case of some other applicable circumstance that may arise. Designation does not obligate usage, and Defendants retain any rights to designate any additional testimony and to fix any errors in the designations. The designations should not be read to encompass objections, or comments of opposing counsel (except clarifications of questions that were accepted by Defendants' counsel).

Defendants' Objections to Plaintiff's Deposition
Designations

**Use of Video**

Defendants would plan to use, and maintain all rights to use, the videotape of depositions at trial for any testimony designated, both in these designations and in Defendants original designations.

**Cynthia Morales, July 1, 2022**

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| 9:3-14 | |
| 13:17-24 | |
| 15:2-8 | |
| 17:18-20 | |
| 17:23-25 | |
| 19:16-19 | |
| 21:4-8 | |
| 21:22-25 | |
| 22:1-7 | |
| 29:20-25 | |
| 30:5-7 | |
| 30:12-14 | |
| 37:21-24 | |
| 37:25-38:10 | |
| 40:19-41:1 | Lack of relevance, unduly prejudicial, will confuse the jury about the issues applicable at trial, improperly attempts to illicit inadmissible opinion including opinion of a legal nature, lack of foundation, speculation (there is no relevance, and no permissibility, of testimony of Ms. Morales regarding her current employer's confidentiality practices; her current employer is not |

3

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
|  | even in the food services industry like the parties; Ms. Morales is not an expert regarding confidentiality) |
| 41:9-12 | Lack of relevance, unduly prejudicial, will confuse the jury about the issues applicable at trial, and improperly attempts to illicit inadmissible opinion including opinion of a legal nature, lack of foundation, speculation (there is no relevance, and no permissibility, of testimony of Ms. Morales regarding her current employer's confidentiality practices; her current employer is not even in the food services industry like the parties; Ms. Morales is not an expert regarding confidentiality) |
| 53:14-17 |  |
| 58:22-25 | Speculation, lack of foundation, lack of relevance, unduly prejudicial, will confuse the jury about the issues applicable at trial, and improperly attempts to illicit inadmissible opinion including opinion of a legal nature, lack of foundation (it is irrelevant speculation as to what Ms. Morales' understanding is about why certain information is not shared with all Legacy employees) |
| 60:25-61:17 | Lack of foundation, lack of relevance, unduly prejudicial and will confuse the issues as this testimony would relate to the dismissed conversion claim but no remaining claim (as the testimony relates to collection of cash payments) |

4

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| 63:3-8 | Speculation, lack of foundation, lack of relevance, unduly prejudicial and will confuse the issues as this testimony would relate to the dismissed conversion claim but no remaining claim (as the testimony relates to collection of cash payments) |
| 64:12-14 | Lack of foundation, lack of relevance, unduly prejudicial and will confuse the issues as this testimony would relate to the dismissed conversion claim but no remaining claim (as the testimony relates to collection of cash payments) |
| 84:10-14 | |
| 90:6-12 | Speculation, lack of personal knowledge, lack of foundation, relevance, and unduly prejudicial and will confuse the jury (the question improperly relates to a report created for litigation that Ms. Morales only thinks may have been created and that she only may have assisted in formatting) |
| 91:18-24 | |
| 109:11-13 | Speculation, lack of foundation, lack of relevance, unduly prejudicial and will confuse the issues as this testimony would relate to the dismissed conversion claim but no remaining claim (as the testimony relates to collection of cash payments), and hearsay without exception (Susie Morales does not have a position with Legacy that would allow for her out-of- |

5

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
|  | court statements to be imputed to the company) |
| 112:24-113:16 | Best evidence rule, the document speaks for itself; Defendants incorporate any objections to Exhibit 10, and if Exhibit 10 is withdrawn, then on the grounds of lack of foundation and hearsay and relevance |
| 115:1-9 |  |
| 116:17-19 |  |
| 121:12-17 | Best evidence rule, the document speaks for itself; Defendants incorporate any objections to Exhibit 16, and if Exhibit 16 is withdrawn, then on the grounds of lack of foundation and hearsay and relevance |
| 121:23-122:7 | Best evidence rule, the document speaks for itself; Defendants incorporate any objections to Exhibit 16, and if Exhibit 16 is withdrawn, then on the grounds of lack of foundation and hearsay and relevance |
| 122:24-123:12 | Best evidence rule, the document speaks for itself; Defendants incorporate any objections to Exhibit 16, and if Exhibit 16 is withdrawn, then on the grounds of lack of foundation and hearsay and relevance |
| 127:6 |  |
| 127:16-128:1 |  |
| 131:25 |  |
| 132:5-17 | Best evidence rule, the document speaks for itself; Defendants |

Defendants' Objections to Plaintiff's Deposition Designations

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| | incorporate any objections to Exhibit 21, and if Exhibit 21 is withdrawn, then on the grounds of lack of foundation and hearsay and relevance |
| 133:5-6 | Relevance and confusion of the issues and undue prejudice; the jury would be confused as to the significance of counsel designating something as confidential or AEO |
| 133:13-134:15 | Best evidence rule, the document speaks for itself, speculation, lack of foundation; Defendants incorporate any objections to Exhibit 22, and if Exhibit 22 is withdrawn, then on the grounds of lack of foundation and hearsay and relevance |
| 135:5-10 | |
| 141:7-14 | |
| 141:24-142:20 | |
| 143:20-24 | |
| 144:9-13 | |
| 145:6-13 | Speculation, lack of relevance, and unduly prejudicial (it is inappropriate to attempt to admit speculation about a search regarding a subpoena when she is not sure, per the testimony, why it was not produced pursuant to her subpoena, when IFS did receive the document, and Ms. Morales does not know what documents she provided to counsel were or were not produced or how they were produced, for example, not duplicating previous production) |

Defendants' Objections to Plaintiff's Deposition Designations

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| 149:1-2 | |
| 149:19-22 | |
| 150:1-3 | |

| Defendants' Additional Designations: |
|---|
| 19:11-15 |
| 21:9-21 |
| 30:1-4 |
| 30:15-20 |
| 36:20-37:20 |
| 38:11-19 |
| 39:12-18 |
| 53:18-54:4 |
| 84:15-18 |
| 89:13-18 (only if objection to 90:6-12 is overruled) |
| 113:17-20 |
| 122:8-12 |
| 128:8-20 |
| 135:12 (starting with "so my")-17 |
| 143:25-144:8 |
| 149:23-25 |

### Jesus Trujillo, November 17, 2022

| Page Designations: | Defendants' Objections: |
|---|---|
| 22:2-4 | |

Defendants' Objections to Plaintiff's Deposition
Designations

2190598.1

| Page Designations: | Defendants' Objections: |
|---|---|
| 22:15-21 | |
| 23:20-23 | |
| 24:15-17 | |
| 32:24-33:1 | |
| 33:9-19 | |
| 35:2-13 | |
| 35:21-36:7 | |
| 40:25-41:4 | Speculation, lack of foundation, lack of personal knowledge |
| 41:15-42:2 | |
| 43:20-23 | |
| 46:5-8 | |
| 46:14-16 | |
| 49:16-50:3 | |
| 52:13-18 | |
| 60:19-23 | |
| 61:3-8 | |

**Steve Arroyo, March 22, 2023**

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| 21:17-21 | |
| 22:5-9 | |
| 23:21-25 | |
| 24:11-12 | |
| 26:9-11 | |
| 26:22-27:2 | |

Defendants' Objections to Plaintiff's Deposition Designations

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| 29:12-14 | |
| 29:23-30:2 | |
| 30:14-18 | |
| 31:2-5 | |
| 31:18-25 | |
| 32:4-8 | |
| 32:20-24 | |
| 33:18 | Lack of relevance, undue prejudice, and likelihood of confusion of the issues (it is improper to attempt to admit testimony of the witness declining to answer questions; it will confuse the jury as to the significance of this; IFS did not file a motion to compel; also, the questions were unduly personal and irrelevant, anyway) |
| 33:25-34:1 | Lack of relevance, undue prejudice, and likelihood of confusion of the issues (it is improper to attempt to admit testimony of the witness declining to answer questions; it will confuse the jury as to the significance of this; IFS did not file a motion to compel; also, the questions were unduly personal and irrelevant, anyway) |
| 34:7 | Lack of relevance, undue prejudice, and likelihood of confusion of the issues (it is improper to attempt to admit testimony of the witness declining to answer questions; it will confuse the jury as to the significance of this; IFS did not file a motion to compel; also, |

10

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| | the questions were unduly personal and irrelevant, anyway) |
| 34:18-35:1 | Lack of relevance, undue prejudice, and likelihood of confusion of the issues (it is improper to attempt to admit testimony of the witness declining to answer questions; it will confuse the jury as to the significance of this; IFS did not file a motion to compel; also, the questions were unduly personal and irrelevant, anyway) |
| 37:4-9 | Lack of relevance, undue prejudice, and likelihood of confusion of the issues (it is improper to attempt to admit testimony of the witness declining to answer questions; it will confuse the jury as to the significance of this; IFS did not file a motion to compel; also, the questions were unduly personal and irrelevant, anyway) |
| 38:18-24 | |
| 40:1-8 | Lack of relevance, undue prejudice, and likelihood of confusion of the issues (it is improper to attempt to admit testimony of the witness declining to answer questions; it will confuse the jury as to the significance of this; IFS did not file a motion to compel; also, the questions were unduly personal and irrelevant, anyway) |
| 40:21-25 | |
| 43:5-8 | |
| 44:20-45:1 | |

Defendants' Objections to Plaintiff's Deposition Designations

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| 45:9-12 | |
| 46:4-8 | |
| 47:21-48:14 | |
| 51:15-18 | |
| 55:24-56:11 | |
| 57:9-58:15 | |
| 59:20-25 | |
| 60:5-13 | |
| 61:19-25 | |
| 62:4-6 | |
| 62:11-14 | |
| 65:6-11 | |
| 65:17-22 | |
| 65:25-66:1 | |
| 66:6-12 | |
| 69:16-70:20 | Speculation, lack of foundation, lack of personal knowledge (he testified that he was "just guessing" as to what their pay was) |
| 75:4-16 | |
| 76:18-77:5 | |
| 78:19-79:11 | |
| 80:17-23 | |
| 85:3-10 | |
| 85:17-20 | |
| 86:10-17 | |
| 86:22-25 | |

Defendants' Objections to Plaintiff's Deposition Designations

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| 87:1-6 | |
| 87:11-88:4 | |
| 88:12-16 | |
| 88:20-24 | |
| 89:12-90:7 | |
| 91:21-24 | |
| 93:11-16 | |
| 94:1-3 | |
| 95:15-18 | |
| 96:17-21 | |
| 96:24-97:8 | Relevance and undue risk of prejudice and improper character evidence (whether Steven Arroyo signed confidentiality agreements with IFS or not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |
| 97:15-18 | Relevance and undue risk of prejudice and improper character evidence (whether Steven Arroyo signed confidentiality agreements with IFS or not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |
| 100:24-101:4 | Relevance and undue risk of prejudice (whether salespeople other than Pablo or Savino had their accounts re- |

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| | assigned is wholly irrelevant and testimony regarding such would be unduly confusing; there is no admissible evidence of Savino or Pablo having accounts (re-)assigned |
| 101:9-16 | Relevance and undue risk of prejudice (whether salespeople other than Pablo or Savino had their accounts re-assigned is wholly irrelevant and testimony regarding such would be unduly confusing; there is no admissible evidence of Savino or Pablo having accounts (re-)assigned |
| 101:22-25 | Relevance and undue risk of prejudice (whether salespeople other than Pablo or Savino had their accounts re-assigned is wholly irrelevant and testimony regarding such would be unduly confusing; there is no admissible evidence of Savino or Pablo having accounts (re-)assigned |
| 102:10-15 | Relevance, undue risk of prejudice, improper character evidence (the testimony is asking whether Pablo made a derogatory slur that has nothing to do with the case and is simply meant to be embarrassing, improper character evidence) |
| 104:23-105:2 | Relevance and undue risk of prejudice and confusion of the issues and waste of time (the questioning is solely aimed at the dismissed conversion claim) and lack of foundation and best evidence rule |

Defendants' Objections to Plaintiff's Deposition Designations

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| 105:9-18 | Relevance and undue risk of prejudice and confusion of the issues and waste of time (the questioning is solely aimed at the dismissed conversion claim) and lack of foundation and best evidence rule |
| 109:19-24 | |
| 115:15-116:10 | Lack of relevance, undue prejudice, and likelihood of confusion of the issues and improper character evidence (it is improper to attempt to admit testimony of the witness declining to answer questions; it will confuse the jury as to the significance of this; IFS did not file a motion to compel; also, the questions were unduly personal and irrelevant, anyway) |
| 116:18-117:17 | Lack of relevance, undue prejudice, and likelihood of confusion of the issues and improper character evidence (it is improper to attempt to admit testimony of the witness declining to answer questions; it will confuse the jury as to the significance of this; IFS did not file a motion to compel; also, the questions were unduly personal and irrelevant, anyway) |
| 118:9-11 | |
| 118:25-119:3 | |
| 119:24-120:9 | |
| 120:20-22 | |
| 121:9-122:16 | |

Defendants' Objections to Plaintiff's Deposition Designations

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| 123:16-19 | Speculation and lack of personal knowledge ("I believe…" "probably…") and lack of relevance and undue risk of prejudice and confusion of the issues in dispute as this testimony relates to IFS margin information, which is no longer at issue post-MSJ. |
| 125:20-25 | |
| 126:14-25 | |
| 127:20-23 | |
| 130:22-23 | Relevance and undue risk of prejudice and improper character evidence (whether Steven Arroyo signed confidentiality agreements with IFS or not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |
| 130:25-131:3 | Relevance and undue risk of prejudice and improper character evidence (whether Steven Arroyo signed confidentiality agreements with IFS or not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |
| 132:15-17 | Relevance and undue risk of prejudice and improper character evidence (whether Steven Arroyo signed confidentiality agreements with IFS or |

16

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| | not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |
| 132:23-24 | Relevance and undue risk of prejudice and improper character evidence (whether Steven Arroyo signed confidentiality agreements with IFS or not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |
| 133:1-13 | Relevance and undue risk of prejudice and improper character evidence (whether Steven Arroyo signed confidentiality agreements with IFS or not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |
| 133:17-134:2 | Relevance and undue risk of prejudice and improper character evidence (whether Steven Arroyo signed confidentiality agreements with IFS or not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |
| 135:15-136:4 | Relevance and undue risk of prejudice and improper character evidence |

17

Defendants' Objections to Plaintiff's Deposition Designations

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| | (whether Steven Arroyo signed confidentiality agreements with IFS or not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |
| 136:8-13 | Relevance and undue risk of prejudice and improper character evidence (whether Steven Arroyo signed confidentiality agreements with IFS or not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |
| 136:19-25 | Relevance and undue risk of prejudice and improper character evidence (whether Steven Arroyo signed confidentiality agreements with IFS or not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |
| 137:1-5 | Relevance and undue risk of prejudice and improper character evidence (whether Steven Arroyo signed confidentiality agreements with IFS or not, related to himself, is irrelevant and he also denies editing the forms before signing them, so he denies any implications and he cannot be impeached with extrinsic evidence) |

2190598.1

| Plaintiff's Designations: | Defendants' Objections: |
|---|---|
| 138:9-17 | |
| 140:14-141:5 | |
| 141:22-142:2 | |
| 142:8-12 | |
| 143:4-144:6 | |
| 144:15-25 | |
| 145:5-7 | |
| 145:12-16 | |
| 148:1-11 | |
| 149:7-14 | |
| 150:9-151:1 | |
| 152:14-153:4 | |
| 153:10-14 | |
| 153:22-154:2 | |
| 155:13-15 | |
| 156:7-11 | |
| 156:23-25 | |
| 157:6-9 | |
| 157:21-158:6 | |

| Defendants' Additional Designations: |
|---|
| 18:16-23 |
| 25:7-26:8 |
| 27:3-25 |
| 30:18-31:1 |
| 31:6-10 |
| 32:1-3 |
| 38:25-39:7 |
| 48:15-21 |

19

| |
|---|
| 51:19-53:7 |
| 59:2-19 |
| 59:25-60:4 |
| 60:14-61:18 |
| 62:1-3 |
| 62:15-63:24 |
| 64:11-23 |
| 65:12-16 |
| 75:17-76:16 |
| 80:24-81:7 |
| 81:24-83:7 |
| 87:7-10 |
| 90:7 (completing the line) |
| 90:9-91:20 |
| 95:3-14 |
| 101:4-8 (only if objections to testimony on page 101 are overruled) |
| 101:17-25 (only if objections to testimony on page 101 are overruled) |
| 117:18-118:2 |
| 120:10-19 |
| 125:20-126:9 |
| 127:1-5 |
| 128:3-15 |
| 142:3-7 |
| 145:9-11 |
| 148:24-149:6 |
| 149:15-20 |
| 151:5-152:2 |
| 153:5-7 |
| 153:14-16 |
| 155:16-156:1 |
| 156:12-22 |
| 157:10-16 |

20

Defendants' Objections to Plaintiff's Deposition Designations

1  Dated:  May 31, 2023                    LESOWITZ GEBELIN LLP

2

3                                          By: ___*/s/ Scott Lesowitz*_____

4                                               Scott Lesowitz
                                            Attorneys for Defendants
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

Defendants' Objections to Plaintiff's Deposition
Designations

2190598.1

1

**PROOF OF SERVICE**

2

     I, Scott Lesowitz, swear under penalty of perjury of the Laws of the United

3

States that, to the best of my understanding, on May 31, 2023, I served on Plaintiff

4

via email to attorneys Dan Forman and Amy Williams the above DEFENDANTS'

5

OBJECTIONS AND COUNTER-DESIGNATIONS TO PLAINTIF'S

6

DESIGNATIONS OF DEPOSITION TRANSCRIPT TESTIMONY FOR TRIAL.

7

     Executed on May 31, 2023, at San Diego, California.

8

9

       Scott Lesowitz              */s/ Scott Lesowitz*

10

       (Type or print name)            (Signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Objections to Plaintiff's Deposition
Designations