**LESOWITZ GEBELIN LLP**
Scott M. Lesowitz (SBN 261759)
    scott@lawbylg.com
Steven T. Gebelin (SBN 261507)
    steven@lawbylg.com
8383 Wilshire Boulevard, Suite 800, Beverly Hills, CA 90211
Telephone: (310) 341-3072; Facsimile: (310) 341-3070
*Attorneys for Defendants* Pablo Morales, Savino Morales, Sergio Escamilla, and Legacy Wholesale Group, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, dba INDIVIDUAL FOODSERVICE,<br><br>Plaintiff,<br><br>V.<br><br>PABLO MORALES, LEGACY WHOLESALE GROUP, LLC, SAVINO MORALES, SERGIO ESCAMILLA, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 2:22-cv-02120 MEMF-SK<br><br>**DEFENDANTS' MEMORANDA AND CONTENTIONS OF FACT AND LAW FOR PRETRIAL CONFERENCE**<br><br>Final Pretrial Conf. Date: Jan. 31, 2024<br>Time: 9:00 a.m.<br>Courtroom: 8B |

## **Table of Contents**

I.    Introduction ....................................................................................................3

II.   Brief Description of Defendants' Key Evidence in Opposition to
      Plaintiff's Claims............................................................................................4

III.  Summary of Remaining Affirmative Defenses................................................7

IV.   Anticipated Evidentiary Issues.......................................................................8

V.    Anticipated Legal Issues ..............................................................................10

# Table of Authorities

**Cases**

*Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1473-1478 (2014) ................................................................................................ 12

*Citcon USA, LLC v. RiverPay, Inc.*, No. 18-CV-2585-NC, 2020 WL 5365980, at *4 (N.D. Cal. Sept. 8, 2020), aff'd, No. 20-16929, 2022 WL 287563 (9th Cir. Jan. 31, 2022) ....................................................... 11

*Cox Operating L.L.C. v. Wells Fargo Bank, N.A.*, 2020 WL 13228364, *6 (S.D. Tex. June 16, 2020) ................................................................................. 11

*Deerpoint Grp., Inc. v. Agrigenix*, LLC, 345 F. Supp. 3d 1207, 1228 (E.D. Cal. 2018) ............................................................................................... 11

*Masimo Corp. v. True Wearables, Inc.*, No. 818CV02001JVSJDE, 2022 WL 17083396, at *19 (C.D. Cal. Nov. 7, 2022) ................................. 11

*Mattel, Inc. v. MGA Ent., Inc.*, 801 F. Supp. 2d 950, 952 (C.D. Cal. 2011) ......................................................................................................... 11

*Neurovision Med. Prod., Inc. v. NuVasive, Inc.*, No. CV096988DSFJEMX, 2013 WL 12313400, at *1 (C.D. Cal. Apr. 9, 2013) ........................................................................................................ 9

*United States v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997) ............................... 9

*United States v. Tham*, 960 F.2d 1391, 1397 (9th Cir. 1991) ................................... 9

**Statutes**

18 U.S.C. § 1836(b)(3)(C) ........................................................................................ 11

Cal. Civ. Code § 3426.3 (c) ...................................................................................... 11

**Rules**

Federal Rule of Civil Procedure 26(a)(1)(A)(iii)…………………………………..8

*IFS v. Morales, et al.*
USDC, Case No. 2:22-cv-02120 MEMF-SK
2
**Defendants' Memo of Facts and Law**

## I. Introduction

Before the first trial in this case, the Court granted in part Defendants' motion for summary judgment. The Court also granted a motion in limine excluding the majority of IFS's damages calculations.

Following the Court's ruling on summary judgment, Plaintiff ("IFS"), has remaining causes of action for (1) violation of the state and federal trade secret acts related to customer order history, (2) breach of duty of loyalty, (3) breach of contract, (4) tortious inducement to breach contract, (5) tortious inducement to breach the duty of loyalty, and (6) tortious interference with business relations.

As a quick reminder to the Court, Defendants Savino Morales and Pablo Morales were salespeople for IFS, a re-seller of a variety of products used by food service businesses. (Savino Morales and Pablo Morales are at times referred to as simply "Savino" and "Pablo" to avoid confusion.) While working for IFS, they started Defendant Legacy Wholesale Group, LLC ("Legacy") along with their attorney-friend Sergio Escamilla. Legacy performed similar services as IFS.

Legacy served two primary groups of customers prior to IFS terminating Savino and Pablo's employment on March 31, 2022. One was customers in Arizona that IFS had never done business with. Another group was customers that Savino and Pablo had serviced for IFS. Defendants contend that they never intended to take business from IFS and that the vast majority of Legacy sales to IFS customers pre-termination were of items that IFS could not supply. It is undisputed that IFS had significant supply issues through March 2022 largely due to continuing shortages owing to COVID-19 and the global supply chain problems. Additionally, Savino and Pablo's sales numbers for IFS after forming Legacy were stellar.

IFS only paid Savino and Pablo commissions on completed sales for IFS, not for their time and efforts.

Legacy only earned a total gross profit (excluding overhead costs) from all sales prior to March 31, 2022, of around $250,000 to all customers.

## II. Brief Description of Defendants' Key Evidence in Opposition to Plaintiff's Claims

Defendants provide this brief description of the key evidence that will be introduced in opposition to Plaintiff's claims. This does not attempt to be, or purport to be, a description of all evidence Defendants will rely upon. Defendants do not waive any rights to introduce evidence. Defendants deny that they are liable.

Alleged Violations of the Defend Trade Secrets Act and Uniform Trade Secrets Act

(Counts 1 and 2)

Defendants will introduce evidence that the alleged trade secrets remaining in the case, namely customer pricing information and credit information, are not confidential, and are easily and properly ascertainable, such as evidence that IFS did not require its customers to enter into confidentiality agreements, did not mark documents such as customer invoices as confidential, and it is common for customers to share invoices (including invoices from competitors) with salespeople to see if they can beat prices offered by others, and that the credit terms that Savino Morales and Pablo Morales knew of were listed on customer invoices. Additionally, Defendants will deny using the alleged information in any manner to harm IFS.

Breach of Contract

(Count 3)

It appears that Plaintiff is alleging that Savino Morales and Pablo Morales breached their signed 2019 employment agreements. Even if they were signed, the employment agreements on their face do not create a legally enforceable contract.

Additionally, Defendants would introduce evidence that they did not violate any employment agreement terms that may have been binding on them. It appears that Plaintiff is alleging that Savino and Pablo violated the employment agreements by misappropriating trade secrets and violating their duties of loyalty. Therefore, the same evidence applicable to those claims would also be applicable to the breach of contract claim.

## Tortious Inducement to Breach of Contract

(Count 4)

In this cause of action, IFS alleges that Defendants induced two other IFS employees, namely Jesus Trujillo and Hugo Mesa, to breach their employment agreements with IFS, presumably by violating purported terms relating to trade secrets and duty of loyalty.

Defendants will present evidence that neither Jesus Trujillo nor Hugo Mesa took business away from IFS for Legacy. Jesus Trujillo testified to this at his deposition. Additionally, it is undisputed that IFS only paid Mr. Trujillo and Mr. Mesa for completed sales for IFS. Defendants will also present evidence that neither Jesus Trujillo nor Hugo Mesa used trade secrets. Therefore, the evidence will be similar to the evidence for the trade secret and duty of loyalty claims.

That said, the Court has excluded any conceivable damages related to this cause of action.

## Breach of the Duty of Loyalty

(Count 5)

Defendants will present evidence that Savino and Pablo Morales did not violate their duties of loyalty to IFS. It appears that the alleged duty of loyalty is having Legacy take business opportunities from IFS while Savino and Pablo were still employed by IFS.

Evidence that Defendants will present will be documentary evidence as well as testimony from a variety of witnesses (Savino, Pablo, Jeremy Shapiro, Jesus Trujillo, Steven Arroyo, etc.) that IFS was facing significant shortages in supply in 2021 and 2022, especially for foam and plastic items, to support Defendants' defense that Savino and Pablo sold items to IFS customers not in order to take business from IFS. Indeed, for the vast majority of sales, IFS could not complete the sales. (A significant portion of Legacy's sales to IFS customers were of foam and

plastic products.) Also supporting this evidence will be testimony and documents regarding particular items and sales.

Regarding sales to customers in Arizona that IFS did not do business with, Defendants will present evidence that they first approached IFS about expanding their IFS business in Arizona and were told to focus on California. This will be supported by the testimony of Savino and Pablo, as well as Steven Arroyo, their former supervisor at IFS. Additionally, Defendants will present evidence that IFS would not have wanted to do business with the Arizona customers, evidenced in part by IFS not even attempting to do business with the Legacy customers Jesus Trujillo had developed and serviced for Legacy after Mr. Trujillo's employment ended with Legacy. Furthermore, IFS did not pay Savino and Pablo for their time, only for completed sales. Therefore, Savino and Pablo developed and serviced Legacy's customers on their own time and were not compensated by IFS for those efforts.

<u>Tortious Inducement to Breach Duty of Loyalty</u>

(Count 7)

In this cause of action, IFS alleges that Defendants induced Jesus Trujillo and Hugo Mesa to breach their duties of loyalty to IFS. The evidence disputing this will be more or less the same as those for above claims to the extent they relate to Jesus Trujillo and Hugo Mesa. Similarly, the Court has excluded any conceivable damages relating to this cause of action.

Additionally, one cannot be held liable for inducing another to breach a duty of loyalty. See legal contentions below.

<u>Tortious Interference with Business Relations/Contract</u>

(Count 8)

IFS alleges that Defendants tortiously interfered with IFS' relations with its customers. Presumably the alleged wrongful conduct consists of violation of duties of loyalty and/or trade secret misappropriation. Therefore, Defendants' evidence for

this cause of action will be more or less the same as the evidence for the duty of loyalty and trade secret misappropriation claims.

### Fraud

### (Count 9)

IFS alleges that Pablo Morales made material misrepresentations and/or omissions of facts to IFS in connection with the establishment of a customer account for Legacy, and that such statement or omissions were within the scope of his agency for Legacy. Defendants' evidence in opposition to these claims will mirror those for the other claims, and also evidence showing that IFS was not harmed by such misrepresentations because Legacy did not receive preferential pricing and IFS was paid in full for all goods it sold to Legacy.

## III.  Summary of Remaining Affirmative Defenses

Defendants plan to pursue the following affirmative defenses at trial.

### Information is Readily Ascertainable

Elements: That the trade secret information was readily ascertainable by proper means at the time of the alleged use and/or disclosure. Source: CACI 4420.

Key Evidence: Defendants will introduce evidence testimony and documents demonstrating that the pricing and credit information at issue could be learned by proper means, including simply asking IFS' customers or looking at IFS' invoices, none of which was required to be kept confidential, and industry custom that this information is regularly shared.

### Failure to Mitigate Damages

Elements: (1) that the plaintiff failed to use reasonable efforts to mitigate damages, and (2) the amount by which damages would have been mitigated. Source: 9th Cir. Model Instruction 5.3.

Key Evidence: Defendants will introduce evidence that IFS did not adequately service or supply customers and that IFS did not attempt to do business

with customers Legacy did business with pre-March 31, 2022, and that IFS delayed in confronting anyone about Legacy after learning of Legacy.

### Unjust Enrichment

Elements: The defense is applicable to the extent that an award to IFS would cause it to be enriched inequitably. Source: CACI 4410.

Key Evidence: Relevant evidence that Defendants will introduce evidence will be that IFS only paid Savino Morales and Pablo Morales commissions for completed sales and did not pay them for their time.

## IV. Anticipated Evidentiary Issues

Defendants anticipate that any evidentiary issues were resolved either by the Court's prior motions in limine rulings or additional stipulations that the parties have agreed to for the retrial.

The Court granted a significant portion of Defendants' motions in limine. The Court excluded IFS's sole expert, Nigel Kershaw, from testifying as to his damage categories c, f, g, and h, from his expert report (namely, IFS's lost profits from Legacy's sales to IFS's customers, IFS's damages – lost market share profits, IFS's lost profits using confidential information for Legacy's benefit, and incremental freight costs), due to IFS violating Federal Rule of Civil Procedure 26(a)(1)(A)(iii) by failing to produce the documents upon which IFS's damages computations were based. ECF nos. 334 (MIL ruling) & 337 at pp. 3:19-10:21 (transcript from July 5, 2023, MIL hearing). The Court also excluded on the merits a March 29, 2022, agreement signed by Savino Morales as well as Nigel Kershaw from testifying as to the commissions IFS paid to Hugo Mesa and Jesus Trujillo. Id. The Court denied all of IFS's motions in limine. Id.

IFS could move the Court to reconsider the Court's prior motions in limine rulings if it were able to meet the applicable standard for reconsideration. However, barring such reconsideration, the Court's prior motions in limine rulings remain in effect. Neither the change in the assigned judge nor the mistrial impact the

continuing effect of the prior in limine rulings. *United States v. Tham*, 960 F.2d 1391, 1397 (9th Cir. 1991) ("We agree that under the law of the case doctrine as applied by this circuit it is error for a court upon retrial to reverse an identical evidentiary ruling made during the first trial, barring clear error or a change in circumstances."); *United States v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997) ("The law of the case doctrine ordinarily precludes reconsideration of a previously decided issue. In this circuit, a mistrial is not cause for an exception."); *Neurovision Med. Prod., Inc. v. NuVasive, Inc.*, No. CV096988DSFJEMX, 2013 WL 12313400, at *1 (C.D. Cal. Apr. 9, 2013) ("[The previously assigned judge's] prior decision on exactly the same issue—denying NuVasive's motion in limine to exclude the statements and purchase orders (Docket Nos. 95, 141)—is law of the case.")

The Court left open the ability to change its in limine rulings, as issues of relevance could become clearer with the benefit of the trial (see ECF no. 337 pp. 3:22-4:11). However, that would still require reconsidering the prior rulings due to events at trial. In other words, the Court leaving the door open to revisiting certain rulings, at most, would impact the standard required to overturn the prior rulings, but it would not impact the need for there first to be reconsideration. And since any reconsideration should be based on the totality of trial testimony, any reconsideration before the conclusion of the retrial (or at least a significant portion of it) would be inappropriate. Additionally, the Court excluded most of IFS's damages calculations due to violations of the discovery rules, not due to relevance.

If the Court were to reconsider the ruling excluding most of IFS's damages calculations due to discovery violations, then the Court would have to address and rule on Defendants' substantive motions in limine to exclude Nigel Kershaw's proposed expert testimony that were denied as moot.

## V. Anticipated Legal Issues

IFS has at times oddly asserted that the Court in its ruling on Defendants' Motion for Summary Judgment ruled conclusively that the customer information and credit information still at issue constitute trade secrets. That does not make sense as IFS did not make a cross-motion for summary judgment. It would be a due process violation for the Court to conclusively establish any facts against Defendants. The Court did not indicate any intention to sua sponte grant partial summary judgment in favor of Plaintiff on any issue nor provide Defendants an opportunity to respond.

Furthermore, the language of the order on the Motion for Summary Judgment does not support Plaintiff's reading. For example, on page 17, lines 6 to 7 and 11-12, of the order (ECF No. 247), the Court wrote, "The Court next considers whether there are triable trade secret claims based on the pricing and order information for Pablo's and Savino's customers…. At the very least, whether this information constitutes a trade secret in this case is in genuine dispute." Additionally, on page 22, lines 15 to 17, the Court wrote, "Thus far, the Court has distinguished two categories of information that qualify as a trade secret for purposes of summary judgment: (1) pricing and order information for IFS's customers, and (2) the credit terms IFS offered its customers."

Another legal issue is that IFS is seeking to present claims it did not plead to the jury. Namely, IFS is attempting to seek damages for Defendants allegedly interfering with the employment contracts and duties of loyalty of Savino Morales and Pablo Morales, and the economic opportunities of the full benefit of employment of Savino Morales, Pablo Morales, Jesus Trujillo, and Hugo Mesa, but Plaintiff did not plead these things. See Defendants' Objections to Plaintiff's Proposed Jury Instructions Special No. 6, and 2202.

Another issue is that IFS claims that it need only meet a preponderance of the evidence standard to obtain exemplary damages under its trade secret claim. See Defendants' objection to Plaintiff's Instruction 4411.

The appropriate evidentiary standard for exemplary damages on a trade secret claim is clear and convincing evidence. "[T]he existence of willful and malicious misappropriation is ordinarily considered a fact that a jury must find by clear and convincing evidence." *Mattel, Inc. v. MGA Ent., Inc.*, 801 F. Supp. 2d 950, 952 (C.D. Cal. 2011); *see also Masimo Corp. v. True Wearables, Inc.*, No. 818CV02001JVSJDE, 2022 WL 17083396, at *19 (C.D. Cal. Nov. 7, 2022) (citing Mattel, Inc.); *Citcon USA, LLC v. RiverPay, Inc*., No. 18-CV-2585-NC, 2020 WL 5365980, at *4 (N.D. Cal. Sept. 8, 2020), aff'd, No. 20-16929, 2022 WL 287563 (9th Cir. Jan. 31, 2022) (affirming that " 'clear and convincing' evidence standard was appropriately included in the verdict form" for punitive damages on trade secret claim); *Cox Operating L.L.C. v. Wells Fargo Bank, N.A*., 2020 WL 13228364, *6 (S.D. Tex. June 16, 2020) ("The Texas Uniform Trade Secrets Act and its federal counterpart allow an award of punitive damages upon proof by clear and convincing evidence that a trade secret was misappropriated willfully and maliciously.").

Regardless of whether Plaintiff's claim is under the DTSA or the CUTSA, the same standard applies. "In the absence of contrary authority, and given the similarity between the DTSA and CUTSA, the Court will interpret [] DTSA claims consistently with its CUTSA claims." *Deerpoint Grp., Inc. v. Agrigenix*, LLC, 345 F. Supp. 3d 1207, 1228 (E.D. Cal. 2018). The statutory language under for exemplary damages under the DTSA and CUTSA are not different in any significant way, such that the two claims should be resolved under the same legal standard. Compare 18 U.S.C. § 1836(b)(3)(C) ("if the trade secret is willfully and maliciously misappropriated, award exemplary damages in an amount not more than 2 times the amount of the damages…") and Cal. Civ. Code § 3426.3 (c) ("If willful and

*IFS v. Morales, et al.*  
USDC, Case No. 2:22-cv-02120 MEMF-SK  
11  
**Defendants' Memo of Facts and Law**

malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any [damages] award made…").

Another legal issue is that there is no tort of inducing breach of duty of undivided loyalty. See Defendants' objection to Plaintiff's Special Jury Instruction No. 6. Rather California law allows for aiding and abetting a breach of fiduciary duty, the requisite facts for which Plaintiff did not plead. See *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1473-1478 (2014); FAC, ECF No. 99 at ¶¶ 104-111.

Dated: January 3, 2024      /s/ *Scott Lesowitz*
                            For Lesowitz Gebelin LLP, Counsel for Defendants

Certificate of Compliance

The undersigned, counsel of record for Defendants certifies that this brief contains approximately 2,836 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 3, 2024  /s/ *Scott Lesowitz*

For Lesowitz Gebelin LLP, Counsel for Defendants

*IFS v. Morales, et al.*  
USDC, Case No. 2:22-cv-02120 MEMF-SK  
13  **Defendants' Memo of Facts and Law**