UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:22-cv-02120-MEMF-SK                                              Date: February 12, 2024

Title   *Perrin Bernard Supowitz, LLC v. Pablo Morales et al.*

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

|  Damon Berry  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

|  Attorneys Present for Plaintiffs:  |  Attorneys Present for Defendants:  |
|---|---|
|  N/A  |  N/A  |

**Proceedings:  Order Following Pretrial Conference of February 7, 2024**

**Trial Filings**

In light of the Court's order on summary judgment, ECF No. 247 and the Court's order on the parties' motions *in limine*, ECF Nos. 334, 394, the parties are ordered to meet and confer regarding the Proposed Final Pretrial Conference Order, Joint Witness List, Joint Exhibit List, and Joint Statement of the Case.  The parties are ORDERED to file and email to chambers an Amended Proposed Final Pretrial Conference Order, Amended Joint Witness List, Amended Joint Exhibit List, and Amended Joint Statement of the Case that reflect the Court's recent orders by **Monday, February 19, 2024**.

**Trial Schedule**

The parties are ORDERED to appear **Wednesday, February 21, 2024, at 11:00 a.m.** for an additional Final Pretrial Conference. Should the parties anticipate the need for extensive argument on any pretrial matters, they should meet and confer and file a Joint Status Report enumerating those matters by **Monday, February 19, 2024.**

The Court provides the parties with two options for the trial schedule. The first option is an 8am to 2pm trial day (with two 15-20 minute recesses per day), with the exception of the first day, which will follow the 9am to 5pm schedule (with two 15 minute recesses and one hour-long lunch break). The second option is a 9am to 5pm schedule (with two 15-minute recesses and one hour-long lunch break). The Court ORDERS the parties to meet and confer and file a stipulation as to their preferred trial schedule by **Monday, February 19, 2024.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-02120-MEMF-SK                                      Date: February 12, 2024

Title      *Perrin Bernard Supowitz, LLC v. Pablo Morales et al.*

The parties are ordered to appear on **Monday, February 26, at 8:00 a.m.** for the beginning of the trial to discuss any final pretrial matters as needed.

Having considered the views of the parties as expressed at the initial Final Pretrial Conference, the Court will permit the parties 10 hours each to present their respective claims and defenses. This includes opening statements, all witness examinations, and closing arguments. Upon a showing of good cause, the Court may permit additional time.

**Jury Instructions**

At the Final Pretrial Conference, the parties agreed to the vast majority of the Jury Instructions that the Court should give in advance of trial. But in light of the Court's orders referenced above which have further defined the scope of the case, and the discussion at the final pretrial conference, the parties are ORDERED to meet and confer regarding which Jury Instructions shall be read to the jurors prior to Opening Statements. The parties are ORDERED to file and email to Chambers a complete set of these Pretrial Jury Instructions by **Thursday, February 15, 2024**.

**Conduct of Voir Dire**

The Court described for the parties the Court's typical voir dire process. The Court intends to follow this process, and as discussed, the Court will use the "Arizona Blind Strike" method for peremptory challenges.[1]

As discussed, the Court approves of the parties' Joint Proposed Statement of the Case, ECF No. 383, and will read that to the jury.

IFS indicated that it leaves to the Court's discretion which of its proposed voir dire questions should be posed to the prospective jurors.

**Exhibits**

Plaintiff indicated that it would withdraw Exhibit 1216.

The parties are ORDERED to meet and confer to stipulate as much as possible to foundation, waiver of the best evidence rule, and exhibits that may be received into evidence at the start of the trial. All such exhibits should be noted as admitted on the list provided to the Court as set

---

[1] *See United States v. Harper*, 33 F.3d 1143, 1146 (9th Cir. 1994). The Court can answer any questions about the logistics of this method at the Pretrial Conference on August 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-02120-MEMF-SK                                       Date: February 12, 2024

Title        <u>Perrin Bernard Supowitz, LLC v. Pablo Morales et al.</u>

forth in the operative Civil Trial Order. The Court's operative Civil Trial Order can be found on the Court's website: https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong.

The parties are reminded to comply with the Trial Exhibits requirements set forth in the operative Civil Trial Order.

The parties are to show all demonstratives to opposing counsel in advance of using them as required so that any objections can be addressed outside the presence of the jury.

Depositions and interrogatories must be lodged with the Court as required by the Civil Trial Order. The Court understands that the parties waive reporting of any video deposition excerpts that are played but do not waive reporting of any deposition excerpts that are read. The parties must ensure that all objections are excised from any video deposition excerpts that are played and any deposition objections that have not been ruled upon or withdrawn are brought to the attention of the Court by the Wednesday before the trial in order that the Court may rule on them by the Friday before the trial.

**Witnesses**

All witnesses, with the exception of the the individual defendants, the designated corporate party representatives, and expert witnesses, are ORDERED outside of the courtroom prior to their testimony, and the parties must advise their respective witnesses accordingly. IFS identified Zoila Rice as the corporate party representative who will be present throughout the trial The parties must also instruct their respective witnesses that they are ORDERED not to have any contact with the jurors at any time.  The parties must instruct their respective witnesses that they are ORDERED not to have any contact with the Court outside of when court is in session.

The parties are ordered to advise their witnesses of the Court's rulings on the Motions in limine and ensure that they do not make reference to any arguments or evidence that the Court has ordered excluded.

In light of the ongoing COVID-19 pandemic, all parties must wear masks whenever they are in the courtroom. When witnesses are testifying, they shall wear a clear face shield or a clear mask.  The parties are responsible for providing face shields or masks for their respective witnesses.

The parties are reminded that speaking objections are not permitted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-02120-MEMF-SK                              Date: February 12, 2024

Title      *Perrin Bernard Supowitz, LLC v. Pablo Morales et al.*

**Case-Specific Glossary**

    The parties must provide a case-specific glossary for the Court Reporter that includes applicable medical, scientific, or technical terms, jargon, the names and spellings of case names likely to be cited, street/city/country names, all parties/agents/departments/entities involved in the case, names of people interviewed/deposed, names of other individuals who might be mentioned, and other case-specific terminology. The case-specific glossary shall be filed and emailed to Chambers by **Monday, February 19, 2024**.

**Audio/Visual Equipment**

    The Court provides audio/visual equipment for use during trial. The parties are encouraged to use it. More information is available at: http://www.cacd.uscourts.gov/clerk-services/courtroom-technology. The parties must contact the Courtroom Deputy Clerk via email as soon as possible and certainly by **Friday, February 16, 2024**, to make arrangements for testing the equipment. The Court will endeavor to have IT staff available for this purpose.

|  | : |
|---|---|
| **Initials of Preparer** | DBE |