CDF LABOR LAW LLP
   Amy S. Williams, State Bar No. 228853
   awilliams@cdflaborlaw.com
   Erin A. Owen, State Bar No. 185371
   eowen@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone:  (213) 612-6300

Attorneys for Plaintiff/Counter-Defendant
PERRIN BERNARD SUPOWITZ, LLC, a
California LLC dba INDIVIDUAL
FOODSERVICE

LESOWITZ GEBELIN LLP
   Scott M. Lesowitz, State Bar No. 261759
   scott@lawbylg.com
   Steven T. Gebelin, State Bar No. 261507
   steven@lawbylg.com
8383 Wilshire Boulevard, Suite 800
Beverly Hills, CA 90211
Telephone (310) 341-3072

Attorneys for Defendants/Counter-Complainant
PABLO MORALES; LEGACY WHOLESALE
GROUP, LLC; SAVINO MORALES; and SERGIO
ESCAMILLA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE, <br><br> Plaintiff, <br><br> v. <br><br> PABLO MORALES, an individual; LEGACY WHOLESALE GROUP, LLC, an Arizona Limited Liability Corporation; SAVINO MORALES, an individual; and SERGIO ESCAMILLA, an individual; and DOES 1 through 20, inclusive, <br><br> Defendants. <br><br>———————————— <br><br> AND RELATED COUNTERCLAIMS. | Case No. 2:22-cv-02120-MEMF-SK <br><br> Judge: Maame Ewusi-Mensah Frimpong <br> Ctrm:  8B <br><br> **JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS** <br><br> Complaint Filed:   March 21, 2022 <br> FAC Filed:          August 29, 2022 <br> Trial Date:          February 26, 2024 |

CDF Labor Law LLP

Pursuant to Federal Rules of Civil Procedure Rule 51, Local Rule 51-1 *et seq.*, this Court's Civil Trial Order dated September 28, 2023 (ECF 348), and subsequent Court's Order Re Pretrial Proceedings dated January 8, 2024 (ECF 371) and dated February 12, 2024 (ECF 399), Plaintiff/Counter-Defendant PERRIN BERNARD SUPOWITZ, LLC, a California LLC dba INDIVIDUAL FOODSERVICE ("Plaintiff" or "IFS") and Defendants/Counter-Complainant PABLO MORALES, LEGACY WHOLESALE GROUP, LLC, SAVINO MORALES, and SERGIO ESCAMILLA ("Defendants") hereby submit the following proposed set of Joint Jury Instructions to be read to the jury before opening statements as "pre-instructions".

The parties reserve the right to seek changes, additions, and/or deletions to these "pre-instructions" for the final and complete jury instructions to be presented after the conclusion of evidence. The parties anticipate the final and complete set of jury instructions to be provided to the jury in writing.

| NO. | TITLE | SOURCE | PAGE |
|-----|-------|--------|------|
| 1. | **Duty of Jury (Court Reads Instructions At The Beginning Of Trial But Does Not Provide Written Copies)** | 9th Cir. 1.3 | 4 |
| 2. | **Claims and Defenses** | 9th Cir. 1.5 | 5 |
| 3. | **Burden of Proof— Preponderance of the Evidence** | 9th Cir. 1.6 | 6 |
| 4. | **Burden of Proof— Clear and Convincing Evidence** | 9th Cir. 1.7 | 7 |
| 5. | **Two or More Parties—Different Legal Rights** | 9th Cir. 1.8 | 8 |
| 6. | **Liability of Corporations—Scope of Authority Not in Issue** | 9th Cir. 4.2 | 9 |

JOINT PROPOSED PRE-OPENING JURY
INSTRUCTIONS

CDF Labor Law LLP

2357516.1

| 7. | **Nonperson Party** | CACI 104 | 10 |
|---|---|---|---|
| 8. | **What is Evidence** | 9th Cir. 1.9 | 11 |
| 9. | **What is Not Evidence** | 9th Cir. 1.10 | 12 |
| 10. | **Direct and Circumstantial Evidence** | 9th Cir. 1.12 | 13 |
| 11. | **Ruling on Objections** | 9th Cir. 1.13 | 14 |
| 12. | **Credibility of Witnesses** | 9th Cir. 1.14 | 15 |
| 13. | **Exercise of a Communication Privilege** | CACI 215 | 17 |
| 14. | **Conduct of the Jury** | 9th Cir. 1.15 | 18 |
| 15. | **Publicity During Trial** | 9th Cir. 1.16 | 20 |
| 16. | **Taking Notes** | 9th Cir. 1.18 | 21 |
| 17. | **Questions to Witnesses by Jurors During Trial** | 9th Cir. 1.19 | 22 |
| 18. | **Bench Conferences and Recesses** | 9th Cir. 1.20 | 23 |
| 19. | **Outline of Trial** | 9th Cir. 1.21 | 24 |
| 20. | **Stipulations of Fact** | 9th Cir. 2.2 | 25 |

CDF Labor Law LLP

2357516.1

# COURT'S INSTRUCTION NO. 1

## Duty of Jury (Court Reads Instructions At The Beginning Of Trial But Does Not Provide Written Copies)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions – **1.3 Duty of Jury (Court Reads Instructions At The Beginning Of Trial But Does Not Provide Written Copies)**

JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS

CDF Labor Law LLP

2357516.1

**COURT'S INSTRUCTION NO. 2**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that any or all of the defendants violated their duties of undivided loyalty to the plaintiff and assisted others in doing so, breached their contracts with the plaintiff and induced others to do so, interfered with plaintiff's business relationships, committed fraud and misappropriated plaintiff's trade secrets. The plaintiff has the burden of proving these claims.

The defendants deny those claims.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions **– 1.5 Claims and Defenses**

CDF Labor Law LLP

2357516.1

## COURT'S INSTRUCTION NO. 3

### Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions **– 1.6 Burden of Proof—Preponderance of the Evidence**

CDF Labor Law LLP

2357516.1

1

**COURT'S INSTRUCTION NO. 4**

2

**Burden of Proof— Clear and Convincing Evidence**

3

4

5

6

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

7

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions **– 1.7 Burden of Proof—Clear and Convincing Evidence**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS

CDF Labor Law LLP

2357516.1

## COURT'S INSTRUCTION NO. 5

### Two or More Parties—Different Legal Rights

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions **– 1.8 Two or More Parties—Different Legal Rights**

JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS

CDF Labor Law LLP

2357516.1

1

**COURT'S INSTRUCTION NO. 6**

2

**Liability of Corporations—Scope of Authority Not in Issue**

3

4

5

    Under the law, a corporation, including a Limited Liability Corporation, is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

6

7

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions – **4.2 Liability of Corporations—Scope of Authority Not in Issue**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CDF Labor Law LLP

JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS

2357516.1

**COURT'S INSTRUCTION NO. 7**

**Nonperson Party**

Two business entities, plaintiff IFS and defendant Legacy Wholesale Group, LLC, are parties in this lawsuit. IFS and Legacy Wholesale Group, LLC are entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

When I use words like "person" or "he" or "she" in these instructions to refer to a party, those instructions also apply to IFS, and Legacy Wholesale Group, LLC.

Authority:  CACI – **104. Nonperson Party**

JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS

CDF Labor Law LLP

2357516.1

# COURT'S INSTRUCTION NO. 8

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I [may instruct] [have instructed] you to accept as proved.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions **– 1.9 What Is Evidence**

JOINT PROPOSED PRE-OPENING JURY
INSTRUCTIONS

CDF Labor Law LLP

2357516.1

**COURT'S INSTRUCTION NO. 9**

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions – **1.10 What Is Not Evidence**

CDF Labor Law LLP

2357516.1

## COURT'S INSTRUCTION NO. 10

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions – **1.12 Direct and Circumstantial Evidence**

JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS

CDF Labor Law LLP

2357516.1

# COURT'S INSTRUCTION NO. 11

## Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions **– 1.13 Ruling on Objections**

CDF Labor Law LLP

2357516.1

# COURT'S INSTRUCTION NO. 12

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses

CDF Labor Law LLP

2357516.1

were, and how much weight you think their testimony deserves.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions **– 1.14 Credibility of Witnesses**

JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS

CDF Labor Law LLP

2357516.1

# COURT'S INSTRUCTION NO. 13

## Exercise of a Communication Privilege

Every witness has an absolute right not to disclose what the witness told his/its attorney in confidence because the law considers this information privileged. Do not consider, for any reason at all, the fact that the witness did not disclose what the witness told his/its attorney. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Authority:  CACI – **215. Exercise of a Communication Privilege**

17

CDF Labor Law LLP

2357516.1

### COURT'S INSTRUCTION NO. 14

#### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, X, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed

18

during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions – **1.15 Conduct of the Jury**

CDF Labor Law LLP

2357516.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 15**

**Publicity During Trial**

      If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions – **1.16 Publicity During Trial**

JOINT PROPOSED PRE-OPENING JURY
INSTRUCTIONS

CDF LABOR LAW LLP

2357516.1

1

2

## COURT'S INSTRUCTION NO. 16

### Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions – **1.18 Taking Notes**

JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS

CDF Labor Law LLP

2357516.1

1

**COURT'S INSTRUCTION NO. 17**

2

**Questions to Witnesses by Jurors During Trial**

3

4

5

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. *[Specific reasons for not allowing jurors to ask questions may be explained.]* If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

6

7

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions **– 1.19 Questions to Witnesses by Jurors**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CDF Labor Law LLP

JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS

2357516.1

**COURT'S INSTRUCTION NO. 18**

**Bench Conferences and Recesses**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions – **1.20 Bench Conferences and Recesses**

CDF Labor Law LLP

2357516.1

**COURT'S INSTRUCTION NO. 19**

**Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions – **1.21 Outline of Trial**

JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS

CDF Labor Law LLP

2357516.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 20**

**Stipulations of Fact**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You must therefore treat these facts as having been proved.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions **– 2.2 Stipulations of Fact**

JOINT PROPOSED PRE-OPENING JURY INSTRUCTIONS

CDF Labor Law LLP

2357516.1

1  Dated: February 15, 2024

    CDF LABOR LAW LLP
      Erin Owen

2

3

4      By: _____*/s/ Amy S. Williams*_____

      Amy S. Williams
5      Attorneys for Plaintiff/Counter-Defendant
    PERRIN BERNARD SUPOWITZ, LLC, a
6      California LLC dba INDIVIDUAL FOODSERVICE

7

8  Dated: February 15, 2024

    LESOWITZ GEBELIN LLP
      Steven T. Gebelin

9

10

11      By: _____*/s/ Scott M. Lesowitz*_____

      Scott M. Lesowitz
12      Attorneys for Defendants/Counter-Complainant
    PABLO MORALES; LEGACY WHOLESALE
13      GROUP, LLC; SAVINO MORALES; and SERGIO
    ESCAMILLA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED PRE-OPENING JURY
INSTRUCTIONS

CDF LABOR LAW LLP

2357516.1